**FENNEMORE CRAIG, P.C.**
Richard I. Dreitzer, Esq., NV Bar No. 6626
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone:  (702) 692-8000
Facsimile:  (702) 692-8099
Email: rdreitzer@fclaw.com
*Attorney for Plaintiffs*
*Tomahawk Manufacturing, Inc. and Formtec, LLC*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SPHERICAL INDUSTRIES, INC., a Nevada Corporation, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY, <br><br> Defendants. | CASE NO.: <br><br><br> **VERIFIED COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

Plaintiffs Tomahawk Manufacturing, Inc. ("Tomahawk") and Formtec, LLC ("Formtec") (collectively, "Plaintiffs"), by and through their undersigned counsel, as and for their Verified Complaint against Defendants Spherical Industries, Inc. ("Spherical Industries"), Spherical Industries Holdings, LLC ("Spherical Holdings"), Christopher Michael Duggan ("Duggan") and Will Steven Hardy ("Hardy") (collectively "Defendants"), respectfully allege as follows:

## INTRODUCTION

1.      This is an action for, among other things, to prevent Defendants from further disclosing and using Plaintiffs' trade secrets, which Defendants have stolen, in violation of federal and state law.  Defendants wrongfully acquired Plaintiffs' trade secrets from two former

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

Tomahawk employees, James Wolff ("Wolff") and Samuel Gannon ("Gannon"), knowing that such trade secrets were disclosed to Defendants in violation of confidentiality agreements with Plaintiffs to keep Plaintiffs' trade secrets and confidential information confidential. Defendants conspired with Plaintiffs' former employees to steal Plaintiffs' trade secrets and confidential information for their own benefit, and to compete against Plaintiffs.

2.     After misappropriating Plaintiffs' trade secrets, Defendants have used those trade secrets to file provisional patent applications in the United States Patent and Trademark Office ("PTO") disclosing Plaintiffs' misappropriated trade secrets and to develop products to compete against Plaintiffs.    Plaintiffs bring this action to prevent Defendants from further misappropriating, disclosing, and using Plaintiffs' trade secrets, and to prevent further irreparable harm and damage to Plaintiffs.

## PARTIES

3.     Plaintiff Tomahawk is a Wisconsin corporation authorized to do business in Nevada, with its principal place of business at 1204 Pilgrim Road, Plymouth, Wisconsin 53073.

4.     Plaintiff Formtec is a Wisconsin limited liability company authorized to do business in Nevada, with its principal place of business at 1204 Pilgrim Road, Plymouth, Wisconsin 53073.

5.     Upon information and belief, Defendant Spherical Industries Inc. is a Nevada corporation with a place of business at 1930 Village Center Cir., #3-18662, Las Vegas, Nevada, 89134.

6.     Upon information and belief, Defendant Spherical Holdings is a Nevada limited liability company with a place of business at 1930 Village Center Cir., #3-18662, Las Vegas, Nevada, 89134.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

2

7. Upon information and belief, Spherical Holdings was formed on or about September 2022.

8. Upon information and belief, Spherical Holdings is solely managed by Defendant Spherical Industries.

9. Upon information and belief, Defendant Duggan is an individual with a place of business at 1930 Village Center Cir., #3-18662, Las Vegas, Nevada, 89134.

10. Upon information and belief, Defendant Duggan is the President of Defendant Spherical Industries.

11. Upon information and belief, Defendant Hardy is a Director of Defendant Spherical Industries.

12. Upon information and belief, Defendant Hardy is an individual with a place of business at 1930 Village Center Cir., #3-18662, Las Vegas, Nevada, 89134.

## **JURISDICTION AND VENUE**

13. This court has original jurisdiction under 18 U.S.C. § 1836(c) and 28 U.S.C. §§ 1331 and 1367.

14. This court has personal jurisdiction over Spherical Industries pursuant to N.R.S. § 14.065 because Spherical Industries is a Nevada corporation, and additionally has personal jurisdiction over Spherical Industries Holdings because Spherical Holdings is a Nevada limited liability company.

15. This court has personal jurisdiction over Christopher Duggan and William Hardy because they have, upon information and belief, places of business in the State of Nevada, and additionally, are corporate officers, owners, directors and/or members of Spherical Industries and directly control the actions of the entity defendants named herein.

16. Venue is proper in this court under 28 U.S.C. § 1391(b)(2).

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

3

29469657.1/062949.0001

**FACTS COMMON TO ALL COUNTS**

I.    **Plaintiffs' Significant Investments in FOT and Sphere-Into-Cylinder Venturi Technology**

17.    Tomahawk is a manufacturer of machinery for the meat industry and additionally provides service support to its customers.

18.    In 2010, Wolff approached Robert Tournour ("Tournour"), the President and CEO of Tomahawk, seeking to form a business relationship with Tomahawk based on the concept of incorporating "fiber-orientation technology" ("FOT") and sphere-into-cylinder technology (also known as "Sphere-Into-Cylinder Venturi Technology") into protein forming and processing equipment for the meat industry.

19.    Thereafter, Tomahawk and Wolff entered into a confidentiality agreement and Tomahawk began reviewing and testing the use of FOT and Sphere-Into-Cylinder Venturi Technology in protein forming and processing equipment for the meat industry.

20.    On or about November 29, 2011, Tournour formed Formtec for the purpose of trying to monetize FOT and Sphere-Into-Cylinder Venturi Technology and protect that technology by filing and paying for patent applications, which Formtec and its attorneys deemed prudent to file and prosecute.  These filings included protecting proprietary ideas for applications of FOT and Sphere-Into-Cylinder Venturi Technology outside the meat industry.

21.    Tomahawk and Formtec are affiliated companies owned by Tournour.  In order to streamline resources and keep costs in line, Tomahawk engineers worked on engineering and product development projects for Formtec.  The Tomahawk engineers that did so kept track of their time, and billed Formtec for that engineering and research and development (R&D) time.

