**FENNEMORE CRAIG, P.C.**
Richard I. Dreitzer, Esq., NV Bar No. 6626
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
Email: rdreitzer@fclaw.com
*Attorney for Plaintiffs*
*Tomahawk Manufacturing, Inc. and Formtec, LLC*

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SPHERICAL INDUSTRIES, INC., a Nevada Corporation, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,<br><br>Defendants. | CASE NO.: **2:23-cv-01007**<br><br>**EMERGENCY DECLARATION OF AARON T. OLEJNICZAK IN SUPPORT OF PLAINTIFFS' MOTION FOR A TEMPORARY RESTRAINING ORDER, PRELIMINARY INJUNCTION, AND OTHER RELIEF** |

**AARON T. OLEJNICZAK,** an attorney duly admitted to practice law before the Courts of the State of Wisconsin, hereby affirms and declares the following under the penalties of perjury:

1. I am an attorney with the law firm Andrus Intellectual Property Law, LLP, intellectual property counsel for Plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC (hereinafter individually referred to as "Tomahawk" and "Formtec", respectively, and collectively, "Plaintiffs") herein. As such, I am fully familiar with the facts and circumstances of this matter as revealed by the files maintained in this office.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29471053.1/062949.0001

2. I am a registered patent attorney with the United States Patent and Trademark Office (USPTO) and have practiced in the area of intellectual property law for over 20 years.

3. I respectfully submit this Emergency Declaration in support of Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, and for Other Relief, against Defendants Spherical Industries Inc. ("Defendant Spherical Industries"), Spherical Industries Holdings, LLC ("Defendant Spherical Holdings"), Christopher Michael Duggan ("Defendant Duggan") and Will Steven Hardy ("Defendant Hardy") in the above-captioned action (collectively, "Defendants") (the "Motion").

4. This Declaration is respectfully submitted for the purpose of detailing the emergency nature of the relief requested in the Motion, and the necessity for the Motion to be submitted on an expedited basis to a Judge of this Court, and for the issuance of a Temporary Restraining Order prior to July 11, 2023, without notice to any of the Defendants, in order to prevent imminent, irreparable harm to Plaintiffs in the absence of such relief.

5. The limited relief requested in the Motion will simply maintain the status quo and prevent Defendants from imminently making a public disclosure of Plaintiffs' trade secrets and confidential information.

6. The grounds for the Motion are set forth in further detail in the accompanying papers, which are briefly summarized as follows.

7. Defendant Spherical Industries filed certain provisional patent applications in the United States Patent and Trademark Office ("PTO"). According to the Nevada Secretary of State, Defendant Spherical Holdings is a related company to Spherical Industries, and Defendants Duggan and Hardy are owners, officers, and/or directors of both entities.

8. I was lead counsel for one of the Plaintiffs herein in an arbitration styled *Formtec, LLC v. Spherical IP, LLC*, where a three-member Arbitration Panel (the "Panel") unanimously

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29471053.1/062949.0001

2

found that Plaintiffs possess certain information which constitutes trade secrets.

9. The Panel also unanimously found that former employees of Plaintiffs disclosed those trade secrets to at least some of the Defendants.

10. In the arbitration, Formtec discovered from the live testimony of Duggan that Spherical Industries, through Duggan, refiled provisional patent applications in the USPTO in mid-July 2022.

11. This disclosure was made after Spherical Industries represented to a Wisconsin Federal Court on May 27, 2022 in the case styled *Tomahawk Manufacturing, Inc. et. al v. Spherical Industries, Inc. et al.,* Case No. 1:22-cv-00557-WCG (E.D. WI 2022) that three provisional patent applications previously filed by Duggan and Spherical Industries on February 24, 2021 were abandoned, would not be made public, and "will sit in the files of the patent office and nothing will ever happen to them."

12. I reviewed Defendant Spherical's provisional patent applications refiled on July 11, 2022. Based on my review, they contain information which the Panel found to constitute these same trade secrets and confidential information of Plaintiffs.

13. Pursuant to 35 U.S.C. § 111(b)(5), the provisional applications may be converted to a nonprovisional application in accordance with the procedure described in 37 CFR 1.53(c)(3), or a nonprovisional application claiming the benefit of the filing date of the provisional application under 35 U.S.C. 119(e) may be filed. In both instances, any nonprovisional application filed will be examined by a patent examiner and may be issued as a patent if all the requirements for patentability are met. Any nonprovisional application filed will also publish after 18-months from their earliest priority date for public inspections.

14. At the Arbitration, Duggan unequivocally testified that Spherical Industries intends to use the technologies disclosed in its provisional applications and to file nonprovisional patent

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29471053.1/062949.0001

3

applications based thereon.

15. Accordingly, Spherical Industries and Duggan have until **_July 11, 2023_** to convert the provisional patent applications into nonprovisional patent or claim priority to the provisional patent applications, which will cause the subject matter of the nonprovisional application to be published.

16. Absent this Court's intervention, the trade secrets and confidential information contained in Defendant Spherical's provisional patents will be prepared for publication after July 11, 2023  unless Spherical Industries and Duggan file a petition under 37 CFR 1.138(c) and submit a declaration of express abandonment and the fee set forth in 37 CFR 1.17(h) in sufficient time to permit the appropriate officials (USPTO Office of Data Management – Patent Publication Branch) to recognize the abandonment and remove the application from the publication process.  .

17. As set forth in the accompanying Memorandum of Points and Authorities, Plaintiffs will likely succeed on the merits, there is a substantial likelihood of irreparable harm in the absence of a temporary restraining order and preliminary injunctive relief, the balance of hardships in this case favors Plaintiffs in having their non-disclosure agreements enforced and not allowing their trade secrets to be disclosed, and the same is in the public interest.

18. If notice of this application is provided to the Defendants, Plaintiffs fear that Defendants will destroy evidence of their unlawful activities and/or will make further unlawful disclosures of Plaintiffs' trade secrets and confidential information.

19. For the reasons set forth above and in the accompanying papers, Plaintiffs' Motion should respectfully be granted in its entirety.

20. No prior application for this relief or for any similar relief has been made to this or to any other court.

4

29471053.1/062949.0001

21. This Declaration was executed in the United States.

**WHEREFORE**, it is respectfully requested that the within Order to Show Cause be granted as soon as possible.

Dated: Milwaukee, Wisconsin

June 26, 2023

                                */s/Aaron T. Olejniczak*
                                Aaron Olejniczak, Esq.

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

29471053.1/062949.0001

5