# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., and FORMTEC, LLC, | Case No.: 2:23-cv-01007-APG-NJK |
| Plaintiffs, | **REDACTED** |
| v. | **TEMPORARY RESTRAINING ORDER** |
| SPHERICAL INDUSTRIES, INC., SPHERICAL INDUSTRIES HOLDINGS LLC, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY, | [ECF No. 2] |
| Defendants. | |

Plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC moved for an *ex parte* and emergency temporary restraining order (TRO) barring the defendants from, among other things, filing a non-provisional patent application incorporating the Plaintiffs' trade secrets and otherwise disclosing the Plaintiffs' trade secrets. ECF No. 2.  I set the motion for a hearing on Thursday, July 6, 2023 and ordered the papers to be served on the defendants. ECF No. 17.  The plaintiffs filed proof that they sent the papers by email, personal service, and Federal Express. ECF Nos. 23, 33-37.  None of the defendants appeared at the hearing.  I went forward with the hearing due to the need to protect the Plaintiffs' trade secrets and confidential information.

The Plaintiffs argue that they have protectible rights in ████████████████ ███████████████████ ("Trade Secrets").  The Plaintiffs obtained an award from a panel of the American Arbitration Association recognizing the Plaintiffs' rights in those Trade Secrets.  They contend that the defendants have infringed on their rights by using the Trade Secrets in a provisional patent application that was filed on July 11, 2022.  The Plaintiffs seek to block the defendants from filing a non-provisional patent application using the Trade Secrets.

1    During the TRO hearing, I placed on the record my findings under the factors listed in

2 *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008).  The Plaintiffs are likely to

3 succeed on the merits of their claims that the defendants have improperly used the Trade Secrets

4 in connection with the defendants' provisional patent application.  The disclosure of the

5 Plaintiffs' Trade Secrets will cause irreparable harm to the Plaintiffs.  The Defend Trade Secrets

6 Act (18 U.S.C. § 1836) and relevant state trade secret laws recognize the value of such

7 confidential information and the need to protect it.  The public interest favors a narrow injunction

8 to protect the Plaintiffs' interest in the Trade Secrets.

9    The defendants may suffer harm if they are precluded from filing a non-provisional

10 patent application by July 11, 2023 because they could lose the priority from their July 11, 2022

11 provisional application.  The public disclosure of the Trade Secrets would cause irreparable harm

12 to the Plaintiffs, but it appears that the provisional application will not be made public until

13 January 11, 2024.  If necessary, I can order the defendants to withdraw their patent applications

14 sufficiently ahead of that date to avoid publication and the Plaintiffs' irreparable harm.  The

15 balance of hardships favors a narrow injunction temporarily barring the defendants from

16 publicizing, using, or transferring the Trade Secrets while the parties quickly litigate their rights

17 to it.  Thus, I will enjoin the defendants from further use or dissemination of the Trade Secrets,

18 but I will not bar them from filing a non-provisional patent application at this time.

19    I therefore order that the Plaintiffs' motion for a temporary restraining order **(ECF No. 2)**

20 **is granted in part**, as set forth below.

21    I further order the defendants to preserve all documents and evidence related to (1) their

22 patent applications and proceedings, and (2) the Plaintiffs' Trade Secrets as defined above.

23

1    I further order the defendants to refrain from using, disclosing, disseminating,

2  publicizing, or transferring the Plaintiffs' Trade Secrets, except for filing a non-provisional

3  patent application before the U.S. Patent and Trademark Office, until further order from the

4  court.  If the defendants file a non-provisional patent application, they must simultaneously serve

5  a copy of that application on the Plaintiffs' counsel.

6    I further order the plaintiffs to immediately serve on the defendants, by hand-delivery and

7  email, a copy of this order.  The plaintiffs will file with the court proof of such service by July

8  11, 2023.

9    I will conduct a hearing on the Plaintiffs' motion for preliminary injunction (ECF No. 3)

10  on **Thursday, July 18, 2023 at 1:30 p.m**. in Las Vegas Courtroom 6C.  Any party or counsel

11  wishing to appear by Zoom will contact my courtroom administrator, Melissa Johansen, by email

12  at Melissa_Johansen@nvd.uscourts.gov to obtain credentials to do so.

13    In preparation for that hearing, I order the defendants to produce to the Plaintiffs' counsel

14  the following documents **by July 14, 2023**:

15    a. Copies of all filings and correspondence with the U.S. Patent and Trademark Office by

16  or on behalf of any of the defendants relating to the Trade Secrets, in the past 12 months; and

17    b. Documents evidencing any communications between any of the defendants or anyone

18  on their behalf with James Wolff relating to the Trade Secrets or use of them, in the past 12

19  months.

20    I further order the Plaintiffs to post with the court a bond in the amount of $1,000, as

21  required under Federal Rule of Civil Procedure 65(c).

22    ENTERED THIS 6th day of July, 2023 at 6:16 p.m., nunc pro tunc to 5:00 p.m.

23
_____
Andrew P. Gordon
United States District Court

3