UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., and FORMTEC, LLC,<br><br>          Plaintiffs,<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., SPHERICAL INDUSTRIES HOLDINGS LLC, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,<br><br>          Defendants. | Case No.: 2:23-cv-01007-APG-NJK<br><br>**REDACTED**<br><br>**PRELIMINARY INJUNCTION**<br><br>[ECF No. 3] |

      I previously entered a Temporary Restraining Order (TRO) barring the defendants from, among other things, disclosing or using the trade secrets of plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC (Plaintiffs). ECF No. 40. On July 18, 2023, I conducted a hearing on the plaintiffs' motion to convert the TRO into a preliminary injunction. Based on the papers on file and the parties' arguments, I will convert and modify the TRO into a preliminary injunction, as set forth below.

      The Plaintiffs argue that they have protectible rights in ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ("Trade Secrets"). The Plaintiffs obtained an award from a panel of the American Arbitration Association recognizing the Plaintiffs' rights in those Trade Secrets. They contend that the defendants have infringed on their rights by using the Trade Secrets in a provisional patent application that was filed on July 11, 2022. The Plaintiffs seek to block the defendants from filing a non-provisional patent application using the Trade Secrets, and from further using or disseminating the Trade Secrets.

During the July 6, 2023 TRO hearing, I placed on the record my findings under the factors listed in *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008). I supplemented those findings on the record during the July 18, 2023 preliminary injunction hearing. The Plaintiffs are likely to succeed on the merits of their claims that the defendants have improperly used the Trade Secrets in connection with the defendants' provisional patent application. The disclosure of the Plaintiffs' Trade Secrets will cause irreparable harm to the Plaintiffs. The Defend Trade Secrets Act (18 U.S.C. § 1836) and relevant state trade secret laws recognize the value of such confidential information and the need to protect it. The public interest favors a narrow injunction to protect the Plaintiffs' interest in the Trade Secrets.

The defendants have not, as the Plaintiffs feared, filed a non-provisional patent application based on their provisional application filed on July 11, 2022. The defendants confirmed on the record that they do not intend to file a non-provisional patent application in the near future. Thus, the defendants will suffer no hardship if I enjoin them from doing so. The Plaintiffs would suffer irreparable harm if the Patent and Trademark Office publicly discloses the Trade Secrets in connection with the defendants' application. The balance of hardships favors a narrow injunction temporarily barring the defendants from filing a non-provisional patent application and from publicizing, using, or transferring the Trade Secrets while the parties litigate their rights to it. Thus, I will extend and expand the TRO to enjoin the defendants from further use or dissemination of the Trade Secrets, including by filing any provisional or non-provisional patent applications.

I therefore order that the Plaintiffs' motion for a preliminary injunction **(ECF No. 3) is granted in part**, as set forth below.

I further order the defendants to preserve all documents and evidence related to (1) their patent applications and proceedings, and (2) the Plaintiffs' Trade Secrets as defined above.

I further order the defendants to refrain from using, disclosing, disseminating, publicizing, or transferring the Plaintiffs' Trade Secrets, including by filing a provisional or non-provisional patent application before the U.S. Patent and Trademark Office, until further order from the court.

I further order the plaintiffs to immediately serve on the defendants, by email and Federal Express, a copy of this order.

I will conduct a status hearing to set an evidentiary hearing about the continued validity of this injunction on **Monday, August 7, 2023 at 9:00 a.m**. by Zoom. Parties and counsel will contact my courtroom administrator, Melissa Johansen, by email at Melissa_Johansen@nvd.uscourts.gov to obtain credentials to appear by Zoom.

I further order the Plaintiffs to post with the court the $1,000 bond I previously ordered for the TRO by July 19, 2023. That bond will remain as security for this preliminary injunction, as required under Federal Rule of Civil Procedure 65(c).

ENTERED THIS 18th day of July, 2023.

Andrew P. Gordon
United States District Court