UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiff(s),

v.

SPHERICAL INDUSTRIES, INC., et al.,

    Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**Order**

[Docket No. 86]

Pending before the Court is Plaintiffs' renewed emergency motion for a protective order concerning the restriction on sensitive materials for experts who are themselves competitors. Docket No. 86.

Plaintiffs' motion is supported by a single legal citation articulating the uncontroversial position that the Court has broad discretion to fashion a protective order. *Id.* at 3. The motion contains no legal authority whatsoever regarding the actual issue in dispute, however, despite the fact that cursory legal research reveals a number of decisions on this issue from courts within the Ninth Circuit.[1] The parties were required to conduct this legal research themselves and to discuss it during the meet-and-confer. *See, e.g.*, *Nevada Power Co. v. Monsanto Co.*, 151 F.R.D. 118, 120 (D. Nev. 1993). Whether they did so is unclear from the papers. Such legal research also should have been discussed in the motion practice itself. *See, e.g.*, *On Demand Direct Response, LLC v. McCart-Pollak*, 2018 WL 2014067, at *1 n.2 (D. Nev. Apr. 30, 2018) (explaining that discovery motions are not exempt from the requirement to present well-developed legal argument). Accordingly, the renewed emergency motion for protective order is **DENIED** without prejudice.

---

[1] As explained by former United States Magistrate Judge Peggy A. Leen, a magistrate judge is not "the Maytag repairman of federal judges desperately hoping for something to do." *Mazzeo v. Gibbons*, 2010 WL 3020021, at *1 (D. Nev. July 27, 2010). The Court declines to provide its own legal research to the parties herein because that is the job of counsel in the first instance.

1

If the parties have not discussed the case law on the specific issue in dispute, then they must engage in further conferral efforts by 5:00 p.m. on September 8, 2023. Any renewed motion must address such legal authority and must be filed by September 11, 2023. The response thereto must be filed by September 13, 2023, and any reply must be filed by September 14, 2023.[2]

IT IS SO ORDERED.

Dated: September 6, 2023

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] Counsel should note that any briefing deadlines automatically generated by CMECF do not apply and, instead, the deadlines set herein govern. Local Rule IC 3-1(d).