**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., et al.,

      Plaintiff(s),

v.

SPHERICAL INDUSTRIES, INC., et al.,

      Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**Order**

Concurrently herewith, the Court is entering a blanket protective order to facilitate discovery in this case.  This order reminds counsel that there is a presumption of public access to judicial files and records.  A party seeking to file a confidential document under seal must file a motion to seal and must comply with the Ninth Circuit's directives in *Kamakana v. City and County of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

The Court has adopted electronic filing procedures.  Attorneys must file documents under seal using the Court's electronic filing procedures.  *See* Local Rule IA 10-5.  Papers filed with the Court under seal must be accompanied with a concurrently-filed motion for leave to file those documents under seal.  *See* Local Rule IA 10-5(a).

The Court has approved the blanket protective order to facilitate discovery exchanges.  But **there has been no showing, and the Court has not found, that any specific documents are secret or confidential**.  The parties have not provided specific facts supported by declarations or concrete examples to establish that a protective order is required to protect any specific trade secret or other confidential information pursuant to Rule 26(c) or that disclosure would cause an identifiable and significant harm.  The Ninth Circuit has held that there is a presumption of public access to judicial files and records, and that parties seeking to maintain the confidentiality of

1

documents attached to nondispositive motions must show good cause exists to overcome the presumption of public access.  *See Kamakana*, 447 F.3d at 1179.  Parties seeking to maintain the secrecy of documents attached to dispositive motions must show compelling reasons sufficient to overcome the presumption of public access.  *Id.* at 1180.  **All motions to seal must address the applicable standard and explain why that standard has been met**.  The fact that a court has entered a blanket protective order and that a party has designated a document as confidential pursuant to that protective order does not, standing alone, establish sufficient grounds to seal a filed document.  *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1133 (9th Cir. 2003); *see also Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

If the sole ground for a motion to seal is that the opposing party (or non-party) has designated a document as confidential, the designator shall file (within seven days of the filing of the motion to seal) either (1) a declaration establishing sufficient justification for sealing each document at issue or (2) a notice of withdrawal of the designation(s) and consent to unsealing.  If neither filing is made, the Court may order the document(s) unsealed without further notice.

**IT IS ORDERED** that counsel shall comply with the requirements of Local Rule IA 10-5, the Ninth Circuit's decision in *Kamakana,* 447 F.3d 1172, and the procedures outlined above, with respect to any documents filed under seal.  To the extent any aspect of the blanket protective order may conflict with this order or Local Rule IA 10-5, that aspect of the blanket protective order is hereby superseded with this order.

IT IS SO ORDERED.

Dated: September 20, 2023

_____
Nancy J. Koppe
United States Magistrate Judge