UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>SPHERICAL INDUSTRIES, INC., a Nevada Corporation, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,<br><br>Defendants. | CASE NO. 2-23-CV-01007-APG-NJK |

# [PROPOSED] PROTECTIVE ORDER

1.  **Scope.** All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), shall be subject to this Order as set forth below. As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible. The Order is also subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2.  **Form and Timing of Designation.** A party may designate documents as confidential and restricted in disclosure under this Order by placing or affixing the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "CONFIDENTIAL"), "ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER" (hereinafter referred to as "ATTORNEYS EYES ONLY") or "PATENT DOCUMENTS ATTORNEYS EYES ONLY   SUBJECT TO PROTECTIVE ORDER" on the document in a

manner that will not interfere with the legibility of the document and that will permit complete removal of the designation. Documents shall be designated prior to or at the time of the production or disclosure of the documents. When a tangible object is produced for inspection, subject to protection under this Order, a photograph thereof shall be produced at the time of inspection labeled with the proper designation noted above. Thereafter, any information learned or obtained as a result of the inspection shall be subject to protection under this Order in accordance with the applicable designation. When electronically stored information is produced, which cannot itself be marked with a designation, the physical media on which such electronically stored information is produced shall be marked with the applicable designation. The party receiving such electronically stored information shall then be responsible for labeling any copies that it creates thereof, whether electronic or paper, with the applicable designation. By written stipulation, the parties may agree temporarily to designate original documents that are produced for inspection even though the original documents being produced have not themselves been so labeled. All information learned in the course of such an inspection shall be protected in accordance with the stipulated designation. The copies of documents that are selected for copying during such an inspection shall be marked as required under this Order and, thereafter, the copies shall be subject to protection under this Order in accordance with their designation. The designation of documents for protection under this Order does not mean that the document has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

   3.  **Documents Which May be Designated CONFIDENTIAL**. Any party may designate documents as CONFIDENTIAL upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as confidential business or personal information, medical or psychiatric information, trade secrets, personnel records, or such other sensitive commercial information that is not publicly available. Public records and documents that are publicly available may not be designated for protection under this Order.

   4.  **Documents Which May be Designated ATTORNEYS EYES ONLY.** Any party may designate documents as ATTORNEYS EYES ONLY upon making a good faith determination that the documents contain information protected from disclosure by statute or that should be protected from disclosure as trade secrets or other highly sensitive business or personal

information, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

5. **Documents Which May be Designated PATENT DOCUMENTS – ATTORNEYS EYES ONLY.** Any party may designate non-public patent application documents (e.g. provisional patent applications) and non-public information regarding the same as PATENT DOCUMENTS - ATTORNEYS EYES ONLY, the disclosure of which is likely to cause significant harm to an individual or to the business or competitive position of the designating party.

6. **Depositions.** Deposition testimony shall be deemed CONFIDENTIAL, ATTORNEYS EYES ONLY, or as PATENT DOCUMENTS - ATTORNEYS EYES ONLY only if designated as such. Such designation shall be specific as to the portions of the transcript or any exhibit designated for protection under this Order. Thereafter, the deposition testimony and exhibits so designated shall be protected, pending objection, under the terms of this Order. By stipulation read into the record, the parties may agree temporarily to designate an entire deposition and the exhibits used therein for protection under this Order, pending receipt and review of the transcript. In such a circumstance, the parties shall review the transcript within thirty (30) days of the receipt thereof and specifically designate the testimony and exhibits that will be protected under this Order. Thereafter, only the specifically designated testimony and exhibits shall be protected under the terms of this Order.

7. **Protection of Confidential Material.**
   a. Protection of Documents Designated CONFIDENTIAL. Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity, except as set forth in subparagraphs (i)-(vii). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated CONFIDENTIAL:
      i. **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility or are assisting for the preparation and trial of the action.
      ii. **Parties.** Parties and employees of a party to this Order.

      iii. **The Court.** The Court and its personnel.

      iv. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

      v. **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document and any person who has previously seen or was aware of the designated document.

      vi. **Consultants and Experts.** Experts or Consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Attachment A.  For purposes of this Order, "Expert" and "Consultant" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or an employee or consultant of a Party's competitor.  For the avoidance of doubt, Defendants represent that they have not retained, and will not retain, James Wolff or Samuel Gannon, or any company by which either individual is employed or has a consulting relationship, as an "Expert" or "Consultant".

