# EXHIBIT 1

# EXHIBIT 1

KAEMPFER CROWELL
Louis M. Bubala III, No. 8974
Ryan W. Daniels, No. 13094
1980 Festival Plaza Drive, Suite 650
Las Vegas, Nevada 89135
Telephone:  (702) 792-7000
Facsimile:  (702) 796-7181
Email: lbubala@kcnvlaw.com
Email: rdaniels@kcnvlaw.com

Attorneys for Defendants Spherical
Industries, Inc., Spherical Industries
Holdings, LLC, Christopher Michael
Duggan, and Will Steven Hardy

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin Corporation; and FORMTEC, LLC, a Wisconsin Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>SPHERICAL INDUSTRIES, INC., a Nevada Corporation; SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company; CHRISTOPHER MICHAEL DUGGAN; and WILL STEVEN HARDY,<br><br>Defendants. | Case No. 2:23-cv-01007-APG-NJK<br><br>**DECLARTION OF LOUIS M. BUBALA III IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

I, Louis M. Bubala III, declare as follows:

1.      I make this declaration based on my own personal knowledge, except where designated otherwise, and will testify as to the same before this Court.

2.      I have been a member of the Nevada State Bar since 2004 and have been a member in good standing at all times.  I also am admitted to practice before

KAEMPFER

CROWELL

the District of Nevada and Ninth Circuit Court of Appeals.  I began practicing with Kaempfer Crowell in 2014 and am of counsel.

3.     On Saturday, August 5, 2023, Alejandro S. Angulo of Rutan & Tucker, LLP, in Irvine, California, contacted me.  The communication was initiated because I was working on an unrelated matter in Nevada with one of Mr. Angulo's colleagues.  Mr. Angulo advised that Rutan had been asked to represent the Defendants and sought local counsel to attend the status hearing on Monday, August 7, 2023.  Based on our discussions, my colleague Ryan W. Daniels attended the hearing along with Mr. Angulo and one of his colleagues.

4.     On August 8, 2023, I provided Defendants with an engagement letter, defining the scope of representation as "as local counsel to Rutan & Tucker, LLP." Defendants executed and returned the letter the same day.  Later that day, Mr. Daniels and I appeared in the case and moved for Mr. Angulo's admission, which was granted.

5.     During my firm's representation, Mr. Daniels and I have assisted with Rutan's applications for admissions; communicated with Plaintiffs' local counsel on certain initial matters; advised on certain matters involving proposed briefs; assisted with the sealing of certain filings or documents; prepared for contested matters; and appeared at hearings with counsel from Rutan.  Mr. Daniels and I have not engaged in any substantive communications with Messrs. Duggan or Hardy, or any other representatives of the Defendant entities.

6.     Rutan has handled all substantive communications with the Defendants during the representation, except for the initial emails with the engagement letter. Rutan also has drafted all filings, managed all discovery, and handled all

KAEMPFER

CROWELL

communication with Plaintiffs' counsel since shortly after the start of the engagement.

7.     On Friday, January 5, 2024, Mr. Daniels and I were served with the Court's minute order (1) sealing an email from Mr. Duggan to the courtroom administrator and (2) declining to file a motion emailed to the court by Mr. Duggan since he is represented by counsel.  The Court also provided the sealed email to Mr. Daniels and me.  Without going into the substance, the sealed email reflected a breakdown between Rutan and Defendants.  Mr. Daniels and I were not aware of the email communications or breakdown before receiving the order and sealed filing.

8.     At 7:53 a.m., Monday, January 8, 2024, Mr. Duggan emailed me two papers he drafted, directing me to file them with the Court by 10 a.m.  I declined to do so, advising Mr. Duggan that such filings risked violating court rules and my ethical obligations.  Later that day, Mr. Angulo confirmed to me that Rutan intended to withdraw from representation of all of the Defendants.

9.     On Tuesday, January 9, 2024, I emailed the Messrs. Duggan and Hardy, individually and as representative of the Defendant entities, that I intended to move to withdraw from representation based on the change of scope of the engagement.  I advised them that my firm was engaged to serve as local counsel, and its representation was consistent with the limited scope.  With Rutan's impending motion to withdraw, my firm will be left as Defendants' sole counsel—well beyond the scope of its engagement as local counsel to Rutan.  I also had ongoing concerns about the burden of serving as lead counsel in this matter.  The financial cost to serve as lead counsel in this complex case are substantially more than the costs to serve as local counsel.  My firm not in a position to remain as the only counsel for

KAEMPFER

CROWELL

Defendants. To date, none of the Defendants have new counsel.

