UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., and FORMTEC, LLC,<br><br>    Plaintiffs,<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., SPHERICAL INDUSTRIES HOLDINGS LLC, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,<br><br>    Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Granting Motion to Dismiss Count Two of the Complaint**<br><br>[ECF No. 85] |

The defendants move to dismiss count two of the plaintiffs' complaint, arguing that the common law claim for conspiracy to misappropriate trade secrets is displaced by Nevada's Uniform Trade Secrets Act (NUTSA). The plaintiffs respond that the complaint alleges the defendants misappropriated both trade secrets and confidential information, so the conspiracy claim in count two is not displaced because it does not depend on misappropriation of a trade secret. The plaintiffs also contend that the claim should not be dismissed because they can plead in the alternative. Finally, the plaintiffs argue that if I dismiss count two, I should grant leave to amend so the complaint can better distinguish between trade secrets and confidential information.

NUTSA "displaces conflicting tort, restitutionary, and other law of this state providing civil remedies for misappropriation of a trade secret." Nev. Rev. Stat. § 600A.090(1). "A tort claim conflicts with NUTSA if its proof depends on the defendant misappropriating a trade secret. In other words, if a plaintiff must prove misappropriation of a trade secret to succeed on its tort claim, that tort claim is barred." *Octaform Sys. Inc. v. Johnston*, No. 2:16-cv-02500-APG-

VCF, 2017 WL 2562110, at *4 (D. Nev. June 12, 2017) (footnote omitted). Consequently, a plaintiff cannot pursue a common law tort claim arising from a "single factual episode" of misappropriation of a trade secret. *Frantz v. Johnson*, 999 P.2d 351, 357-58 (Nev. 2000).

However, NUTSA does not displace "all claims that arise from a factual circumstance possibly involving a trade secret." *Id.* at 357 n.3. NUTSA does not displace contractual remedies or criminal sanctions even if based on misappropriation of a trade secret. Nev. Rev. Stat. §§ 600A.090(2)(a), (c). NUTSA also does not displace "[o]ther civil remedies that are not based upon misappropriation of a trade secret." *Id.* § 600A.090(2)(b). Thus, if the plaintiff pleads claims that "do not depend on the information at issue being deemed a trade secret," NUTSA does not displace those claims. *Frantz*, 999 P.2d at 357 n.3.

Count two alleges that the defendants knew that certain information[1] constituted "trade secrets," the defendants owed a duty to the plaintiffs' not to disclose the "trade secrets," and the defendants misappropriated the plaintiffs' "trade secrets" with the intent to use those secrets to make their own product and file their own patent applications. ECF Nos. 1 at 28-29; 9 at 28-29. Nothing in count two references misappropriation of confidential information that is not alleged to be a trade secret. Although count two incorporates the complaint's other allegations, count two specifically describes the misappropriated material as a trade secret, not confidential information. Thus, count two, as currently pleaded, is displaced by NUTSA because it depends on the misappropriation of a trade secret.

The plaintiffs argue that they can plead count two in the alternative to the NUTSA claim. Under Federal Rule of Civil Procedure 8(d)(2), "[a] party may set out 2 or more statements of a

---

[1] The plaintiffs identify the trade secret in the sealed version of the complaint. ECF No. 9 at 28-29.

2

claim or defense alternatively or hypothetically, either in a single count or defense or in separate ones." However, the plaintiffs did not plead the claim in a way that could be alternative to NUTSA. The plaintiffs pleaded that the identified information was a trade secret and that the defendants misappropriated that trade secret. Additionally, the complaint does not give the defendants fair notice as to what constitutes confidential information that is not a trade secret. *See Echlin v. PeaceHealth*, 887 F.3d 967, 977 (9th Cir. 2018) ("Federal Rule of Civil Procedure 8(a)(2) requires that the allegations in the complaint give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." (quotation omitted)). Consequently, I grant the defendants' motion to dismiss count two.

I grant the plaintiffs leave to amend this claim because it is not clear that amendment would be futile. *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1118 (9th Cir. 2013) ("As a general rule, dismissal without leave to amend is improper unless it is clear that the complaint could not be saved by any amendment." (simplified)). If the plaintiffs want to amend this claim, they may wait for me to rule on the pending motion to amend at ECF Nos. 159/160 before doing so. Alternatively, if the plaintiffs want to withdraw the pending motion to amend and file a new motion to amend in light of this order, they also have leave to do that. If the plaintiffs withdraw the pending motion and file a new one, responses are due by March 25, 2024 or the usual time to respond to a motion under the Local Rules, whichever is later.

I THEREFORE ORDER that the defendants' motion to dismiss **(ECF No. 85) is GRANTED**, with leave to amend as set forth in this order.

DATED THIS 22nd day of February, 2024.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE