# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., <br><br>       Plaintiff(s), <br><br> v. <br><br> SPHERICAL INDUSTRIES, INC., et al., <br><br>       Defendant(s). | Case No. 2:23-cv-01007-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 271, 272] |

Pending before the Court is a motion to quash the subpoena for the deposition of nonparty Alejandro Angulo, which Defendants filed on an emergency basis.  Docket No. 272; *see also* Docket No. 271 (declaration improperly filed as a motion).  The motion to quash is **DENIED** without prejudice.

A motion to quash a subpoena must be filed in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3)(A).  "When it appears that subpoena-related motion practice may have been filed in the wrong district, the Court may raise that potential defect *sua sponte*." *4R4 Sons, LLC v. Tru G. Wilhelm, Inc.*, No. 2:21-cv-01081-GMN-NJK, 2022 WL 2905468, at *3 n.3 (D. Nev. July 22, 2022) (citing *Gutierrez v. Uni Trans, LLC*, 2021 WL 2821071, at *3 (D.N.M. July 7, 2021)).  The movant bears the burden of showing that a motion to quash was filed in the correct district. *York Holding, Ltd. v. Waid*, ___ F.R.D. ____, 2024 WL 1432783, at *1 (D. Nev. Apr. 3, 2024).  When a subpoena-related motion has been filed in the wrong district, courts routinely deny that motion without prejudice to refiling it in the proper tribunal. *See, e.g.*, *Europlay Cap. Advisors, LLC v. Does*, 323 F.R.D. 628, 629-30 (C.D. Cal. 2018).[1]

---

[1] The rules provide the potential for transferring a subpoena-related motion from the court where compliance is required to the issuing court.  *See* Fed. R. Civ. P. 45(f).  The authority to make this decision rests with the court where compliance is required.  *See id*.  "As such, this provision does not allow a movant to bypass, in the first instance, the court for the district where compliance is required." *York Holding*, 2024 WL 1432783, at *1 n.2 (citing *Omnitracs, LLC v. Platform Sci., Inc.*, No. 20-cv-958-CAB-DDL, 2023 WL 2815363, at *1 (S.D. Cal. Apr. 6, 2023)).

In this case, the papers indicate that the deponent is a California barred attorney, who is located in California, and who will be deposed in California. Docket No. 271 at 2-4; Docket No. 271-2. The motion provides no basis on which to conclude that the motion to quash is properly filed in this district. *See* Docket No. 272.

Accordingly, the motion to quash is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: April 3, 2024

_____
Nancy J. Koppe
United States Magistrate Judge