UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiff(s),

v.

SHPERICAL INDUSTRIES, INC., et al.,

    Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**ORDER**

[Docket Nos. 248, 249]

Pending before the Court is Plaintiffs' motion to amend. Docket No. 248; *see also* Docket No. 249 (sealed version). Defendants filed a response. Docket No. 263. Plaintiffs filed a reply. Docket No. 269. The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to amend is **GRANTED**.[1]

Requests for leave to amend the pleadings filed on or before the amendment deadline are governed by Rule 15 of the Federal Rules of Civil Procedure. Rule 15(a) provides that "[t]he court should freely give leave [to amend] when justice so requires," and there is a strong public policy in favor of permitting amendment. *Bowles v. Reade*, 198 F.3d 752, 757 (9th Cir. 1999). The Ninth Circuit has made clear that Rule 15(a) is to be applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (*per curiam*). Under Rule 15(a), courts consider various factors, including: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of the amendment; and (5) whether the plaintiff has previously amended the complaint. *See id.* at 1052. Not all of these factors carry equal weight and prejudice is the "touchstone." *Id.* Absent a showing of prejudice or a strong showing of any of the remaining

---

[1] It is within a magistrate judge's authority to grant leave to amend. *Underwood v. O'Reilly Auto Enterps., LLC*, 342 F.R.D. 338, 342 n.2 (D. Nev. 2022) (collecting cases).

1

factors, there is a presumption that leave to amend should be granted. *Id.* The party opposing the amendment bears the burden of showing why leave should be denied. *Desert Protective Council v. U.S. Dept. of the Interior*, 927 F. Supp. 2d 949, 962 (S.D. Cal. 2013) (citing *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989)).

    Defendants have not met their burden in opposing the motion to amend. Indeed, Defendants' opposition brief includes no citation to any legal authority of any kind, *see* Docket No. 263, which can be construed as consent to the granting of the motion, *see* Local Rule 7-2(d). This finding is, standing alone, fatal to Defendants' opposition effort.

    Even were the Court to consider the response on its merits, it fails anyway. Defendants first contend that amendment is untimely pursuant to the scheduling order. *See* Docket No. 263 at 1. The Court disagrees. Plaintiffs sought leave to amend in accordance with the scheduling order. *See* Docket No. 159; *see also* Docket No. 111. United States District Judge Andrew P. Gordon thereafter provided Plaintiffs with the option of withdrawing that motion to amend and renewing it. Docket No. 209 at 3 ("if the plaintiffs want to withdraw the pending motion to amend and file a new motion to amend in light of this order, they also have leave to do that"). Plaintiffs then withdrew the prior motion to amend, Docket No. 217, and promptly filed a renew motion to amend, Docket No. 248. The renewed motion to amend is not untimely.

    The other arguments referenced by Defendants appear to go to an anticipated response to the amended complaint after it is filed or, perhaps, an argument that allowing amendment would be futile. *See* Docket No. 263 at 2-3.[2] Although futility can be a ground to deny leave to amend, *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015), courts do not generally deny leave to amend on that ground, *Underwood*, 342 F.R.D. at 346-47. Courts usually resolve challenges to the merits of a proposed amended complaint through separate motion practice (like a motion to dismiss). *See Netbula, LLC v. Distinct Corp.*, 212 F.R.D. 534, 539 (N.D. Cal. 2003); *see also in re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 536 F. Supp. 2d 1129, 1135-36

---

[2] These arguments are not well-developed, which is also another stand-alone ground for rejecting them. *See, e.g.*, *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

(N.D. Cal. 2008). The Court has not been given sufficient reason to chart a different course in this case.

Accordingly, the motion to amend is **GRANTED**. Plaintiffs must promptly file the amended complaint on the docket and serve it. *See* Local Rule 15-1(b).

IT IS SO ORDERED.

Dated: June 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge