UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., | Case No. 2:23-cv-01007-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 265] |
| SPHERICAL INDUSTRIES, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to compel, to award expenses, and to impose sanctions. Docket No. 265. The motion was filed on April 19, 2024, no response has been filed, and the deadline to respond has expired. *See* Local Rule 7-2(b). The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion to compel is **GRANTED**, the motion for an award of expenses is **GRANTED**, and the motion to impose sanctions is **DENIED** without prejudice.

**I.   BACKGROUND**

This is a trade secret misappropriation case in which Plaintiffs allege that their former employees unlawfully funneled trade secret information to Defendants, who then allegedly sought to capitalize on the purloined information. *See, e.g.*, Docket No. 1 at ¶¶ 86-128. The matter is currently before the Court regarding a discovery dispute.

**II.   MOTION TO COMPEL**

Plaintiffs seek to compel the depositions of Will Steven Hardy, Jordan Parish, and David Spencer, to compel responses to the first set of interrogatories (Docket No. 265-9),[1] and to overrule any objection to Plaintiffs sharing sensitive discovery materials with their designated damages

---

[1] The interrogatories were served initially in relation to preliminary injunction proceedings, but were renewed thereafter during general discovery. Docket No. 265-1 at ¶¶ 16-19.

1

expert (Richard Bero, Joseph Laur, and the directors and analysts at Bero Group). *See* Docket No. 265 at 4-10. The party resisting discovery bears the burden of persuasion, *e.g.*, *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019), as does the party opposing disclosure to an expert, Docket No. 105 at 9. In this case, no response was filed to the motion, so it is granted as unopposed. *See* Local Rule 7-2(d).

### III.   MOTION FOR AWARD OF EXPENSES UNDER RULE 37(A)(5)(A)

Plaintiffs seek to recover their expenses for filing the above motion to compel. Docket No. 265 at 11-12. Upon granting a motion to compel, there is a presumption that the movant is entitled to recover its expenses incurred in making that motion. *See* Fed. R. Civ. P. 37(a)(5)(A); *see also Big City Dynasty v. FP Holdings, L.P.*, 336 F.R.D. 507, 513 (D. Nev. 2020). The losing party bears the burden of establishing an exception to an award of expenses, such as substantial justification. *Id.* In this case, the Court is granting the motion to compel, *see* Section II, and no showing has been made by Defendants that an exception exists such that expenses should not be awarded. Moreover, the record does not appear to support any such exception at any rate. As a result, the Court will grant the motion for an award of expenses.

### IV.   MOTION FOR SANCTIONS UNDER RULE 37(D)

Plaintiffs seek the imposition of sanctions pursuant to Rule 37(d) of the Federal Rules of Civil Procedure. Docket No. 265 at 12-14.

Sanctions may be imposed if "a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may also be imposed for a failure to respond to interrogatories or requests for production. *See* Fed. R. Civ. P. 37(d)(1)(A)(ii). Potential sanctions include any of those listed in Rule 37(b)(2)(A)(i)-(vi), including case dispositive sanctions, and an award of reasonable expenses, including attorneys' fees. Fed. R. Civ. P. 37(d)(3).

In this case, it is uncontested that Hardy and Parish failed to appear at their deposition. *See, e.g.*, Docket No. 265-1 at ¶¶ 7, 11. It is also unrebutted that the depositions were properly noticed. *See* Docket No. 265 at 4-5. From this predicate, the instant motion appears to seek three forms of

sanctions: (1) reasonable expenses, including attorneys' fees, (2) striking or denying Defendants' pending motions to dismiss, and (3) case-dispositive sanctions. Docket No. 265 at 13-14.

      As to reasonable expenses, including attorneys' fees, the Court is already granting an award of expenses above pursuant to Rule 37(a)(5)(A) in relation to the pending motion practice. *See* Section III. While there is some daylight between expenses awarded under Rule 37(a)(5)(A) and Rule 37(d),[2] Plaintiffs' request for Rule 37(d) expenses is at least somewhat duplicative of the earlier request. Moreover and significantly, the Court has not been provided parameters or delineation as to what expenses it is that Plaintiffs seek to recover under Rule 37(d). *See, e.g.*, Docket No. 265 at 12 (seeking sanctions "arising from, <u>but not limited to</u>," the deposition nonappearances (emphasis added)); *id.* at 13 (seeking "reasonable expenses and attorneys' fees" without specification). The Court declines to award expenses under Rule 37(d) without more specification as to how that relief differs from the other expenses already awarded and without some specification of the universe of expenses being sought.

