# SEALED

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

|  |  |
|---|---|
| TOMAHAWK MANUFACTURING, INC., and FORMTEC, LLC, | Case No.: 2:23-cv-01007-APG-NJK |
| Plaintiffs, | **\*SEALED\*** |
| v. | **Order (1) Denying Motions for Contempt, Vexatious Litigant Determination, and Emergency Hearing, (2) Temporarily Granting Motion to Seal, and (3) to Show Cause Why Documents on the Court's Docket Should Not Be Unsealed** |
| SPHERICAL INDUSTRIES, INC., SPHERICAL INDUSTRIES HOLDINGS, LLC, CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY, | |
| Defendants. | **[ECF Nos. 170, 173, 183, 317]** |

Plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC sue defendants Spherical Industries, Inc.; Spherical Industries Holdings, LLC; Christopher Duggan; and Will Hardy for, among other things, misappropriation of trade secrets. In January 2024, when Duggan was pro se, he filed several documents that the plaintiffs contend publicly revealed their trade secrets on the court's docket despite me previously having warned Duggan not to do so. The plaintiffs assert that Duggan also sent an email to their counsel threatening to report him to the bar if he did not settle the case. Based on this flurry of activity, the plaintiffs filed motions for a determination that Duggan was in contempt of court, to deem Duggan a vexatious litigant, and for an emergency hearing.

Duggan opposed contempt, arguing that he did not realize he was violating court orders because he thought he could place matters on this court's docket that are already publicly available elsewhere. He proposed to run future filings past the plaintiffs before filing them to avoid disputes going forward. Duggan also argued that the plaintiffs did not present a sufficient record to support declaring him vexatious.

## I. BACKGROUND

My temporary restraining order and preliminary injunction enjoined the defendants from disclosing or publicizing the plaintiffs' Trade Secrets, which I defined as "sphere-into-cylinder Venturi technology in fluid applications." ECF Nos. 39 at 1; 51 at 1.  Duggan thereafter filed a document that referred to sphere-into-cylinder Venturi technology as applied to fluids. *See* ECF No. 56-3 at 12-19.  That prompted the plaintiffs to file an emergency motion to seal. ECF No. 58.  Duggan filed a declaration in opposition to the motion to seal in which he explained why he believed the information in his filing was not a trade secret. ECF No. 59.

I temporarily sealed Duggan's filings at ECF Nos. 56-3 and 59. ECF No. 61.  In doing so, I reminded Duggan that "I have ordered him to refrain from . . . disclosing . . . the Plaintiffs' Trade Secrets . . . until further order from the court." *Id.* at 1 (quotation omitted).  In that order, I noted that I had explained to Duggan at the July 18, 2023 hearing that "he is not to publicly disclose the Plaintiffs' Trade Secrets as I have defined that term even if he does not agree that they constitute trade secrets.  That includes filing unsealed documents on the public court docket." *Id.*  I advised Duggan that if he "need[ed] to file something with the court that discloses the trade secrets, then he must file it under seal and comply with Local Rule IA 10-5." *Id.*  The parties thereafter stipulated to seal ECF Nos. 56-3, 59, and 64. ECF No. 78.

January 2024 marked a rather chaotic period in this case.  Although still technically represented by counsel, Duggan acted as if he were pro se and filed the documents that prompted the plaintiffs' motions for contempt and for vexatious litigant status. ECF Nos. 165-68.  I ordered the documents to be sealed "because they appear to contain information that is covered by the protective order in this case." ECF No. 177 at 1.  I again warned Duggan not to publicly file

information that is covered by my orders and that if he disagreed with those orders, the proper response was to "move to vacate them." *Id.*

During this period, the plaintiffs filed their motions for contempt, vexatious litigant status, and emergency hearing. ECF Nos. 170; 173; 183.  Meanwhile, the defendants' counsel sought to withdraw. ECF Nos. 163; 174; 179.  I subsequently granted the motions to withdraw. ECF Nos. 176; 203.

Despite these events and my prior warnings, Duggan again filed a document on the public docket that disclosed what I had defined as the trade secrets. ECF No. 198 at 4-6.  Duggan cited in this document public filings in the case of *Tomahawk Manufacturing, et al. v. Gannon, et al.*, case number 1:22-cv-00557-WCG in the United States District Court for the Eastern District of Wisconsin (hereinafter "*Tomahawk v. Gannon*"). *See, e.g., id.* at 5 nns. 6-7.  I thereafter granted the plaintiffs' motion to seal this document and directed the plaintiffs to file redacted versions on the public docket. ECF No. 206.  The plaintiffs filed a version that redacts language that the plaintiffs had already revealed in the publicly available version of their original complaint. *Compare* ECF Nos. 198 at 6 and 208 at 6 *with* ECF No. 1 at 21.

Duggan responded to the motions for contempt and vexatious litigant status by apologizing to the court, indicating he did not intend to violate the court's orders. ECF No. 210. Duggan also stated that he believed that because certain matters were publicly available, he could publicly file them here too.  Shortly thereafter, new counsel appeared for the defendants. ECF No. 213.

