# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiff(s),

v.

SPHERICAL INDUSTRIES, INC., et al.,

    Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**Order**

[Docket Nos. 334, 335]

Pending before the Court is Plaintiffs' motion to compel limited reopened three-hour depositions, to extend case management deadlines, and to award expenses, including attorneys' fees. Docket No. 334; *see also* Docket No. 335 (sealed version). Defendants filed responses. Docket Nos. 342, 343. Plaintiffs filed a reply. Docket No. 346; *see also* Docket No. 347 (sealed version). Defendants filed an objection. Docket No. 351. Plaintiffs responded to the objection. Docket No. 356.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.

The pending motion suffers from several threshold deficiencies. The motion is predicated most centrally on Plaintiffs' assertion that meritless privilege objections left them without testimony on certain matters. The motion does not clearly identify any particular rule on which relief is being sought. Specificity is important because different rules have different requirements and may afford different relief.[2] By way of example, a motion may be filed to "compel[] an

---

[1] Motions to seal and redact were filed in relation to this motion practice. Docket Nos. 336, 344, 348. The Court has endeavored to omit any potentially sensitive information from this order. The Court defers ruling on the motions to seal and redact at this time in light of the pending order to show cause regarding sealing. Docket No. 329.

[2] The case law cited in the motion notes this very concern, identifying troubling deposition conduct but declining to address the motion because it had not sufficiently identified an applicable provision in the Federal Rules of Civil Procedure. *Cardinali v. Plusfour, Inc.*, 2019 WL 12435670, at *1-2 (D. Nev. Mar. 29, 2019).

1

answer" if "a deponent fails to answer a question asked under Rule 30 or 31." Fed. R. Civ. P. 37(a)(3)(B), (i). If that is the provision on which this motion is based, Plaintiffs have not explained how relief in the form of three more hours of deposition testimony is permissible given that the rule itself provides for an answer to questions previously posed. Moreover and significantly, as Defendants raise in response, a motion to compel regarding a non-party deposition must be brought in the court where the deposition is or will be taken, Fed. R. Civ. P. 37(a)(2), which would appear to foreclose the filing of this motion in this Court with respect to non-party Angulo.[3] The Court declines to address the substance of this motion when it is not clear on what legal basis it is being brought.

Accordingly, this motion is **DENIED** without prejudice. Any renewed motion must clearly identify the provision(s) in the rules on which the motion is based, must identify the standards and requirements applicable to the identified provision(s), and must provide meaningful explanation as to how those standards and requirements have been met, in addition to arguing that deposition misconduct occurred. If that renewed motion continues to seek relief as to non-party Angulo's deposition, it must provide meaningfully developed argument (supported by legal authority) as to why that motion is properly brought in this Court.

IT IS SO ORDERED.

Dated: October 7, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[3] In reply, Plaintiffs indicate that this is not actually a motion to compel testimony from Angulo, *see* Docket No. 346 at 4, which begs the question of what the motion actually is then and under what provision of the rules it is being brought. The reply switches gears to argue for the first time that this Court has jurisdiction to order additional deposition testimony based on its authority to regulate the conduct of attorneys appearing before it. *See id.* at 5. This argument is not sufficiently developed, including that it does not provide an explanation as to how the relief sought is warranted by the cited local rule or how attorneys are considered to be appearing before this Court when they are engaged in depositions in other jurisdictions.