UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., | Case No. 2:23-cv-01007-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket Nos. 357, 358] |
| SPHERICAL INDUSTRIES, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' motion to compel discovery, to extend case management deadlines, and to award expenses, including attorneys' fees. Docket No. 357; *see also* Docket No. 358 (sealed version). Defendants filed a response. Docket No. 365. Plaintiffs filed a reply. Docket No. 368.[1] The motion is properly resolved without a hearing. *See* Local Rule 78-1.[2]

**I.   STANDARDS**

"[B]road discretion is vested in the trial court to permit or deny discovery." *Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002); *see also Crawford-El v. Britton*, 523 U.S. 574, 598 (1998). When a party fails to provide discovery, the requesting party may move to compel it. Fed. R. Civ. P. 37(a). The party seeking to avoid discovery bears the burden of showing why the discovery should not be permitted. *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 309 (D. Nev. 2019) (citing *Blankenship v. Hearst Corp.*, 519 F.2d 418, 429 (9th Cir. 1975)). The party resisting

---

[1] Motions to seal and redact were filed in relation to this motion practice. Docket Nos. 359, 369. The Court has endeavored to omit any potentially sensitive information from this order. The Court defers ruling on the motions to seal and redact at this time in light of the pending order to show cause regarding sealing. Docket No. 329.

[2] As the parties are familiar with the facts and procedural posture of the case, the Court will not provide a background discussion herein.

discovery must specifically detail the reasons why each request is irrelevant or otherwise objectionable, and may not rely on boilerplate, generalized, conclusory, or speculative arguments. *F.T.C. v. AMG Servs., Inc.*, 291 F.R.D. 544, 553 (D. Nev. 2013).  Arguments against discovery must be supported by "specific examples and articulated reasoning." *E.E.O.C. v. Caesars Ent.*, 237 F.R.D. 428, 432 (D. Nev. 2006).

## II. MOTION TO COMPEL DOCUMENT PRODUCTION

On August 29, 2024, Plaintiffs served requests for production. Docket No. 357-2. Responses were due within 30 days. *See* Fed. R. Civ. P. 34(b)(2)(A). As Plaintiffs argue, any objections to the request for production are now waived. Docket No. 357 at 4. Defendants acknowledge that they failed to meet that deadline. Nonetheless, Defendants argue that Plaintiffs' request is moot because Defendants served responses after the motion to compel was filed that indicate in large part that they have responsive documents that they will produce at some unspecified time in the future. *See* Docket No. 365 at 5; *see also* Docket No. 365-7. Defendants' position is hogwash. This aspect of the motion to compel is **GRANTED**. Defendants must produce responsive documents by October 23, 2024.

## III. MOTION TO COMPEL DEPOSITION

On August 29, 2024, Plaintiffs served a notice for the deposition of James Motter to be taken on September 20, 2024. Docket No. 357-4. Defendants now argue that Motter is not a party to this litigation, such that a subpoena had to be served rather than a notice of deposition. *See, e.g.*, Docket No. 365 at 2-4.

A party may depose a person by serving "reasonable written notice." Fed. R. Civ. P. 30(b)(1). "If a person is a party, a simple notice of deposition is sufficient to compel attendance, while a non-party's attendance can be compelled only by subpoena." *Jules Jordan Video, Inc. v. 144942 Canada Inc.*, 617 F.3d 1146, 1158 (9th Cir.2010). In the context of a corporate party, a natural person is deemed a party for Rule 30(b)(1) notice purposes if that person is the party's officer, director, or managing agent. *See, e.g., Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 628 n. 1 (C.D. Cal. 2005). The burden is on the examining party to establish the status of the deponent as an officer, director, or managing agent, but this burden is a "modest" one and any

doubts are resolved in favor of the examining party. *Nationstar Mtg., LLC v. Flamingo Trails No. & Landscape Maintenance Assoc.*, 316 F.R.D. 327, 333 (D. Nev. 2016) (citing *Calderon v. Experian Info. Solutions, Inc.*, 287 F.R.D. 629, 632–33 (D. Id. 2012)).

The record more than suffices for Plaintiffs to meet their burden that Motter's deposition may be obtained through notice rather than subpoena. To wit, Spherical's own website identifies Motter as its Chief Legal Officer, Docket No. 357-6; *see also* Docket No. 357-1 at ¶ 11, which is also corroborated by deposition testimony, Docket No. 358-2. Defendants filed a declaration with a contrary version of reality that Motter is merely a former investor who assumed his money was lost upon being ghosted by Spherical. *See* Docket No. 365-2 at ¶ 3.[3] Notwithstanding that declaration, Plaintiffs met their "modest burden" and the Court resolves doubts on this issue in Plaintiffs' favor. *E.g.*, *Flamingo Trails*, 316 F.R.D. at 333.

Accordingly, this aspect of the motion to compel is **GRANTED**. Motter must appear for deposition on an agreed-upon date by October 30, 2024.

