UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., | Case No. 2:23-cv-01007-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket Nos. 385, 387] |
| SPHERICAL INDUSTRIES, INC., et al., | |
| Defendant(s). | |

Pending before the Court is Plaintiffs' second motion to compel discovery, to extend case management deadlines, and for sanctions. Docket No. 385. The basic predicate of the motion is that Defendants violated the Court's earlier order compelling discovery. *See, e.g.*, *id.* at 2 ("This Motion is based on Defendants' ongoing non-compliance with the document and request for admissions directives of this Court's October 15, 2024 Order (ECF No. 370)"). The motion then asks that, *inter alia*, Defendants be ordered to provide the responsive documents and admission responses that had been ordered previously.

The Court does not herein express an opinion as to whether Defendants complied with the Court's prior order. In an effort to aid in conferral efforts, however, the Court makes clear that its orders are not suggestions; they are directives with which compliance is mandatory. *E.g.*, *Chapman v. Pacific Tel. & Tel. Co.*, 613 F.2d 193, 197 (9th Cir. 1979). Failure to comply with a discovery order can lead to severe repercussions, including monetary sanctions, case-dispositive sanctions, and contempt findings. *See* Fed. R. Civ. P. 37(b)(2).[1] To avoid eroding the import of its own orders, the undersigned does not generally issue a second order compelling discovery that is already the subject of an earlier order compelling discovery. *See, e.g.*, *Herb Reed Enterps., Inc.*

---

[1] Sanctions may be imposed on the party itself, its attorneys, or both. *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988).

*v. Monroe Powell's Platters, LLC*, 2013 WL 3729720 (D. Nev. July 11, 2013) (upon the filing motion to compel discovery that had been ordered previously, instead imposing case-dispositive and monetary sanctions, and then denying motion to compel as moot), *adopted*, 2013 WL 5278518 (D. Nev. Sept. 17, 2013).  The Court wishes to make this clear so that counsel can carefully consider their positions and confer further with a bright-eyed understanding of what repercussions may result from a finding that the Court's prior discovery order was violated.  *Cf. Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

Accordingly, Plaintiffs' motion to compel discovery, to extend case management deadlines, and for sanctions (Docket No. 385) is **DENIED** without prejudice.  If a renewed motion is filed, it must provide robust analysis as to the propriety of each of the sanctions being sought.[2]

As the Court is not resolving the underlying motion on its merits, the corresponding motion to seal (Docket No. 387) is conditionally **GRANTED**.  In the event Plaintiffs renew their motion, however, they must refile the motion to seal and the Court will analyze at that time whether a sufficient showing for sealing is made.

IT IS SO ORDERED.

Dated: November 4, 2024

_____
Nancy J. Koppe
United States Magistrate Judge

---

[2] The current motion provides a few pages of discussion with *suggestions* of the sanctions the Court should *consider*.  *See* Docket No. 385 at 14.  No doubt, the Court has the authority to impose sanctions *sua sponte* under Rule 37(b)(2).  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 787 (9th Cir. 2011).  Nonetheless, it is the preferred course for a party asking for significant sanctions to provide robust argument in support of that request.  *See, e.g., Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015).