UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>            Defendant(s). | Case No. 2:23-cv-01007-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 399, 400, 437] |

"The art of advocacy is not one of mystery. Our adversarial system relies on the advocates to inform the discussion and raise the issues to the court." *Independent Towers of Wash. v. Wash.*, 350 F.3d 925, 929 (9th Cir. 2003). To that end, courts reject briefing akin to a "spaghetti approach," consisting of efforts to "heave[] the entire contents of a pot against the wall in hopes that something would stick." *Id.* (declining to "sort through the noodles" in search of a claim). These basic precepts apply to all motion practice, but they are particularly apt when a movant is seeking significant relief, such as case-dispositive sanctions. *See, e.g.*, *Cobb v. United States*, 2022 WL 1308114, at *1 n.1 (D. Nev. May 2, 2022) (citing *Taddeo v. Am. Invsco Corp.*, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015)); *see also Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989) ("dismissal is not a sanction to be invoked lightly").

With respect to a motion for discovery sanctions, the Court has elsewhere explained the structure of the analysis:

> The first step in requesting discovery sanctions is for the movant to establish a violation that triggers a particular provision of Rule 37. Different types of discovery violations trigger different provisions, *see, e.g.*, Fed. R. Civ. P. 37(b)(2)(A) (violation of a discovery order); Fed. R. Civ. P. 37(d)(1)(A)(i) (failure to attend deposition); Fed. R. Civ. P. 37(d)(1)(A)(ii) (failure to respond to written discovery); Fed. R. Civ. P. 37(c)(1) (failure to disclose or

> supplement), so the motion must specify the particular provision of Rule 37 at issue, *but see* Docket No. 94 at 2 (seeking sanctions under "Rule 37" generally). [FN 2: It is important to be precise because, *inter alia*, different issues are governed by different standards and have different potential repercussions. For example, the motion discusses an alleged failure to respond to requests for admission, Docket No. 94 at 5, but the penalty for failing to respond to requests for admission is that they are deemed admitted, Fed. R. Civ. P. 36(a)(3). No legal authority has been provided that a failure to respond to requests for admission may result in the imposition of case-dispositive sanctions.] Particularly when case-dispositive sanctions are being sought, the movant must also provide a sufficient factual basis <u>supported by well-developed argument</u> and by a <u>fulsome evidentiary record</u> so the Court can assess whether the discovery violation alleged did in fact take place. Moreover, in cases with lengthy histories, it is important to identify with particularity the newly alleged discovery conduct that is the basis of the current request for sanctions. While the Court may consider previous discovery misconduct in evaluating which sanction to impose, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993), such information becomes pertinent <u>only after the Court finds a new violation that has not already been addressed</u>. Otherwise the Court is simply being asked to add more sanctions onto conduct that has already been addressed.
>
> Once a legal and factual basis has been presented to establish a previously-unaddressed discovery violation of a pertinent rule, the Court will then turn to what (if any) sanction should be imposed. *See, e.g.*, *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1169-70 (9th Cir. 2012) (after noting the lack of any dispute that discovery order was violated, providing standards that govern the selection of an appropriate sanction). The Court may consider earlier discovery misconduct in the case in determining an appropriate sanction for the current violation. *Henry*, 983 F.2d at 947.

*Kohli v. Dayal*, 2022 WL 20655853, at *1-2 (D. Nev. Dec. 14, 2022) (emphasis in original, some footnotes omitted).

On November 1, 2024, Plaintiffs filed a motion to compel a document production that the Court had already ordered in resolving earlier motion practice. Docket No. 385. The Court rejected that motion, explaining that there is no need for a second order compelling discovery because the Court already ordered that relief. Docket No. 389. If the Court's prior order was violated, the proper relief would be to file a motion for sanctions under Rule 37(b)(2) of the Federal Rules of Civil Procedure. *Id.* at 1. The Court expressed no opinion as to whether the prior order was violated, *see id.*, but explained that any motion for sanctions predicated on that accusation "must provide robust analysis as to the propriety of each of the sanctions being sought," *id.* at 2; *see also id.* at 2 n.2 (emphasizing the need for robust argument).

