UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>            Plaintiff(s),<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>            Defendant(s). | Case No. 2:23-cv-01007-APG-NJK<br><br>**Order**<br><br>[Docket No. 474] |

Attorney Stephen Healey is unable or unwilling to comply with the basic requirements applicable to federal litigation. In his latest lapse, Attorney Healey filed an emergency motion to modify the protective order 45 hours before a hearing in the Central District of California, a hearing that would apparently benefit from resolution of this motion in this District. While the Court in no way seeks to hold up proceedings in another federal courthouse, the Court cannot countenance the continued disregard of basic procedural rules. Accordingly, the Court declines to resolve this motion on an emergency basis. The pending motion will be briefed and decided in the ordinary course.

**I.     BACKGROUND**

This case involves claims for alleged trade secret misappropriation. *See, e.g.*, Docket No. 309 (amended complaint). On September 20, 2023, the Court entered a protective order governing the confidential treatment of certain discovery materials. Docket Nos. 103, 105. The protective order permits the filing of motions for modification in accordance with standard procedural requirements. Docket No. 105 at 13.

On December 3, 2024, Defendants filed an emergency motion to modify the protective order. Docket No. 422. The next day, on December 4, 2024, the Court denied that motion for failing to comply with the discovery rules regarding prefiling conferrals. Docket No. 423 at 1.

1

The Court also noted further deficiencies, including that the motion was improperly filed on an emergency basis without sufficient justification, *see id.* at 1-2, and that the papers were "rambling and difficult to follow, veering from one tangential issue to the next," *id.* at 1 & n.1.

On December 17, 2024, Defendants filed a second emergency motion to modify the protective order. Docket No. 440. Later that same day, on December 17, 2024, the Court denied that motion for again failing to comply with the discovery rules regarding prefiling conferrals. Docket No. 444 at 1. The Court required counsel to take prompt action and to hold the required conference by 5:00 p.m. on December 20, 2024. *Id.* at 2.

More than a month later, on January 23, 2025, Defendants filed a third emergency motion to modify the protective order. Docket No. 452. The next day, on January 24, 2025, the Court denied that motion for failing to comply with the requirements for seeking emergency relief, failing to include pertinent points and authorities, and failing to show service of the motion had been made on opposing counsel. Docket No. 454 at 1-3. The Court expressed particular concern that another emergency motion had been filed without sufficient justification, despite the Court's identification months earlier of the same deficiency. *Id.* at 2.

On March 4, 2025, Chief United States District Judge Andrew P. Gordon rebuffed Defendants' efforts to sidestep the requirements for seeking to modify the protective order:

> The defendants have identified deadlines in other cases that may be impacted by the fact that I am giving both sides additional time to justify sealing in this case. If the defendants need information that is still subject to sealing in this case for use in another case, then they should review Magistrate Judge Koppe's rulings on their various motions to modify the protective order and file a proper motion for her consideration instead of attempting to bypass her with this motion.

Docket No. 467 at 6. Hence, Defendants have had ample notice of the need to file a proper motion to modify the protective order, but more weeks of inaction followed.

On March 25, 2025, Defendants filed a stipulation on their discovery dispute in the identified case pending in the Central District of California. *See Spherical Industries, Inc. v. Alejandro S. Angulo*, Case No. 8:24-cv-00932-MCS-ADS, Docket No. 50 (C.D. Cal. Mar. 25,

2025) (notice of motion).[1]  That discovery dispute was calendared for a hearing at 10:00 a.m. on April 16, 2025, before United States Magistrate Judge Autumn D. Spaeth. *See id.* at 1.  Hence, this hearing has been known to Defendants for three weeks.  In the subject papers, Attorney Healey represented that he was taking action to tee up his request to modify the protective order in this courthouse: "*Concurrent* with opposing the defense motion to compel here, the undersigned anticipates seeking leave of Court in Nevada for a Fifth [sic] time to be relieved and/or modify the Nevada protective order there." *Angulo*, Docket No. 51 at 7 (C.D. Cal. Mar. 25, 2025) (emphasis added); *see also Angulo*, Docket No. 51 at 9 ("Plaintiffs intend to file a Fifth [sic] request of the Nevada Magistrate [sic] to modify the protective [o]rder").  Despite those representations made on March 25, 2025, no such motion was filed concurrently in this courthouse.

