UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., <br><br> Plaintiff(s), <br><br> v. <br><br> SPHERICAL INDUSTRIES, INC., et al., <br><br> Defendant(s). | Case No. 2:23-cv-01007-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 474, 479] |

Pending before the Court are Defendants' renewed motions to modify the protective order. Docket Nos. 474, 479. Plaintiffs filed a response in opposition. Docket Nos. 481, 482. Defendants did not file a reply. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Defendants' renewed motions to modify the protective order.

**I.    BACKGROUND**

This is a trade secret case in which the Court issued a protective order governing confidential material after contested briefing. Docket No. 103 (order granting motion). The resulting protective order mandates that designated materials cannot be used for purposes other than this litigation. *See, e.g.*, Docket No. 105 at ¶ 7(a) ("Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of this action and of any appeal thereof"). The protective order also makes clear that, upon presentation of appropriate circumstances, it is subject to modification by the Court. *Id.* at ¶ 16.

Among the twists and turns in this case, defense counsel with the law firm of Rutan & Tucker filed an emergency motion to withdraw predicated on an assertion that, *inter alia*, Defendants likely used counsel to perpetrate a crime or fraud. Docket No. 179 at 7-8. That motion to withdraw was granted. Docket No. 203. Defendants then filed suit against withdrawn counsel

1

in a separate action in the Central District of California. *See Spherical Industries, Inc., et al. v. Alejandro S. Angulo, et al.*, Case No. 8:24-00932-MCS-ADS (C.D. Cal.) ("Central District case"). The parties are now before this Court on Defendants' renewed efforts to modify the protective order issued in this case to enable them to disclose designated materials in relation to the Central District case. Docket Nos. 474, 479.[1]

## II.   STANDARDS

District courts possess broad discretion in deciding whether to modify a protective order. *See Empire Blue Cross & Blue Shield v. Janet Greeson's A Place for Us, Inc.*, 62 F.3d 1217, 1219 (9th Cir. 1995). The Ninth Circuit "strongly favors access to discovery materials to meet" parties' needs in collateral litigation. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1131 (9th Cir. 2003) (citation omitted). "Whe[n] reasonable restrictions on collateral disclosure will continue to protect an affected party's legitimate interests in privacy, a collateral litigant's request to the issuing court to modify an otherwise proper protective order so that collateral litigants are not precluded from obtaining relevant materials should generally be granted." *Id.* at 1132 (citation omitted). "Nonetheless, a court should not grant a collateral litigant's request for such modification automatically." *Id.* The Ninth Circuit has established a threshold inquiry:

> As an initial matter, the collateral litigant must demonstrate the relevance of the protected discovery to the collateral proceedings and its general discoverability therein. Requiring a showing of relevance prevents collateral litigants from gaining access to discovery materials merely to subvert limitations on discovery in another proceeding. Such relevance hinges "on the degree of overlap in facts, parties, and issues between the suit covered by the protective order and the collateral proceedings."

*Id.* (internal citation omitted). To be clear, the collateral court makes a finding as to relevance and discoverability, while the court deciding whether to modify its protective order makes only a "rough estimate of relevance." *Id.*

---

[1] Defendants' motions also seek other relief, such as seeking to vacate the protective order altogether. *E.g.*, Docket No. 474 at 16. The local rules prohibit seeking varied relief within the same filing, *see* Local Rule IC 2-2(b), there are important policy reasons to enforce that rule, *see, e.g.*, *Divine Wellness, LLC v. NFP Prop. & Cas. Servs., Inc.*, 2024 WL 2880285, at *1 (D. Nev. May 17, 2024), and the Court declines to entertain herein any arguments other than as to modifying the protective order for the purpose of allowing disclosure in the Central District case.

## III. ANALYSIS

The showing made by Defendants to modify the protective order is that they are facing a motion to compel in the Central District case that targets documents their attorneys have "held back" purportedly to comply with the protective order in this case. Docket No. 474 at 6. Although Defendants recognize in the motions themselves the requirement to show the relevance and discoverability of the protected documents from this case that will be disclosed in the Central District case, *see* Docket No. 474 at 14 (quoting *Foltz*, 331 F.3d at 1132); *see also* Docket No. 479 at 3 (same), on that issue Defendants simply state as follows:

> Counsel for legal malpractice defendants, Hill, Farrer & Burrill LLP, needs access to the pleadings, discovery requests and responses, deposition testimony, and the like, in this case to defend Mr. Angulo and Rutan & Tucker.