22.    In or around 2011, Wolff formed Spherical IP, LLC and Spherical Innovations, LLC.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

4

29469657.1/062949.0001

23.    On December 20, 2011, Spherical IP and Spherical Innovations; Tomahawk and Spherical Innovations; and Formtec and Spherical IP entered into confidentiality agreements to protect the confidentiality of FOT and Sphere-into-Cylinder venturi effect technology (the "Confidentiality Agreements").

24.    In 2011, Tomahawk retained Wolff as a consultant to help troubleshoot its equipment and to assist its engineers with developing FOT and Sphere-Into-Cylinder Venturi Technology for use in equipment for the meat industry.

25.    With Wolff's input and consent and with the Confidentiality Agreements fully in place, in March 2011, Tomahawk tried to sell FOT and Sphere-Into-Cylinder Venturi Technology for use in the meat industry through Formtec to customers of Tomahawk.

26.    On or about September 11, 2012, Formtec and Spherical IP entered into an agreement to govern their rights to FOT and Sphere-Into-Cylinder Venturi Technology (the "FOT Agreement"), which provided ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

27.    The technology and the intellectual property was owned and controlled by Formtec with Spherical IP (Wolff's company) having a minority interest.  Pursuant to the 2012 FOT Agreement between Formtec and Spherical IP, Formtec was issued a seventy percent (70%) ownership of the patents and Spherical IP was issued a thirty percent (30%) ownership of the patents.  The FOT Agreement remains in full force and effect.

28.    Plaintiffs have invested engineering and other resources, including millions of dollars into development of the Sphere-Into-Cylinder Venturi Technology.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

5

29469657.1/062949.0001

29. In 2012, unbeknownst to Plaintiffs at that time, while serving as a paid consultant for Tomahawk, Wolff disclosed the FOT and Sphere-Into-Cylinder Venturi Technology to Duggan, without permission from Formtec, and without any Non-Disclosure Agreement ("NDA") in place to protect such disclosure by Wolff.

30. Upon information and belief, Duggan was a member of an investment group interested in purchasing Wolff's and Spherical IP, LLC's rights in FOT and the Sphere-Into-Cylinder Venturi Technology.

31. At the time, neither Wolff nor any of the Defendants disclosed to Plaintiffs any of the Defendants' interest in purchasing the technology.

32. That contemplated purchase did not come to fruition. However, Wolff and Duggan remained in regular contact.

## II. Tomahawk Hires Wolff and Gannon to Work on FOT and Sphere-Into-Cylinder Venturi Technology

33. By 2017, Wolff had become a full-time employee of Tomahawk, to wit, in Service Technician and R&D Engineering Support roles.

34. As a Service Technician, Wolff would visit customer facilities to install new equipment, troubleshoot, and repair existing equipment, perform preventive maintenance on equipment, service equipment, and train employees on using Tomahawk equipment.

35. Wolff's duties for Tomahawk included working with Tomahawk's engineers, who have specific education and training on designing protein forming and processing equipment regarding issues he came across on equipment in the field, as all of Tomahawk's technicians did and do.

36. Improving Tomahawk's designs and products was an integral part of Wolff's duties, including making suggestions regarding improvements on Tomahawk protein forming and processing equipment to assist a customer's maintenance and production team.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

6

29469657.1/062949.0001

37. Wolff also assisted Formtec to research and develop additional applications of the FOT and Sphere-Into-Cylinder Venturi Technology, which was required under Spherical IP's agreements with Formtec, both inside and outside the protein forming industry, ███████ ████████████████████.

38. Wolff has confidentiality obligations to Plaintiffs under several non-disclosure agreements, the 2012 FOT Agreement, and Tomahawk's Team Member Resource Guide (the "Resource Guide Agreement"), among other things.

39. Wolff, individually and on behalf of his companies, signed multiple confidentiality agreements with Plaintiffs to protect Plaintiffs against unauthorized disclosure of FOT and Sphere-Into-Cylinder Venturi Technology by Wolff and/or his companies.

40. Pursuant to agreements Wolff signed, he agreed that Plaintiffs' trade secrets and confidential information would not be used by him or disclosed to others and were and remained Plaintiffs' exclusive property, and his confidentiality obligations to Plaintiffs continued after his employment with Tomahawk ended.

41. To protect the secrecy of Plaintiffs' trade secrets and confidential information, Tomahawk requires, among other things, that employees and consultants, as a condition of being employed by Tomahawk, sign an agreement, which contains confidentiality provisions that contractually obligates such individuals not to use Tomahawk's confidential and trade secrets outside of Tomahawk and not to disclose Tomahawk's confidential information and trade secrets to third parties (the "Tomahawk Agreement").

42. The Tomahawk Agreement additionally provides that each and every employee and consultant must agree that their access to Tomahawk's trade secrets and confidential information is solely to perform their duties for Tomahawk and that their confidentiality obligations to Tomahawk continues even after the termination of their employment.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

7

29469657.1/062949.0001

43.    As another measure to protect the secrecy of Plaintiffs' confidential information and trade secrets, Tomahawk provides all employees with the Resource Guide Agreement, which provides, *inter alia*: "In the course of your employment, you may have access to information about our business, our customers, and/or other Team Members. This information must be kept confidential."

44.    All Tomahawk employees must sign a "Team Member Acknowledgment and Receipt Form" annexed to the Resource Guide Agreement, which reads: "I have received the Resource Guide, and I understand that it is my responsibility to read and comply with the policies in this Guide and any revisions made to it."

45.    The foregoing are merely illustrative, and are not the extent of reasonable measures taken to maintain the secrecy of the trade secrets.

46.    Wolff received a copy of Tomahawk's Resource Guide Agreement, which required him to keep Tomahawk's business information confidential, and he signed the Team Member Acknowledgment and Receipt Form on January 1, 2020, agreeing to comply with the policies therein.

47.    On or about June 5, 2017, Tomahawk hired Gannon as a project engineer. As a condition of his employment, on that date, Gannon executed the Tomahawk Agreement that Tomahawk requires all employees and consultants to sign. In doing so, Gannon accepted employment with Tomahawk upon the terms and conditions in that Agreement.

48.    By signing the Tomahawk Agreement on June 5, 2017, Gannon agreed to "maintain in confidence, and safeguard as the Company's property, all Confidential Information" and expressly agreed his access to Tomahawk's confidential information was solely to perform his duties for Tomahawk; he will not use Tomahawk's confidential information "for any reason other than for performing" his duties for Tomahawk; he will not disclose Tomahawk's

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

8

29469657.1/062949.0001

confidential information to any third party; and his confidentiality obligations continued after his employment ended.

49. By signing the Tomahawk Agreement on June 5, 2017, Gannon agreed and acknowledged that any inventions, discoveries, improvements, designs, processes, or products made during the course of his employment is the property of Tomahawk.

50. Pursuant to the respective agreements by and between Tomahawk and both Wolff and Gannon, any and all suggested improvements they made regarding Tomahawk equipment are intellectual property owned by Tomahawk. Similarly, any and all suggested improvements regarding Formtec potential products and intellectual property are the property of Formtec.

51. Gannon received a copy of Tomahawk's Resource Guide Agreement, which required him to keep all information about Tomahawk's business confidential.

52. Gannon signed Tomahawk's Team Member Acknowledgment Form on February 24, 2020, which obligated him to comply with the policies in Tomahawk's Resource Guide Agreement.

53. In his role as project engineer, Gannon worked for Tomahawk to test non-food uses for FOT and Sphere-Into-Cylinder Venturi Technology for Formtec, including, but not limited to, ███████████████████.

54. As employees of Tomahawk, Gannon and Wolff worked closely together to troubleshoot problems with machines manufactured by Tomahawk and to assist in developing and implementing new equipment or more efficient versions of equipment for production by Tomahawk.

55. Pursuant to the employment and/or confidentiality agreements executed by Wolff and Gannon, Plaintiffs disclosed their trade secrets and confidential information to them for the sole purpose of them performing their duties and conducting R&D work on Plaintiffs' behalf,

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

9

29469657.1/062949.0001

including work for Formtec's project for the development and application of their technology and trade secrets for █████████.

56.     Hereinafter, their R&D work on Plaintiffs' behalf with regards to this technology will be referred to as the █████████████.

### III. Plaintiffs' ████████████ Secrets

57.     One avenue Plaintiffs pursued in their R&D of incorporating Sphere-Into-Cylinder Venturi Technology was the application of said technology ██████████████ ████████████████████████████.

58.     As a result of Plaintiffs' R&D work for the █████████████, Plaintiffs own valuable trade secrets with respect to the application of Sphere-Into-Cylinder Venturi Technology in ████████████████████.

59.     Plaintiffs' ████████████ began in May 2019, and continues to date.

60.     At all times since the █████████████ began, Plaintiffs took reasonable and proper measures to guard the secrecy of their confidential information and trade secrets derived from their costly and extensive testing and R&D work, including, as described above, requiring Tomahawk employees to sign confidentiality agreements.

61.     These measures also included requiring any third parties needing access to ██ ████████████ to sign an NDA before same was disclosed to them.

62.     Since May 2019, Plaintiffs have invested substantial amounts of time and money to develop their █████████████████ through extensive testing and R&D work directed to using Sphere-Into-Cylinder Venturi Technology in ████████████████.

63.     In May 2019, Plaintiffs began to research and test Sphere-Into-Cylinder Venturi Technology in ████████████████ with the assistance of Wolff and Gannon.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

10

29469657.1/062949.0001

64. Pursuant to the contractual confidentiality obligations in the agreements Wolff and Gannon signed, Plaintiffs provided them access to Plaintiffs' ███████████████ and confidential information for the sole purpose of each of them performing their duties on Plaintiffs' behalf.

65. Wolff and Gannon had access to such information until their employment with Tomahawk ended.

66. Plaintiffs' R&D work on their ███████████████ began on or about May 8, 2019 when they solicited input from ███████████████████████████████ ████████████████████.

67. Lumpkin entered into an NDA prior to its discussions with Plaintiffs.

68. During discussions with Wolff, Gannon, Tournour, and Lumpkin's principal Wil Lumpkin, Lumpkin was the only person that was an expert in ███████████████. The parties discussed applying Sphere-Into-Cylinder Venturi Technology in █████████████████ ██████████████████████████████████████ ██.

69. In May 2019, Formtec purchased from Lumpkin a ███████████████ costing $7,700, which was delivered to Wolff's home in Oregon for testing. Upon information and belief, Wolff is still in possession of the machine despite being terminated by Tomahawk on March 25, 2021.

70. From May 2019 until their employment with Plaintiffs ended, Wolff and Gannon worked on the ███████████████ with other Tomahawk engineers and Lumpkin to create designs for ██████████ prototypes using Sphere-Into-Cylinder Venturi Technology and develop such ██████████ for consumer, commercial, and industrial applications.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

11

29469657.1/062949.0001

71.    Formtec's ████████████ involved creating designs for prototypes and using a special software from SolidWorks along with a computer that Formtec bought for tens of thousands of dollars to create flow simulations. The SolidWorks software dramatically reduced R&D by allowing Formtec to simulate liquid flowing through and around a design to calculate the design's performance and capabilities.

72.    Formtec used SolidWorks computer simulations to define optimal geometries and dimensions for the application of Sphere-Into-Cylinder Venturi Technology in ████████████ ████████████.

73.    In or around August 2019, Formtec paid Alignex, LLC ("Alignex") to educate and train Gannon to use SolidWorks. To protect Plaintiffs' confidential information and trade secrets, Formtec had Alignex sign an NDA on August 20, 2019 to train Gannon.

74.    In January 2021, ████████████████ information to Formtec for use in development of this technology.

75.    After two years and substantial time and financial and engineering investment, in February 2021, a prototype for Formtec's ████████ was completed.

76.    On February 22, 2021, Gannon sent Plaintiffs' ████████████, *i.e.*, the first set of ████████████ and data, to an internal Tomahawk/Formtec group, including to Wolff at both his personal and Tomahawk business email addresses.

77.    That data included Formtec engineering drawings of prototype ████████ designs showing dimensions and other confidential information, as well as flow analysis of the designs showing an increase in the ████████████████████ ██.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

78. Formtec's engineering drawings of prototype ███████ designs embodied trade secrets that resulted from Plaintiffs' costly and extensive two-year investment in their ████████████, since May 2019.

79. Plaintiffs' ██████████████████ comprise the use of Sphere-Into-Cylinder Venturi Technology geometry or a similar geometry, to create ██████████████████ ████████████████████████████████████████████████████████ ██████████████████████████████████████████████████ to achieve those goals.

80. Plaintiffs' ██████████████████ are physically embodied in Formtec's prototypes, engineering drawings and SolidWorks files including ████████ geometries and dimensions, ██████████████████████, flow simulation data and results for the application of Sphere-Into-Cylinder Venturi Technology in ████████ showing an ████████ ██████████████████████████████████████.

81. Plaintiffs' ██████████████████████████████, and details of the R&D, prototype modeling, and incorporation of the Sphere-Into-Cylinder Venturi Technology were not known outside of Plaintiffs, and could not be properly acquired or duplicated by others.

82. Plaintiffs' confidential information and ██████████████████████ using the Sphere-Into-Cylinder Venturi Technology, including for ████████, █ ██████████████ ████████████████████████████████████████████████████████ ██████████████████████.

83. Plaintiffs' ██████████████████ derive independent economic value, actual and potential, from not being generally known to, and not being readily ascertainable by proper

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

13

29469657.1/062949.0001

means by, other persons who can obtain economic value from the disclosure or use of those trade secrets.

84.    Plaintiffs' ███████████████ are assets of tremendous value to Plaintiffs, and the value thereof is incalculable.

85.    Use of Sphere-Into-Cylinder Venturi Technology in ███████████████ ███████████████████████ was not known outside of Plaintiffs until the misappropriation by Wolff, Spherical Industries, and the subsequent disclosure to and use by Gannon.

**IV.  Spherical Industries' Misappropriation of Plaintiffs'** ███████████████

86.    On February 24, 2021, only two days after Gannon sent Plaintiffs' ███████ ████████ to Wolff on February 22, 2021, Duggan and Hardy formed Spherical Industries.

87.    Then, that very same day Spherical Industries was formed, ███████ ████████████████████████████████████ ████████████████████████████████████ ████.

88.    Duggan does not have any theoretical scientific education, any practical training, or any scientific work experience relating to ████████, or Sphere-Into-Cylinder Venturi Technology.

89.    At the time Wolff received Plaintiffs' ███████████████ from Gannon on February 22, 2021, Plaintiffs did not know that Wolff had previously improperly disclosed Plaintiffs' ██████████ and their trade secrets and confidential information related thereto to Duggan and Hardy in and around late 2020/early 2021.

90.    The timeline of actions by Wolff, Duggan, and Hardy clearly reveals their conspiracy to misappropriate Plaintiffs' ███████████████ and benefit therefrom.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

14

29469657.1/062949.0001

91.     Plaintiffs learned critical information regarding misappropriation of their ████████ ████████████, asserted herein, during discovery in a certain arbitration titled <u>Formtec, LLC v. Spherical IP, LLC</u> (the "Arbitration") initiated in May 2021, and during the four-day Arbitration hearing held before a three-member arbitration panel (the "Arbitration Panel") from July 26-29, 2022.

92.     Plaintiffs also learned of critical information during the course of a federal court action titled <u>Tomahawk Manufacturing, Inc. et. al v. Spherical Industries, Inc. et al</u>, Case No. 1:22-cv-00557-WCG pending in the United States District Court for Eastern District of Wisconsin (the "Wisconsin Case").

93.     The Arbitration Panel's unanimous Final Award ruled, ████████████████ ████████████████████████████████████ ████████████████████████████.

94.     Wolff admitted, that in late 2020 or early 2021, while he was still employed by Plaintiffs:

   a.  He disclosed Plaintiffs' ████████████████ to Duggan and Hardy, <u>i.e.</u>, the application of Sphere-Into-Cylinder Venturi Technology in ████ ████████████;

   b.  He told Duggan and Hardy about ████████████████████ ████████;

   c.  He told Duggan and Hardy that he believed companies infringed Formtec patents by using the technology in ████████████████ ████████████████████; and

**FENNEMORE CRAIG**
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

15

d. He gave Duggan and Hardy reports on ▆▆▆▆▆▆ that he had taken to a metal shop to have cut apart and analyzed at a microscopic level, which was paid for by Formtec.

95. Wolff improperly disclosed Plaintiffs' trade secrets to Duggan and Hardy in late 2020/early 2021, as part and parcel of their scheme to misappropriate Plaintiffs' ▆▆▆▆▆▆ ▆▆▆▆▆▆.

96. Wolff, Duggan, and Hardy conspired to and did unjustly benefit from Plaintiffs' costly, extensive two-year investment in Formtec's ▆▆▆▆▆▆, which Wolff knew in late 2020/early 2021 was to be completed in the near future due to his work on that project.

97. As part of and evidence of Defendants' conspiracy to steal Plaintiffs' trade secrets, on January 15, 2021, Duggan sent Wolff an email stating, "Will and I are wanting to start an email chain as we continue to move things forward. Can you send me Elizabeths [Wolff's daughter's] email address…"

98. Elizabeth Wolff, Wolff's daughter, sent Duggan her email address on January 17, 2021, and thereafter Wolff, Duggan, Hardy, and Ms. Wolff did in fact continue to move things forward.

99. On February 1, 2021, Duggan asked Ms. Wolff: "Can you shoot me the links to all of the ▆▆▆▆▆▆ ASAP?"

100. One hour later, Ms. Wolff sent Duggan an email, stating "attached is the word document [spreadsheet] with links for the ▆▆▆▆▆▆." That spreadsheet listed over 50 companies which Wolff believed sold ▆▆▆▆▆▆ using Sphere-Into-Cylinder Venturi Technology that infringed Formtec's patents.

101. The misappropriation of Plaintiffs' trade secrets is shown by the fact, among other things, that the exact same number and names of companies are listed in Ms. Wolff's spreadsheet

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

16

29469657.1/062949.0001

sent to Duggan on February 1, 2021 as are also listed in a sworn Declaration filed by Hardy on May 25, 2022 in the Wisconsin Case, in which he states "a few examples of more than 50 websites [he] is aware of that appear to offer for sale ▇▇▇▇▇ based on the Venturi effect technology described in Mr. Wolff's published patent applications." In his sworn Declaration, Hardy listed the same exact companies and made the same misspellings that Ms. Wolff made in her spreadsheet, *e.g.*, they both misspelled "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇.

102.    As mentioned above, three weeks later, on February 22, 2021, Gannon sent Formtec's R&D trade secrets to Wolff and, two days later, on February 24, 2021, Duggan and Hardy formed Spherical Industries, and Spherical Industries, through Duggan, immediately filed ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ disclosing Plaintiffs' misappropriated trade secrets, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇.

103.    On November 16, 2022, after the four-day hearing in the Arbitration in July 2022 in front of a three-member Arbitration Panel, which included testimony from both Duggan and Wolff, the Arbitration Panel issued an Interim Award (the "Interim Award") and ruled that ▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇.

104.    The Interim Award further ruled: "▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇.

105.    As additionally set forth in the Interim Award, the Arbitration Panel ruled, ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

██████████████████████████████████████████

███.

106.    In mid-March 2021, after Spherical Industries filed ████████████████████████████████████████ (a fact unbeknownst to Plaintiffs at that time), Wolff informed Tournour that he was approached to sell his interests in FOT and Sphere-Into-Cylinder Venturi Technology, but refused to identify the potential purchasers.

107.    On March 20, 2021, Wolff individually and Duggan individually entered into a confidentiality agreement that, upon information and belief, was used to discuss FOT and Venturi Technology, although Wolff had no authority to do so.

108.    On March 21, 2021, Wolff entered into separate confidentiality agreements with James Motter and Hardy of Spherical Industries that, upon information and belief, was used to discuss FOT and Sphere-Into-Cylinder Venturi Technology, which Formtec owns and controls and in which Spherical IP (Wolff's company) has a minority interest. Formtec was not informed of this, and did not agree to any confidential disclosure of information.

109.    On March 25, 2021, Tomahawk terminated Wolff's employment.

110.    On May 19, 2021, less than 2 months thereafter, Gannon suddenly resigned from his position with Tomahawk.

111.    In late December 2021, 8 months after Wolff began discussions to sell Formtec's trade secrets, Wolff finally disclosed to Formtec that Spherical Industries was interested in purchasing Wolff's interest in FOT and Sphere-Into-Cylinder Venturi Technology and patents, and he purportedly sought Formtec's consent to discuss with Spherical Industries information pertaining to that technology which had already been misappropriated and the subject of provisional patent applications.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

18

112. Wolff assured Formtec that Spherical Industries was not involved in the protein-forming industry.

113. Formtec advised Wolff that he may only discuss with Spherical Industries public information regarding FOT and Venturi Technology, *i.e.*, only information contained in Formtec's patents and published patent applications.

114. In January 2022, Spherical Industries allegedly wanted to engage Wolff as a consultant on FOT and Sphere-Into-Cylinder Venturi Technology and the application of that technology in the marketplace. Spherical Industries through Wolff provided Formtec with a proposed agreement where Formtec would agree to the consultancy.

115. Formtec, however, believing Wolff's request was just a ruse to cover up his previous wrongful disclosures, did not consent to the consultancy because the necessary NDA between Spherical IP (Wolff's company) and Spherical Industries and its principals was not in place.

116. Formtec asked for additional information pertaining to Spherical Industries' business and what information Spherical Industries wanted that was not already publicly available in Formtec's published patents and applications. Wolff did not respond to Plaintiffs' requests for information.

117. On or about February 8, 2022, Formtec again asked Wolff to provide additional information regarding Spherical Industries' business and the information which Spherical Industries sought relating to FOT and Sphere-Into-Cylinder Venturi Technology.

118. In or around February 2022, despite Wolff failing to provide Plaintiffs with the requested information about Spherical Industries, Plaintiffs discovered Hardy's LinkedIn page describing Spherical Industries' business and touting Spherical Industries as "holder of 3 patent-

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

pending technologies with ramifications in water and energy sectors." Wolff did not disclose this information to Plaintiffs.

119. Plaintiffs then requested from Wolff more information relating to Spherical Industries' alleged patents out of concern that Wolff disclosed Plaintiffs' confidential information and trade secrets to Spherical Industries without authorization. Wolff did not respond.

120. Plaintiffs became further concerned about Wolff's disclosure of their trade secrets to Spherical Industries ███████████████████████████████████████████████, which was created in February 2022, ███████████████████████████████████ ███████ claimed to be "patented" and "exclusive". RogueFlo is the d/b/a of Spherical Industries.

121. Spherical Industries' RogueFlo website includes a video describing the use of ██████████████████████████████████████ and states: "Our solution to [inefficiencies in water conservation] is a proprietary technology that dramatically impacts velocity, pressure, and flowrates all while reducing water usage up to 30%."

122. Spherical Industries' RogueFlo website includes pictures and descriptions of its purported ██████████. According to the website, Spherical Industries' purported ███████ ██████████████████████████████. Like Hardy's LinkedIn page, the website describes their purported technology as "patented" and "exclusive".

123. Spherical Industries' RogueFlo website has described and continues to describe as their own ████████████████████████████████ to and belonging to Plaintiffs.

124. According to Spherical Industries' RogueFlo website, Duggan and Hardy are not engineers and have no background in designing and developing ██████████████.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

20

29469657.1/062949.0001

Further, upon information and belief, none of the other principals of Spherical Industries have engineering training or any experience developing ███████.

125.  As recently as April 29, 2022, Spherical Industries updated the website for RogueFlo to include more information about its technology and to add information about its founders.

126.  Unbeknownst to Plaintiffs while Spherical Industries was attempting to capitalize on Plaintiffs' misappropriated ███████████████, on June 30, 2021, Spherical Industries submitted United States Trademark Application No. 90/804727 to trademark "RogueFlo", for use in connection with the following products:

a.  Metal pre-rinse, wash down spray nozzles for commercial and industrial use; Metal, wash down spray nozzles for commercial and industrial use;

b.  Combustion engine fuel nozzles; High pressure washers; multi-purpose high pressure washers; and

c.  Showerheads and components thereof; Water conservation plumbing fixtures, namely, showerheads.

127.  Upon information and belief, Spherical Industries has raised to date about $300,000 in seed money to start its business and created pitch decks used to support a $5-10 million Series A round of funding.

128.  On or about April 17, 2022, Spherical Industries revoked its offer to purchase Wolff's interest in FOT and Sphere-Into-Cylinder Venturi Technology.

**V.  Spherical Industries' Provisional Patent Applications Disclose Plaintiffs' Misappropriated ████████████████**

129.  As set forth above, Spherical Industries filed ████████████████████ ███████████████████, the same day Duggan and Hardy formed Spherical Industries, and only two days after Gannon sent Plaintiffs' trade secrets to Wolff.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

130. Plaintiffs tried to obtain Spherical Industries' patent filings in the Wisconsin Case before the Court dismissed Spherical Industries from the case for lack of jurisdiction.

131. Spherical Industries, however, concealed from and misled the Court in the Wisconsin Case about its patent filings, how it obtained its alleged ideas, and the length, scope and nature of Gannon's R&D work for Spherical Industries and Wolff in Wisconsin.

132. During oral argument in the Wisconsin Case on May 27, 2022, Spherical Industries' counsel misleadingly skirted the Wisconsin Court's inquiry about its patent filings by failing to provide any information about same, such as the date filed, the named inventor, and inventions disclosed therein. ███████████████████████████████████████████████████████████████████████████████████████████ .

133. At the oral argument, Spherical Industries' counsel represented to the Wisconsin Court that Spherical Industries had abandoned provisional patent applications that would not be made public and "will sit in the files of the patent office and nothing will ever happen to them."

134. This representation by Spherical Industries' counsel was untrue.

135. Spherical Industries' counsel omitted the material fact that Spherical Industries contemplated ██████████████████████████████████████████████████████████, only about one month later.

136. In the Wisconsin Case, Spherical Industries also falsely represented that it conceived of using Sphere-Into-Cylinder Venturi Technology in ████████████████ from reading published Formtec patent filings.

137. In doing so, Spherical Industries did not point to any such disclosure in any Formtec patent and neither did its counsel at oral argument. Nor could Spherical Industries do so, because there is no such disclosure, let alone any dimensions for the sphere or cylinder.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

22

29469657.1/062949.0001

138.    In fact, in Wolff's Declaration filed on May 25, 2022 in the Wisconsin Case, he contradicted Spherical Industries' assertion, stating "while I was involved with Formtec no patents were submitted specifically related to ▇▇▇▇▇▇▇▇ of my technology."

139.    On July 29, 2022, Spherical IP called Duggan, a founder and President of Spherical Industries, as a witness in the Arbitration and, during his testimony, Plaintiffs learned for the first time that Spherical Industries through Duggan ▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

140.    While Duggan was under oath, Formtec's counsel advised the Arbitrators that Duggan had not produced Spherical Industries' provisional patent applications in response to a subpoena that Formtec served on Spherical Industries during arbitration discovery.

141.    Duggan at first tried to keep Spherical Industries' provisional patent applications concealed from Formtec. He argued against producing them, but the Arbitrators directed him to produce Spherical Industries' abandoned and pending provisional patent applications to Formtec.

142.    Spherical Industries did not want Plaintiffs to learn critical information about the provisional patent applications that, i.e. the date filed, the disclosure of Plaintiffs' trade secrets, and ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

143.    Spherical Industries ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇, only about one month after the Court in the Wisconsin Case dismissed Spherical Industries and Wolff from that case on jurisdictional grounds.

144.    Spherical Industries' ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

23

29469657.1/062949.0001

145. On August 5, 2022, Plaintiffs finally obtained Spherical Industries' long secreted provisional patent applications as a result of the Arbitrators' ruling.

146. On August 5, 2022, Spherical Industries produced to Plaintiffs six (6) provisional patent applications that it had filed in the PTO, which disclosed Plaintiffs' trade secrets for:

a. ███████████████████████████████████████

b. ███████████████████████████████████████
██

c. ███████████████████████████████████████
██████████

147. Under 35 U.S.C. §§ 119(e) or 120, patent applications that claim the benefit of the earlier filing date of a previously filed application, *i.e.*, priority, must name the inventor or at least one joint inventor named in the earlier filed application.

148. ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
███████████████████████████████████████.

149. ████████████████████████████████████
██████████████████████████████████████.

150. ████████████████████████████████████
██████████████████████████████████████.

151. Duggan cannot be an █████████████████████████████████; he is admittedly not technical; he has no engineering degree or experience in the R&D of any product, he never heard of a STEP file (which is needed to run flow studies); he did not even know that

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

24

29469657.1/062949.0001

Spherical Industries sent STEP files to Gannon; and he does not understand the technology well enough to really make it work.

152. No other person at Spherical Industries, including Hardy, is an engineer or has "technical know-how" or a background in developing ███████.

153. At Arbitration, ████████████████████████████████████ ████████████████████████████████████████ ████████████████████████████████.

154. On September 13, 2022, the Arbitration Panel ruled, *inter alia*, that:

████████████████████████████. (Emphasis added.)

155. The Arbitration Panel further ruled that ████████████ ████████████████████████████████████████ ████████████████████████████████."

156. Spherical Industries has until July 11, 2023 to either convert its pending provisional applications to utility patent applications, claim priority in a new utility patent application to the provisional applications, or refile it provisional patent applications.

157. If Spherical Industries either converts its pending provisional patent applications disclosing Plaintiffs' misappropriated trade secrets to utility patent applications, or claims priority in a new utility patent application to those provisional applications, Plaintiffs will be irreparably harmed by the public disclosure of its trade secrets.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

25

29469657.1/062949.0001

## VI. Spherical Industries' Use of Plaintiffs' Misappropriated Trade Secrets

158.    Spherical Industries hired Gannon to conduct significant extensive R&D work based on Plaintiffs' trade secrets, not published Formtec patents.

159.    At all relevant times, Spherical Industries knew Formtec owned the FOT and Sphere-Into-Cylinder Venturi Technology and knew Gannon and Wolff worked on the ███ ███ in the course of their employment with Formtec and Tomahawk.

160.    Gannon testified at deposition that when he saw Spherical Industries' alleged designs, they struck him as being very similar to Formtec's designs; that Spherical Industries' alleged designs were designs previously discussed at Formtec; and that he never saw Sphere-Into-Cylinder Venturi Technology prior to working for Plaintiffs.

161.    Only Wolff could have provided the Sphere-Into-Cylinder Venturi Technology ███ design for Spherical Industries to give to Gannon, and the Arbitrators ruled ███ ███.

162.    Wolff and Gannon both testified Spherical Industries' ███ designs incorporate Sphere-Into-Cylinder Venturi Technology in the same manner as Formtec.

163.    Spherical Industries, by and through its officers Duggan and Hardy, had numerous communications with Gannon regarding R&D discussions, flow simulation studies/reports, and they gave Gannon directives for further research (which had to come from Wolff). Spherical Industries, Duggan, and Hardy directed Gannon to send them spread sheets of results from his studies. Gannon gave them flow simulation results that Gannon felt optimized the profile and they later directed Gannon to run more simulations with different dimensions (which had to come from Wolff).

164.    Gannon testified that the work he did for Spherical Industries was 'surprisingly' similar to his work for Formtec.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

26

29469657.1/062949.0001

165.   Like Formtec, Spherical Industries used Sphere-Into-Cylinder Venturi Technology in its alleged designs to create a Venturi effect, and its goal was ███████████ ████████.

166.   Gannon testified that Spherical Industries had no engineers and only an engineer could have provided him the data to run flow simulations for Spherical Industries on the SolidWorks program. Gannon did not know where Spherical Industries got the information to input into the program, but it is clear it was provided by Wolff.  The Arbitration Panel found ██ ██████████████████████████████████████████████████████████ ███████████████████████████████.

167.   Upon information and belief, Spherical Holdings, just recently formed in or about September 2022, committed, participated in, aided and abetted, was improperly disclosed Formtec's trade secrets and confidential information, and/or was and is otherwise a beneficiary of the unlawful and wrongful acts alleged above.

168.   The foregoing is in addition to other acts that are yet to be uncovered.

169.   Any and all conditions precedent to asserting the following causes of action have either occurred or been waived.

## COUNT I AGAINST ALL DEFENDANTS
## MISAPPROPRIATION OF TRADE SECRETS (N.R.S. § 600A.030 *et seq.*)

170.   Plaintiffs hereby restate and re-allege Paragraphs "1" through "169", as though fully set forth herein.

171.   Plaintiffs' FOT and Sphere-Into-Cylinder Venturi Technology and its application in the non-meat industry, specifically in ██████████, are "trade secrets" within the meaning of N.R.S. § 600A.030 *et seq.*

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29469657.1/062949.0001

27

172. Wolff and Gannon disclosed Plaintiffs' trade secrets to Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings through improper means because they had a contractual and legal obligation to keep Plaintiffs' trade secrets confidential.

173. When Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings received such information, they were aware that they were not entitled to lawfully receive same.

174. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings obtained Plaintiffs' trade secrets through improper means by willfully inducing Wolff and Gannon to breach their contractual and legal duties to keep Plaintiffs' trade secrets confidential.

175. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings continue to use and disclose Plaintiffs' trade secrets without authorization from Plaintiffs.

176. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings have been unjustly enriched and their misappropriation of Plaintiffs' trade secrets has caused, and continues to cause, damage to Plaintiffs.

177. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' misappropriation was willful, wanton, and malicious, and Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings are therefore additionally liable for exemplary damages and attorneys' fees under N.R.S. §§ 600A.050 and 600A.060.

**COUNT II AGAINST ALL DEFENDANTS**
**<u>CONSPIRACY TO MISAPPROPRIATE TRADE SECRETS</u>**

178. Plaintiffs hereby restate and re-allege Paragraphs "1" through "177", as though fully set forth herein.

179. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings knew the technology and design for the ▮▮▮▮▮▮▮ were trade secrets belonging to Plaintiffs.

180. Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings knew Wolff and Gannon were under a duty to Plaintiffs not to disclose Plaintiffs' trade secrets.

**FENNEMORE CRAIG**
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

28

29469657.1/062949.0001

181.    Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings conspired with Wolff and Gannon to misappropriate Plaintiffs' trade secrets with the intention to capitalize on Plaintiffs' hard work and money in developing this technology in order to compete with Plaintiffs by manufacturing, distributing, and selling the ▮▮▮▮▮▮▮ and filing their own patent applications on Plaintiffs' technology.

182.    Plaintiffs have been harmed and continue to be harmed by Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' conspiracy to misappropriate Plaintiffs' trade secrets.

## COUNT III AGAINST ALL DEFENDANTS
## VIOLATION OF DEFEND TRADE SECRETS ACT OF 2016, 18 U.S.C. § 1836

183.    Plaintiffs hereby restate and re-allege Paragraphs "1" through "182", as though fully set forth herein.

184.    The proprietary and confidential information that Tomahawk and Formtec entrusted to Gannon and Wolff constitutes trade secrets because it is information from which Plaintiffs derive independent economic value from not being generally known to, and from not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use. They are the result of efforts that are reasonable under the circumstances to maintain their secrecy.

185.    Under the Defend Trade Secrets Act of 2016, 18 U.S.C. § 1836(b)(1), Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings are prohibited from misappropriating Plaintiffs' trade secrets.

186.    Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings misappropriated and is using Tomahawk and Formtec's trade secrets to directly compete with Plaintiffs.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29

29469657.1/062949.0001

187.    Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings continue to utilize Plaintiffs' trade secrets.

188.    Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' misappropriation of Plaintiffs' trade secrets was willful and malicious.

189.    As a direct and proximate result of Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' misappropriation of Plaintiffs' trade secrets, Plaintiffs have been proximately harmed and have sustained damages.

190.    As a result of Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' misappropriation of Plaintiffs' trade secrets, Plaintiffs are entitled to damages consisting of reasonable royalties, actual loss, and unjust enrichment pursuant to 18 U.S.C. § 1836(b)(3)(B).

191.    Plaintiffs have no adequate remedy at law.

192.    As a result of the foregoing, Plaintiffs are entitled to injunctive relief pursuant to 18 U.S.C. § 1836(b)(3)(A).

193.    As a result of the foregoing, pursuant to 18 U.S.C. § 1836(b)(3)(C), due to Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' willful and malicious misappropriation, Plaintiffs are additionally entitled to exemplary damages in an amount up to twice the amount of actual damages awarded under 18 U.S.C. § 1836(b)(3)(D).

194.    As a result of the foregoing, due to Defendants Spherical Industries, Duggan, Hardy, and Spherical Holdings' willful and malicious misappropriation, Plaintiffs are entitled to reasonable attorneys' fees pursuant to 18 U.S.C. § 1836(b)(3)(D).

**WHEREFORE**, Plaintiffs Tomahawk and Formtec respectfully request this Court enter Judgment as follows:

a.    Preliminarily and permanently enjoining Spherical Industries from:

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

30

29469657.1/062949.0001

     i.    Directly or indirectly using or disclosing Plaintiffs' confidential information or trade secrets;

     ii.    Marketing RogueFlo and ██████████ incorporating Plaintiffs' confidential information or trade secrets  in any manner whatsoever;

     iii.    Displaying the RogueFlo website; and

     iv.    Manufacturing or importing ██████████ incorporating Plaintiffs' confidential information or trade secrets.

b.    Commanding Defendants to cease any filing, refiling, conversion, or making claims of priority to all patent applications relating to Sphere-Into-Cylinder Venturi Technology in ██████████, and to expressly abandon all pending patent applications relating to Sphere-Into-Cylinder Venturi Technology in ██████████;

c.    Commanding Defendants to cease any filing, refiling, conversion, or making claims of priority to  of any other patent applications in fields of ██████████ and any other fields that use the Sphere-Into-Cylinder Venturi Technology, and to expressly abandon all pending patent applications relating to applications in fields of ██████████ and any other fields that use the Sphere-Into-Cylinder Venturi Technology;

d.    Commanding Defendants to destroy all copies of Plaintiffs' trade secrets and proprietary information;

e.    Entering judgment against Spherical Industries and in favor of Plaintiffs in an amount to be determined for their actual losses and exemplary damages;

f.    Awarding Plaintiffs pre- and post-judgment interest;

g.    Awarding Plaintiffs their reasonable attorneys' fees; and

h.    Granting Plaintiffs such other, further, or different relief as the Court deems just and proper.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

31

29469657.1/062949.0001

## JURY DEMAND

Plaintiffs hereby demand Trial by Jury on all issues so triable.

Dated: June 29, 2023                    Respectfully submitted,

TOMAHAWK MANUFACTURING, INC. and
FORMTEC, LLC

*By their Co-Counsel:*

Aaron T. Olejniczak (*Pro hac vice* pending)
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, Wisconsin 53202
Telephone: (414) 271-7590
Facsimile: (414) 271-5770
E-mail: aarono@andruslaw.com

Steven L. Levitt (*Pro hac vice* pending)
Trevor M. Gomberg (*Pro hac vice* pending)
Levitt LLP
129 Front Street
Mineola, New York 11501
Telephone: (516) 248-9700
Facsimile: (516) 741-9224
E-mail: slevitt@levittlawllp.com
        tgomberg@levittlawllp.com

*/s/ Richard I. Dreitzer*
Richard I. Dreitzer
Fennemore Craig, P.C.
9275 W. Russell Road, Suite 240
Las Vegas, Nevada 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: rdreitzer@fennemorelaw.com

29469657.1/062949.0001

**VERIFICATION**

I, Robert Tournour, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that I am the President and Chief Executive Officer of Tomahawk Manufacturing, Inc. and Managing Member of Formtec, LLC; that I am familiar with the matters as set forth in the Verified Complaint; and that under penalty of perjury, the averments in the Verified Complaint are true and correct to the best of my knowledge and belief.

Executed on June 27, 2023                                      _____
                                                                              Robert Tournour