      vii. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to be Bound.

b. **Protection of Documents Designated ATTORNEYS EYES ONLY.** Documents designated ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated

4

ATTORNEYS EYES ONLY to any third person or entity, except as set forth in subparagraphs (i)-(vi). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated ATTORNEYS EYES ONLY.

   i. **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for or are assisting for the preparation and trial of the action.
   ii. **The Court.** The Court and its personnel.
   iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.
   iv. **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document and any person who has previously seen or was previously aware of the designated document.
   v. **Consultants and Experts.** Experts or Consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Attachment A. For purposes of this Order, "Expert" and "Consultant" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or current employee or consultant of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or an employee or consultant of a Party's competitor.. For the avoidance of doubt, Defendants represent that they have not retained, and will not retain, James Wolff or Samuel Gannon, or any company by which either individual is employed or has a consulting relationship, as an "Expert" or "Consultant".
   vi. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered. All such persons shall execute the

certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

c. **Protection of Documents Designated PATENT DOCUMENTS - ATTORNEYS EYES ONLY.** Documents designated PATENT DOCUMENTS - ATTORNEYS EYES ONLY under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action, and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated PATENT DOCUMENTS - ATTORNEYS EYES ONLY to any third person or entity, except as set forth in subparagraphs (i)-(vi). Subject to these requirements, the following categories of persons may be allowed to review documents that have been designated PATENT DOCUMENTS - ATTORNEYS EYES ONLY.

   i. **Outside Counsel of Record.** Outside counsel of record for the parties and employees and agents of counsel who have responsibility for or are assisting for the preparation and trial of the action, provided that outside counsel of record is not actively prosecuting patent applications for any party.

   ii. **The Court.** The Court and its personnel.

   iii. **Court Reporters and Recorders.** Court reporters and recorders engaged for depositions.

   iv. **Persons Creating or Receiving Documents.** Any person who authored or recorded the designated document and any person who has previously seen or was previously aware of the designated document.

   v. **Consultants and Experts.** Experts or Consultants employed by the parties or their counsel for purposes of this action, so long as each such expert or consultant has signed the acknowledgment to be bound to these terms that is attached hereto as Attachment A. For purposes of this Order, "Expert" and "Consultant" shall mean a person with specialized knowledge or experience in a matter pertinent to the litigation who (1) has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, (2) is not a past or

    current employee or consultant of a Party or of a Party's competitor, and (3) at the time of retention, is not anticipated to become an employee of a Party or an employee or consultant of a Party's competitor. For the avoidance of doubt, Defendants represent that they have not retained, and will not retain, James Wolff or Samuel Gannon, or any company by which either individual is employed or has a consulting relationship, as an "Expert" or "Consultant".

  vi. **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered, provided that outside counsel of record is not actively prosecuting patent applications for any party. All such persons shall execute the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound.

d. **Control of Documents.** Counsel for the parties shall take reasonable and appropriate measures to prevent unauthorized disclosure of documents designated for protection under this Order. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of one (1) year after dismissal of the action, the entry of final judgment and/or the conclusion of any appeals arising therefrom.

e. **Copies.** All copies of documents designated for protection under this Order, or any individual portion of such a document, shall be marked with the designation CONFIDENTIAL or ATTORNEYS EYES ONLY if the words do not already appear on the copy. All such copies shall be entitled to the protection of this Order. The term "copies" shall not include indices, electronic databases, or lists of documents, provided these indices, electronic databases, or lists do not contain substantial portions or images of the text of designated documents or otherwise disclose the substance of the designated documents.

f. **Inadvertent Production.** Inadvertent production of any document or information without a designation of CONFIDENTIAL, ATTORNEYS EYES ONLY, or PATENT DOCUMENTS   ATTORNEYS EYES ONLY shall be governed by Federal Rules of Evidence Rule 502.

8. **Procedures for Approving or Objecting to Disclosure of CONFIDENTIAL, ATTORNEYS EYES ONLY, or PATENT DOCUMENTS – ATTORNEYS EYES ONLY Information or Items to Experts or Consultants.**

   a. Unless otherwise ordered by the court or agreed to in writing by the Designating Party, a Party that seeks to disclose to an Expert or Consultant (as defined in this Order) any information or item that has been designated CONFIDENTIAL, ATTORNEYS EYES ONLY, or PATENT DOCUMENTS    ATTORNEYS EYES ONLY first must make a written request to the Designating Party that (1) identifies the general categories of CONFIDENTIAL, ATTORNEYS EYES ONLY, or PATENT DOCUMENTS    ATTORNEYS EYES ONLY information that the Receiving Party seeks permission to disclose to the Expert or Consultant, (2) sets forth the full name of the Expert or Consultant and the city and state of his or her primary residence, (3) attaches a copy of the Expert or Consultant's current resume, (4) identifies the Expert or Consultant's current employer(s), (5) identifies each person or entity from whom the Expert or Consultant has received compensation or funding for work in his or her areas of expertise or to whom the Expert or Consultant has provided professional services, including in connection with a litigation or arbitration, at any time during the preceding five years, and (6) identifies (by name and number of the case, filing date, and location of court) any litigation or arbitration in connection with which the Expert or Consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition, hearing, or trial, during the preceding five years.

   b. A Party that makes a request and provides the information specified in the preceding respective paragraphs may disclose the subject Protected Material to the identified Expert or Consultant unless, within five (5) business days of delivering the request, the Party receives a written objection from the Designating Party. Any such objection must set forth in detail the grounds on which it is based. The foregoing is without prejudice to the Designating Party making any application to the Court for protective relief or any other relief it

deems appropriate (including, but not limited to, if it subsequently learns that the Expert or Consultant becomes, in its opinion, a competitor).

c. A Party that receives a timely written objection must meet and confer with the Designating Party (through direct voice to voice dialogue) to try to resolve the matter by agreement within five (5) business days of the written objection. If no agreement is reached, the Party seeking to make the disclosure to the Expert or Consultant may file a motion seeking permission from the Court to do so. Any such motion must describe the circumstances with specificity, set forth in detail the reasons why the disclosure to the Expert or Consultant is reasonably necessary, assess the risk of harm that the disclosure would entail, and suggest any additional means that could be used to reduce that risk. In addition, any such motion must be accompanied by a competent declaration describing the parties' efforts to resolve the matter by agreement (i.e., the extent and the content of the meet and confer discussions) and setting forth the reasons advanced by the Designating Party for its refusal to approve the disclosure. In any such proceeding, the Party opposing disclosure to the Expert or Consultant shall bear the burden of proving that the risk of harm that the disclosure would entail (under the safeguards proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert or Consultant.

9. **Filing of Designated Documents under Seal.** To the extent that a pleading or other paper references an exhibit designated for protection under this Order, then the pleading or other paper shall refer the Court to the particular exhibit filed under seal without disclosing the contents of any confidential information.

a. Before any exhibit designated for protection under this Order is filed under seal with the Clerk, the filing party shall first consult with the party that originally designated the document for protection under this Order to determine whether, with the consent of that party, the exhibit or a redacted version of the exhibit may be filed with the Court not under seal. [See order issued concurrently herewith.]

b. Where agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed electronically under seal in accordance with the Electronic Case Filing (ECF) procedures of this Court.

9

   c. To the extent that it is necessary for a party to discuss the contents of any document designated for protection under this Order in a pleading or other paper filed with this Court, then such portion of the pleading or other paper shall be filed under seal. In such circumstances, counsel shall prepare two versions of the pleading or other paper: a public and a sealed version. The public version shall contain a redaction of references to designated documents. The sealed version shall be a full and complete version of the pleading or other paper and shall be filed with the Clerk under seal as above. A copy of the unredacted pleading or other paper also shall be delivered to the judicial officer's chambers.

  10. **Challenges by a Party to a Designation for Protection under this Order.** Any designation is subject to challenge by any party or non-party with standing to object (hereafter "party"). Before filing any motions or objections to a designation for protection under this Order with the Court, the objecting party shall have an obligation to meet and confer in a good faith effort to resolve the objection by agreement. If agreement is reached confirming or waiving the designation as to any documents subject to the objection, the designating party shall serve on all parties a notice specifying the documents and the nature of the agreement.

  11. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection. Nothing in this Protective Order shall be deemed a waiver of any party's right to timely object to the discovery requests on any proper grounds.

  12. **Inadvertent Production of Privileged or Otherwise Protected Material.** When a party gives notice to the other party that certain inadvertently produced material is subject to a claim of privilege and/or other protection, the obligations of both parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

   a. **Procedures.** The following procedures shall apply to any challenge under Paragraph 11 of this Order:

    i. **Meet and Confer.** A party challenging the assertion of privilege or other protection must do so in good faith and must begin the process by conferring directly with counsel for the asserting party. In conferring,

     the challenging party must explain the basis for its belief that the privilege and/or protection assertion was not proper and must give the asserting party an opportunity to review the material, to reconsider the assertion, and, if no change in assertion is offered, to explain the basis thereto. The asserting party must respond to the challenge within five (5) business days.

    ii. **Judicial Intervention.** A party that elects to challenge a privilege and/or protection assertion may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such proceeding shall be on the party who asserted the privilege and/or protection. Until the Court rules on the challenge, all parties shall continue to treat the materials as privileged and/or protected under the terms of this Order.

  b. **E-discovery.** This section is not intended to modify whatever procedures may be established in an e-discovery order pursuant to Federal Rule of Evidence 502 between the parties regarding the inadvertent disclosure of privileged and/or protected Electronically Stored Information (ESI). Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate that agreement in an appropriate e-discovery order to the Court.

13. **Action by the Court.** Applications to the Court for an order relating to any documents designated for protection under this Order shall be by motion and any other procedures set forth in any standing orders or other relevant orders. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make any orders that may be appropriate with respect to the use and disclosure of any documents produced or used in discovery or at trial.

14. **Use of Confidential Documents or Information at Trial.** Absent order of the Court, all trials are open to the public, and there will be no restrictions on the use at trial of any document designated for protection under this Order. If a party intends to present at trial documents designated for protection under this Order, or information derived therefrom, such party shall provide advance notice to the party designating the documents for protection under this Order at least seven (7) days before the commencement of trial by identifying the documents or information at issue as specifically as possible (i.e., by Bates number, page range, deposition transcript lines, etc.). Upon motion of the party designating the document for protection under this Order, the Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15. **Obligations on Conclusion of Litigation.**
   a. **Order Remains in Effect.** Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.
   b. **Return of Documents Designated for Protection Under this Order.** Within thirty (30) days after dismissal or entry of final judgment not subject to further appeal, all documents designated for protection under this Order, including copies as defined in ¶7(e), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies to the producing party that it has done so. Notwithstanding the above requirements to return or destroy documents, counsel may retain copies of all pleadings, motions, orders, written discovery, and other papers filed with the Court or exchanged by the parties even though they may contain documents designated for protection under this Order. Counsel may also retain attorney work product, including an index which refers or relates to documents designated for protection under this Order, so long as that work product does not duplicate verbatim substantial portions of the text or images of documents designated for protection under this Order. This work product shall continue to be subject to

the protections of this Order in accordance with the applicable designation. An attorney may use his or her work product in a subsequent litigation provided that its use does not disclose or use documents designated for protection under this Order.

c. **Return of Documents Filed under Seal.** After dismissal or entry of final judgment not subject to further appeal, the Clerk may elect to return to counsel for the parties or, after notice, destroy documents filed or offered at trial under seal or otherwise restricted by the Court as to disclosure.

16. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed in accordance with standing orders or other relevant orders.

17. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any documents designated for protection under this Order are entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure, or otherwise, until such time as the Court may rule on a specific document or issue.

18. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel and their law firms, the parties, and persons made subject to this Order by its terms.

**IT IS SO ORDERED**.

Dated:  September 20, 2023

_____
Honorable Nancy J. Koppe
UNITED STATES MAGISTRATE JUDGE

# **ATTACHMENT A**

## **ACKNOWLEDGEMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company,<br><br>     Plaintiffs,<br><br>vs.<br><br>SPHERICAL INDUSTRIES, INC., a Nevada Corporation, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,<br><br>     Defendants. | CASE NO. 2-23-CV-01007-APG-NJK |

**<u>ACKNOWLEGMENT OF UNDERSTANDING AND AGREEMENT TO BE BOUND</u>**

  The undersigned hereby acknowledges that he/she has read the Protective Order entered in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Nevada in matters relating to the Protective Order and understands that the terms of the Protective Order obligate him/her to use documents designated CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER, ATTORNEYS EYES ONLY SUBJECT TO PROTECTIVE ORDER or PATENT DOCUMENTS   ATTORNEYS EYES ONLY -SUBJECT TO PROTECTIVE ORDER in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or concern.

  The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name (Print): _____

Job Title: _____

Employer: _____

Business Address: _____

_____

I declare under penalty of perjury that the foregoing is true and correct.

Signature: _____

Date: _____