10. That same day, Rutan and Mr. Duggan filed a substitution of counsel in order to allow him to proceed pro se. The filing did not alter the ongoing representation of the other Defendants by Rutan, or of all the Defendants by my firm.

11. Plaintiffs objected to the substitution of counsel to allow Mr. Duggan to represent himself. The objection contains multiple allegations about Mr. Duggan's conduct, including additional communications with the courtroom administrator by Mr. Duggan and Plaintiffs' counsel. Neither Mr. Daniels nor I were not copied on any of those communications and was unaware of any of them until Plaintiffs filed their opposition.

12. Mr. Duggan then filed emergency motions to dismiss for lack of subject-matter jurisdiction and failure to prosecute claims in prior proceedings, a two-person declaration, and a status report. The papers were prepared and filed by Mr. Duggan without the knowledge or involvement of Mr. Daniels or me.

13. On January 11, 2024, Plaintiffs filed an emergency motion for an order to show cause and to declare Mr. Duggan a vexatious litigant. Neither Mr. Daniels nor I have any knowledge of the allegations in the motions.

14. Since the Court's minute order on January 5, 2024, Plaintiffs also have moved to amend their complaint and to seal certain papers, with responses due January 22, 2024.

15. The scheduling order also remains in place with impending deadlines.

16. Mr. Daniels and I are not in a position to comply with the pending motions or the discovery schedule, both based on the recent developments, as well as Rutan's role as lead counsel and my firm's limited role.

KAEMPFER

CROWELL

17. The Plaintiffs, TOMAHAWK MANUFACTURING, INC., a Wisconsin Corporation; and FORMTEC, LLC, are represented by several attorneys who contemporaneously are being served with an electronic notice of filing of the motion to withdraw and this declaration at the following email addresses:

> Richard I. Dreitzer
> FENNEMORE CRAIG, P.C.
> 9275 West Russell Road, Suite 240
> Las Vegas, Nevada 89148
> rdreitzer@fclaw.com
> (702) 692-8000
>
> Steven L. Levitt
> Trevor M. Gomberg
> LEVITT LLP
> 129 Front Street
> Mineola, New York 11501
> slevitt@levittlawllp.com
> tgomberg@levittlawllp.com
> (516) 248-9700
>
> Aaron T. Olejniczak
> ANDRUS INTELLECTUAL PROPERTY LAW, LLP
> 790 North Water Street, Suite 2200
> Milwaukee, Wisconsin 53202
> aarono@andruslaw.com
> (414) 271-7590

18. Defendants SPHERICAL INDUSTRIES, INC., a Nevada Corporation; SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company; CHRISTOPHER MICHAEL DUGGAN; and WILL STEVEN HARDY, provided my firm with the following contact information:

> 1930 Village Center Circle, #3-18662
> Las Vegas, NV 89134
> Chris@sphericalindustries.com
> Will@sphericalindustries.com
> (253) 358-5963

19. Mr. Duggan signed the engagement letter for himself and SPHERICAL

KAEMPFER

CROWELL

INDUSTRIES, INC. The Nevada Secretary of State identifies the entity as in active. The filings with the Nevada Secretary of State list him as president at the same address. The company also lists a registered agent of Registered Agents, Inc., 401 Ryland St., Ste. 200-A, Reno, NV 89502.

20. Mr. Hardy signed the engagement letter for himself and SPHERICAL INDUSTRIES HOLDINGS LLC. The Nevada Secretary of State identified the entity as in default. The filings with the Nevada Secretary of State list SPHERICAL INDUSTRIES, INC. as its manager at the above address. Mr. Hardy is identified as a director of SPHERICAL INDUSTRIES, INC. at the same address. The LLC also lists a registered agent of Continuum Factor at the same address.

21. Mr. Duggan is contemporaneously being served with an electronic notice of filing of the motion to withdraw and this declaration at the following email addresses at his email addresses. Mr. Duggan and Mr. Hardy, individually and as representatives of the Defendant entities, also are being directly emailed copies of these papers. Copies also are being mailed to Mr. Hardy and the Defendant entities at the Village Center address, and to the Defendant entities at the Ryland address.

///

///

///

KAEMPFER

CROWELL

22.     Defendants' lead counsel contemporaneously is being served with an electronic notice of filing of the motion and declaration:

Alejandro S. Angulo
Samantha L.G. Papuchis
Michael J. Malakouti
Rutan & Tucker LLP
18575 Jamboree Rd., 9th Fl.
Irvine, CA 92612
AAngulo@rutan.com
sgoates@rutan.com
mmalakouti@rutan.com
(714) 641-5100

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 11th day of January, 2024.

_/s/Louis M. Bubala III_____
Louis M. Bubala III

KAEMPFER
CROWELL