      As to striking or denying the motions to dismiss, the motion provides no legal authority of any sort that this is a remedy contemplated by Rule 37(d). Nor does such a sanction make sense. At the most basic level, a motion to dismiss is not the only means to challenge the legal sufficiency of a case, *see also* Fed. R. Civ. P. 12(c) (motion for judgment on the pleadings); Fed. R. Civ. P. 56(a) (motion for summary judgment), so the relief sought appears to have little practical effect.[3] Moreover, it would be a waste of judicial and party resources to impose this sanction to allow the case to summary judgment or trial if, in fact, the case is subject to dismissal. *Cf. ProDox, LLC v. Prof. Doc. Servs., Inc.*, 341 F.R.D. 679, 688 (D. Nev. 2022) (rejecting as a Rule 37(d) sanction

---

[2] Pursuant to Rule 37(a)(5)(A), a party prevailing on its motion to compel may recover the fees "incurred in making the motion." Fed. R. Civ. P. 37(a)(5)(A). Pursuant to Rule 37(d), a party may recover the expenses "caused by the failure" to appear for deposition or respond to written discovery. Fed. R. Civ. P. 37(d)(3).

[3] The papers seem to insinuate that the motions to dismiss were filed as a means to avoid discovery. *See* Docket No. 265 at 13 (indicating that the motions to dismiss were filed "instead of complying with long-requested discovery"). It is black letter law that the filing of a motion to dismiss does not somehow act to automatically stay discovery. *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011) ("The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending").

request to "dismiss" pending motion for summary judgment).[4] As such, the Court declines to award as a Rule 37(d) sanction the striking or denial of the pending motions to dismiss.

As to case-dispositive sanctions, the motion simply invites the Court to impose such a sanction, but it does not provide the meaningfully developed argument necessary to do so. *See* Docket No. 265 at 13; *but see Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).[5] The more significant the relief sought by a movant, the more developed their briefing should be in support of that relief. *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022). Case-dispositive sanctions are not meant "to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Imposition of case-dispositive discovery sanctions requires a multi-factor analysis established by governing Ninth Circuit precedent. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993). While the motion here substantiates unjustified failures to appear for deposition, it does not provide any analysis as to why that conduct should translate into case-dispositive sanctions.

Accordingly, the Court declines to impose sanctions pursuant to Rule 37(d) based on the pending motion. While the Court is not imposing Rule 37(d) sanctions herein, the Court is not condoning the unrebutted discovery abuses identified, but rather has simply not been presented with briefing showing that the relief sought is warranted. This ruling is without prejudice to renewing the motion. Any such renewed motion, however, must include robust discussion and analysis.

## V. CONCLUSION

For the reasons discussed above, the motion to compel is **GRANTED** in full. Will Steven Hardy, Jordan Parish, and David Spencer must sit for deposition by July 12, 2024. Counsel must immediately confer on these deposition dates. Defendants must respond to the identified

---

[4] The Court expresses no opinion herein as to the merits of the motions to dismiss.

[5] In some discovery contexts, courts may impose case-dispositive sanctions *sua sponte*. *See, e.g.*, *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011) (holding that district court possesses the authority to impose case-dispositive sanctions *sua sponte* for violation of a discovery order pursuant to Rule 37(b) of the Federal Rules of Civil Procedure). Although the motion essentially invites *sua sponte* action, it does not cite to any legal authority that doing so would be appropriate.

interrogatories by June 26, 2024.  **FAILURE TO COMPLY WITH THIS ORDER MAY RESULT IN A <u>CONTEMPT</u> FINDING AND THE IMPOSITION OF SIGNIFICANT SANCTIONS, UP TO AND INCLUDING <u>CASE-DISPOSITIVE SANCTIONS</u>.**  In addition, Plaintiffs are permitted to share sensitive discovery information with their identified damages expert (Richard Bero, Joseph Laur, and the directors and analysts at Bero Group).

The motion for an award of expenses under Rule 37(a)(5)(A) is **GRANTED**.  If the parties do not agree on an amount of expenses to be paid to Plaintiffs, then Plaintiffs must file, no later than June 26, 2024, a "Motion to Calculate Expenses" providing all information required to determine the reasonable expenses incurred in making the motion.

The motion for sanctions under Rule 37(d) is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: June 12, 2024

_____
Nancy J. Koppe
United States Magistrate Judge