////

////

////

3

**II.  Motions for Contempt, Vexatious Litigant Status, and Emergency Hearing (ECF Nos. 170, 173, 183)**

I deny the motions for contempt, to declare Duggan a vexatious litigant, and for an emergency hearing because although Duggan should have paid heed to my orders and warnings, the relief the defendants seek is largely moot.  The defendants incorrectly believed that Duggan had ECF filing privileges that I should revoke, but he did not.  Rather, he was emailing documents to the court's docketing department and (improperly) to my courtroom deputy to file.  Moreover, Duggan is no longer pro se.  Consequently, the plaintiffs' requests to revoke ECF filing privileges or to restrict pro se filings are moot.  The plaintiffs also suspect that Duggan's pro se filings were ghost-written and Duggan should be forced to reveal the attorney who was assisting him.  Duggan states that he used Google Scholar and artificial intelligence, and that no lawyer ghost-wrote for him. *See* ECF No. 210 at 15.  If the plaintiffs uncover evidence that this was untrue, then they may pursue the matter at that time.  But again, Duggan is no longer pro se, so the ghost-writing issue is moot as to future filings.  I do not find that Duggan's email to the plaintiffs' counsel amounts to contempt of court or constitutes a sufficient basis to declare him a vexatious litigant, particularly now that Duggan has counsel.  Finally, the plaintiffs request an award of attorney's fees but cite no law under which they seek the fees and provide no analysis as to why they are entitled to fees under that law.  Accordingly, I deny the motions.

**II.  MOTION TO SEAL (ECF No. 317)**

The defendants move to seal their answer to the amended complaint. ECF No. 317.  Like many of the sealed filings in this case, this motion to seal is based on the plaintiffs' assertion of trade secrets and my previous orders.  I grant the motion to seal based on my prior orders.  However, having reviewed Duggan's response to the motion for contempt, the plaintiffs' original

complaint, and the public docket in *Tomahawk v. Gannon*, I now question whether certain words and phrases that have been sealed in this case should be sealed.  Consequently, I order the plaintiffs to show cause why documents containing those words and phrases that have appeared elsewhere on a public court docket should remain sealed in this case.

As set forth in the background section, the plaintiffs have redacted one of Duggan's documents to delete words that are unredacted in the original complaint in this case.  More importantly, numerous words and concepts redacted in this case appear unredacted in the public docket of *Tomahawk v. Gannon*.  For example, the complaint in that case states that Tomahawk employed Samuel Gannon, who "test[ed] other non-food uses for FOT and venturi technology for Formtec, including pressure water nozzles." *Tomahawk v. Gannon*, ECF No. 1 at 5.  It also discusses Formtec's "Spray Nozzle Project" to use "FOT and venturi technology to develop a high-pressure spray nozzle," including that the purpose was to "increase velocity and decrease pressure flow rates, which ultimately reduces the amount of water used." *Id.* at 6-8 (simplified).  And the *Tomahawk v. Gannon* complaint references the defendants' "RogueFlo" trademark application associated with spray nozzles and showerheads. *Id.* at 9-11.  Other filings in *Tomahawk v. Gannon* similarly contain public reference to the use of Venturi effect technology in fluid applications, including spray nozzles and showerheads. *See, e.g.*, ECF Nos. 2 at 1-2; 3 at 5-9, 11-13, 17; 18 at 4, 9-1, 12; 20 at 1; 22 at 1; 23 at 1; 25 at 1-2; 26 at 2, 5.  In sum, it appears that most of the sealed filings in this case have been erroneously sealed to redact information that is publicly available elsewhere.

Consequently, I order the plaintiffs to show cause why each document that has been sealed up to this point (including this order, which I enter under seal at this point) should not be unsealed.  If the plaintiffs believe that some portions of documents should still be sealed, they

must identify those portions and explain why they should be sealed, including a discussion regarding whether that information has already been made public elsewhere.

To be clear, I am not ruling that the plaintiffs have no trade secrets. They may in fact have trade secrets in specific research, designs, specifications, measurements, testing methods and results, models, prototypes, or the like. That is yet to be determined in this case. However, it appears that the words and phrases that have been sealed thus far have already been revealed publicly elsewhere, and thus should not be sealed in this case.

Finally, even if it turns out that matters in this case were sealed when they should not have been, that does not excuse Duggan repeatedly filing matters on the docket that were contrary to my orders. While the public availability of that information may have led Duggan to believe he could file matters on the public record, I repeatedly advised him not to do what he was doing, yet he persisted. Rather than risk contempt, Duggan should have done what I ordered: file the matters under seal and move to vacate the sealing and protective orders.

**IV.  CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motions for contempt, vexatious litigant status, and an emergency hearing **(ECF Nos. 170, 173, 183) are DENIED**.

I FURTHER ORDER that the defendants' motion to seal **(ECF No. 317) is GRANTED**.

I FURTHER ORDER that by September 13, 2024, the plaintiffs shall show cause why each document that is currently sealed on the court's docket should not be unsealed. If the plaintiffs believe that some portions of documents should still be sealed, the plaintiffs must identify those portions and explain why they should be sealed, including a discussion regarding whether that information has already been made public elsewhere. If the plaintiffs fail to do so, I will order those documents to be unsealed.

I FURTHER ORDER that if the plaintiffs identify documents or portions of documents that should remain sealed, the defendants may challenge those designations by September 27, 2024.  The plaintiffs may file a reply by October 4, 2024.

DATED this 13th day of August, 2024.

_____
Andrew P. Gordon
UNITED STATES DISTRICT JUDGE

7