IV.  **MOTION TO COMPEL RESPONSES TO REQUESTS FOR ADMISSION**

On August 30, 2024, Plaintiffs served requests for admission. Docket No. 357-7. In addition to objections, Defendants responded that they are unable to admit or deny because documents remain with prior counsel. Docket No. 357-8.

An answering party "may assert lack of knowledge or information as a reason for failing to admit or deny only if the party states that it has made reasonable inquiry and that the information it knows or can readily obtain is insufficient to enable it to admit or deny." Fed. R. Civ. P. 36(a)(4). The answering party bears the burden of undertaking a reasonable inquiry into readily obtainable information from persons and/or documents within the answering party's relative control. *Jones v. Zimmer*, 2014 WL 6772916, at *5 (D. Nev. Dec. 2, 2014) (collecting cases). A boilerplate assertion of having undertaken a reasonable inquiry is not sufficient; the answering party must

---

[3] Plaintiffs note the paradoxical nature of Defendants' position that, on the one hand, they have no authority to accept service of a deposition notice for Motter while, on the other hand, they apparently have the authority to file his declaration and advance argument on his behalf. *See* Docket No. 368 at 3.

instead "state fully those efforts" undertaken to obtain the needed information. *F.D.I.C. v. Halpern*, 271 F.R.D. 191, 194 (D. Nev. 2010).

Defendants' responses indicate that they cannot admit or deny the requests because they have not received documents from their former attorney, despite current counsel being "in contact with former counsel." Docket No. 357-8. The Court agrees with Plaintiffs that the answers do not "state fully those efforts" undertaken to obtain the needed information, as is required. Further elaboration is particularly necessary in this case, given that Defendants' assertion of a lack of access to documents is contradicted by the assertions of prior counsel in the exhibits to Defendants' own briefing. *See, e.g.*, Docket No. 365-15.[4]

Accordingly, this aspect of the motion to compel is **GRANTED**.[5] Defendants must supplement their responses by October 23, 2024.

## V.     MOTION TO EXTEND CASE MANAGEMENT DEADLINES

Plaintiffs seek an extension of case management deadlines to account for the rulings made herein. The Court may extend unexpired deadlines upon a showing of good cause. Local Rule 26-3. The Court does not discern a need to reopen the discovery cutoff generally, as discovery is closed in this case except with respect to the specific items compelled above. With respect to the dispositive motion deadline, the Court agrees with Plaintiffs that a short extension is warranted. Accordingly, this aspect of the motion is **GRANTED** in part. The deadline for dispositive motions

---

[4] Although Defendants reference their undue burden objection, *see* Docket No. 365 at 6, 7, the Court is not persuaded because Defendants failed to support that objection with meaningfully developed argument, *see Jones*, 2014 WL 6772916, at *4; *see also Flamingo Trails*, 316 F.R.D. at 334 (addressing requirement for development and support required for undue burden objection).

[5] "When a responding party fails to comply with these requirements, the Court has discretion to order that proper responses be provided or to deem admitted the requests for admission." *See Jones*, 2014 WL 6772916, at *5 (citing *Asea, Inc. v. S. Pac. Transp. Co.*, 699 F.2d 1242, 1247 (9th Cir. 1981)). At this juncture, the Court declines to deem these requests admitted.

4

is **EXTENDED** to November 20, 2024,[6] and the deadline for the joint proposed pretrial order is **EXTENDED** to December 20, 2024.[7]

## VI.    MOTION FOR AN AWARD OF EXPENSES

Plaintiffs seek an award of expenses with respect to bringing the instant motion. Docket No. 357. The Court finds it appropriate to defer resolution of this request so the parties can evaluate their positions on expenses in light of the rulings made above. Although not required to do so, counsel may also find it useful to confer on the issue of expenses. Moreover, the Court prefers to defer ruling on expenses until after the above deadlines so that Defendants' compliance with this order may be assessed. If Plaintiffs continue to seek expenses arising out of the rulings made herein, a renewed motion must be filed by November 6, 2024. Any renewed motion must include meaningful discussion of all pertinent issues,[8] as well as all required support as to the amount of expenses being sought. Accordingly, the motion for an award of expenses is **DENIED** without prejudice.

## VII.    CONCLUSION

For the reasons discussed above, Plaintiffs' motion to compel is **GRANTED**, Plaintiffs' motion to extend case management deadlines is **GRANTED** in part and **DENIED** in part, and Plaintiffs' motion for an award of expenses is **DENIED** without prejudice.

IT IS SO ORDERED.

Dated: October 15, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[6] Although the Court is extending the dispositive motion deadline so that the discovery compelled herein can be obtained before that briefing, this order should not be interpreted as in any way extending the outer deadline for filing discovery motions. *Cf. Garcia v. Serv. Emps. Int'l Union*, 332 F.R.D. 351, 354 (D. Nev. 2019). The outer deadline for filing discovery motions remains set at November 6, 2024.

[7] If dispositive motions are filed, the pretrial order deadline is suspended until 30 days after they are resolved. Local Rule 26-1(b)(5).

[8] Any renewed motion must also *specify* under which provision or provisions in Rule 37 relief is sought. General reference to Rule 37 is not helpful. *See* Docket No. 357 at 11.