On November 14, 2024, Plaintiffs filed a motion for sanctions "pursuant to Fed. R. Civ. P. 37 and LR IA 11-8,"[1] seeking "case-concluding sanctions in Plaintiffs' favor" and an award of attorneys' fees. Docket No. 399 at 1.[2] This is the motion presently before the Court. The motion then provides 16 pages of meandering litigation accusations, some of which do not appear to relate to discovery at all, some of which appear to relate to nonparty discovery taking place elsewhere, and some of which appear to relate potentially to other cases. The factual recitation that seems to relate to the prior motion regarding non-compliance spans a few paragraphs and is not well-developed or stated with clarity. *See id.* at 15-16. The motion then provides block quotations to Rules 37(c) and (d) of the Federal Rules of Civil Procedure, Docket No. 399 at 17-18, before jumping into discussion of the factors that are considered in deciding whether to select case-dispositive sanctions as an appropriate remedy, *id.* at 18-23.

As instructed by the Ninth Circuit, the Court declines to sort through the noodles of Plaintiffs' spaghetti bowl of a motion in an effort to determine whether severe, case-dispositive sanctions should be imposed. *See Independent Towers*, 350 F.3d at 929. If Plaintiffs seek relief from this Court, they must present a motion that clearly identifies the legal and factual basis for that relief. If Plaintiffs seek relief for the violation of a discovery order, for example, they must identify the governing rule, they must outline the governing standards for that provision, and they must establish as a factual matter that a discovery order was in fact violated. If Plaintiffs believe other misconduct informs the appropriate sanction to levy upon finding a violation that triggers

---

[1] Other than this passing reference, it does not appear that this local rule appears again in the motion.

[2] The motion indicates that this Court granted leave for its filing. *See* Docket No. 399 at 1 n.1. It is not clear what Plaintiffs mean. The Court earlier ruled that the prior motion to compel sought relief that was improperly duplicative of an earlier order, the Court explained that it expressed no opinion as to whether the earlier order was violated, and the Court required that any motion for sanctions needed to be properly presented. *See* Docket No. 389. "Leave" is not required to file a motion for sanctions and the Court did not grant such relief.

3

one of the rule provisions, then they must provide that factual discussion within a clear framework for that identified purpose supported by clear factual citation and relevant legal argument.[3]

Accordingly, Plaintiffs' motion for sanctions (Docket Nos. 399, 400) is **DENIED** without prejudice. The Court expresses no opinion herein as to the allegations raised. Any renewed motion must be structured in a manner to provide clear argument and must otherwise address the problems identified above.[4] Defendants' motion for a surreply (Docket No. 437) is **DENIED** as moot.[5]

IT IS SO ORDERED.

Dated: January 30, 2025

Nancy J. Koppe
United States Magistrate Judge

---

[3] Rather than simply throwing everything at the Court, Plaintiffs must carefully consider whether and how the alleged misconduct informs the analysis. By way of example, one must wonder whether allegations concerning conduct in other cases or with respect to depositions in other jurisdictions are properly presented in seeking sanctions from this Court in this case. *Cf.* Fed. R. Civ. P. 37(b)(1). One must also wonder whether alleged litigation misconduct unrelated to discovery is pertinent to the imposition of a discovery sanction. One must also wonder whether Plaintiffs can obtain case-dispositive sanctions against all "Defendants" without specifying discovery misconduct by each of them. These are, of course, issues that counsel would be well-advised to address.

[4] The Court focuses herein on the substance of the motion, as it is a movant's basic burden to provide clear argument. *See, e.g.*, *Silvagni v. Wal-Mart Stores, Inc.*, 230 F.R.D. 237, 244 (D. Nev. 2017). The Court notes, however, that Defendants' briefing is largely unresponsive and unhelpful. *See, e.g.*, Docket No. 421.

[5] This motion for a surreply was improperly docketed by counsel as a "response." *See* Docket No. 436.

4