Instead, Defendants waited another 20 days to file a fourth emergency motion to modify the protective order at 12:45 p.m. on April 14, 2025.  Docket No. 474 (notice of electronic filing). Defendants seek emergency relief of that motion precisely because they waited so long to file the motion, while indicating that its resolution is needed for the now imminent hearing before Judge Spaeth in the Central District. *See, e.g.*, Docket No. 474 at 1, 6.  To repeat, this hearing was noticed for that date and time three weeks ago, on March 25, 2025.  Defendants also fail to explain why this motion was not filed sooner after the denial of the third motion to modify in January, Docket No. 454, or Chief Judge Gordon's directive to file a proper motion in the beginning of March. Docket No. 467 at 6.  This fourth emergency motion is the motion currently before the Court.

**II.    STANDARDS**

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *in re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)).  "Safeguards that have evolved over many decades are built into the Federal Rules of Civil Procedure and the Local Rules of this court." *Mission Power Eng'g Co.*

---

[1] The Court takes judicial notice of filings in its sister federal court. *See, e.g.*, *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

3

*v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995).[2] A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c); *see also* Local Rule 26-7(d). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R.

---

[2] This Court's decision in *Cardoza* relies extensively on the cornerstone decisions from the Central District by United States Magistrate Judge Elgin C. Edwards and later-elevated United States District Judge Pamela A. Rymer. The case law in the Central District refers to "ex parte" motions, which judges in this District refer to as "emergency" motions. *See Cardoza*, 141 F. Supp. 3d at 1140 n.3.

at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

### III. ANALYSIS

As noted above, emergency motions require a showing that "the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). Defendants have been put on notice for months of the need to file a proper motion to modify the protective order. *See, e.g.*, Docket No. 454. As recently as March 4, 2025, Chief Judge Gordon issued a clear order of the need to file such a motion, Docket No. 467 at 6, but Defendants sat on their hands. Making matters worse, Defendants now point to an imminent hearing in another courthouse as justifying emergency relief, but Defendants have known about that hearing for at least 20 days. And, yet, Defendants waited to file this motion until it is too late to obtain responsive briefing and for judicial review of the matter.[3] Quite plainly, Defendants are at fault in creating the exigent circumstance for which they seek emergency review, which defeats that request.

### IV. REMEDIAL ACTION

When attorneys prove to be unequipped to practice law in federal court, it is appropriate for the Court to require them to take action to become prepared. *See, e.g.*, *4 Exotic Dancers v. Spearmint Rhino*, 2009 U.S. Dist. Lexis 9841, at *1-2 n.1 (C.D. Cal. Jan. 29, 2009). In light of the circumstances here, the Court **ORDERS** Attorney Stephen Healey to read the following decisions in their entirety: *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015); *Mission Power Eng'g Co. v. Continental Cas. Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995); *in re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989). Attorney Stephen Healey must file a declaration attesting to having complied with this order by April 28, 2025.

---

[3] Given the circumstances, it is unclear if Defendants actually want this issue to be resolved or if they simply want to tell a judge in another District that they have attempted to obtain resolution without success.

## V. CONCLUSION

Accordingly, the Court declines to address the pending motion in an expedited manner. The motion will be briefed and decided in the ordinary course. As it appears counsel in the identified case pending in the Central District are interested parties regarding this issue, the Clerk's Office is **INSTRUCTED** to email a copy of this order to Kevin H. Brogan (kbrogan@hillfarrer.com) and William A. Meyers (wmeyers@hillfarrer.com). As explained in Section IV, Attorney Stephen Healey must file a declaration in compliance with this order by April 28, 2025.

IT IS SO ORDERED.

Dated: April 14, 2025

_____
Nancy J. Koppe
United States Magistrate Judge