*Id.*; *see also* Docket No. 479 at 4-5 (stating without elaboration that the legal malpractice defendants "seek discovery . . . of documents that are protected" by the protective order in this case). Defendants do not identify any particular document or any category of protected information that is subject to production in the Central District case. Defendants do not explain in what way any protected material from this case is relevant to the issues being litigated in the Central District case. The conclusory assertions of a "need[]" for documents fails to move the needle at all on the showing of relevance.

The motions are otherwise barren on the issue of relevance. The Court notes that Defendants block quote three of the paragraphs of the complaint in the Central District case, *see* Docket No. 474 at 13, which the Court will assume for the sake of completeness is an attempt to identify issues in the Central District case for which materials in this case are sought. The motions fail even so construed. The quoted allegations address the manner of defense counsel's withdrawal from this case. *See id.* As Plaintiffs similarly explain in opposing the pending requests to modify the protective order, the issues in the Central District case center on the manner of defense counsel's withdrawal from this case and a counterclaim for non-payment of fees by Defendants. Docket No. 482 at 5 & n.5. Plaintiffs further argue persuasively that Plaintiffs' protected discovery

materials have no bearing on those issues. The Court has been presented with no contrary viewpoint from Defendants.

In short, the pending motions fail for lack of any showing of how subject material in this case is relevant to the claims or defenses in the Central District case. This failure alone dooms the pending motions. *See Foltz*, 331 F.3d at 1132 (explaining that "the court that entered the protective order should satisfy itself that the protected discovery is sufficiently relevant to the collateral litigation" prior to allowing it to be shared for collateral litigation).[2] The Court also notes for the record, however, that Plaintiffs vehemently oppose modification of the protective order. Docket No. 482. In particular, Plaintiffs warn that Defendants are actually asking to expose Plaintiffs' sensitive information to litigate the trade secrets in another case in which Plaintiffs are not parties. *Id.* at 2-3. Plaintiffs also argue that Defendants' motions are significantly overbroad in seeking a blanket exception for the protective order that would apply to each and every one of Plaintiffs' protected documents. *Id.* at 4-5. Plaintiffs also note that the Defendants in the Central District case (the former withdrawn counsel) have themselves not requested any protected documents from Plaintiffs.[3] *Id.* at 5, 6. Plaintiffs also explain that Defendants' purported need to use Plaintiffs' protected information in the Central District case appears at odds with the record, including Defendants' failure to appear for the pertinent hearing in that case, *id.* at 6, and defense counsel's apparent acknowledgment that Defendants only need to use their own documents in the Central District case, and not Plaintiffs' documents, *id.* at 7 n.7. The response summates all of the above as demonstrating that Defendants' request to modify the protective order is not actually predicated on a legitimate effort to facilitate discovery elsewhere, but rather is part of an ulterior effort by Defendants to disclose publicly the information in dispute in this case "ostensibly because they

---

[2] Defendants state that they may suffer adverse consequences in the Central District case if the protective order is not modified. Docket No. 474 at 15. The Court is certainly cautious about in any way interfering with proceedings in another sister district, *see, e.g.*, Docket No. 475 at 1, but the Court cannot (and will not) afford relief without a proper showing being made by counsel. If Defendants suffer adverse consequences in the Central District case, such consequences stem from their own failings.

[3] The Court provided notice to opposing counsel in the Central District case regarding the pendency of this motion practice. *See* Docket No. 475 at 6.

mistakenly believe there can be no misappropriation if the trade secrets have been publicized and destroyed." *Id.* at 7; *see also id.* at 8 (providing examples that Plaintiffs contend illustrate other similar efforts to publicize protected information). Despite these serious accusations and arguments from Plaintiffs, Defendants forewent their opportunity to provide any rebuttal argument in reply.

### IV. CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** Defendants' renewed motions to modify the protective order.

IT IS SO ORDERED.

Dated: May 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge