UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC. and FORMTEC, LLC,<br><br>Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order (1) Denying Defendants' Applications for Orders to Show Cause and (2) Granting Defendants' Request for Judicial Notice**<br><br>[ECF Nos. 383, 470, 472] |

Plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC sue the defendants[1] for a variety of claims, but the parties' focus in this litigation has generally been on the plaintiffs' allegations that the defendants misappropriated trade secrets. The defendants move for an order to show cause why I should not hold the plaintiffs in contempt of a protective order for publicly disclosing the alleged trade secrets, dismiss the plaintiffs' amended complaint for alleged fraud on the court because no trade secrets exist, and revoke the out-of-state counsel's pro hac vice status for alleged misconduct related to filings with the U.S. Patent and Trademark Office (USPTO).

I deny the motions for sanctions because I find no grounds for contempt, dismissal, or sanctions. I grant the defendants' unopposed request for judicial notice of a filing in the Eastern District of Wisconsin.

/ / / /

/ / / /

---

[1] Spherical Industries, Inc.; Spherical Industries Holdings LLC; Christopher Duggan; Will Hardy; Spherical Industries, LLC; Entourage International, Inc.; and BlockXchange, Inc.

### A. Fraud on the Court

I have "inherent power to sanction a party or its lawyers . . . for "willful[ ] abuse [of the] judicial processes." *Gomez v. Vernon*, 255 F.3d 1118, 1133-34 (9th Cir. 2001) (quotation omitted); *see also Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (stating that a court's inherent power "includes the ability to fashion an appropriate sanction for conduct which abuses the judicial process" (quotation omitted)).  The defendants argue that the plaintiffs have committed a fraud on the court in three ways: (1) claiming certain engineering drawings were trade secrets that the defendants misappropriated; (2) suing on trade secrets that their principal admitted have been in the public domain since 2012; and (3) committing a fraud on the USPTO.

### 1. Engineering Drawings

The defendants make several arguments about engineering drawings that the plaintiffs identified in this case as trade secret material.  The defendants first assert that the plaintiffs' claim that they have trade secrets in the engineering drawings is meritless because the drawings the plaintiffs rely on are labeled "patent pending."  I reject this argument because the defendants do not explain the significance of this point.  The mere fact that something is labeled patent pending does not show the material is not a trade secret.  The drawings are also marked as Formtec's proprietary information that is "not to be used by anyone without [Formtec's] written permission." ECF No. 383-9 at 13-15.

Second, the defendants argue that the plaintiffs have not yet proven that these drawings depict a product that can work in the real world.  Again, the defendants do not explain the significance of this assertion, even if true.

Third, the defendants argue that the plaintiffs cannot show the trade secret was misappropriated because the drawings in the defendants' provisional patent applications are not the same as the allegedly stolen drawings. But the defendants again do not explain how a difference in the drawings proves that the defendants did not misappropriate trade secrets such that case terminating or other sanctions are appropriate. The defendants could have misappropriated trade secrets but not copied them directly into their provisional patent applications. I therefore deny the defendants' motion based on the engineering drawings.

### 2. In the Public Domain

The defendants assert that the plaintiffs know they have no trade secrets in this case because the plaintiffs' principal, Robert Tournour, testified at his deposition that the plaintiffs' trade secrets have been available in the public domain since at least 2012. They also assert that Tomahawk argued in a lawsuit in Oregon that the alleged trade secrets in this case are not confidential. The plaintiffs respond that the defendants mischaracterize Tournour's testimony, ignore the errata Tournour completed after reviewing his deposition transcript, and misrepresent what Tomahawk argued in the Oregon case.

#### *a. Tournour's Testimony*

Tournour is the sole owner of Tomahawk and the 95% owner of Formtec. ECF No. 396-5 at 4. When asked about a specific type of product that is part of the alleged trade secrets, Tournour stated that "the master patent would cover that" and that the patent is publicly available. *Id.* at 8, 34, 39. The defendants assert this means that Tournour admitted the alleged trade secret was publicly revealed through the master patent. However, during his deposition, Tournour also testified that Formtec owns trade secrets related to technology that has been at the heart of this lawsuit that is not in the public domain. *Id.* at 6, 45-46, 57, 122. And post-

3

deposition, Tournour clarified his testimony to state that he was "not sure about trade secrets, but in [his] mind, the claims of the master patent would cover that." *Id.* at 119.

The cited deposition testimony does not support the defendants' request for case-terminating sanctions or sanctioning counsel. Tournour expressed that Formtec has trade secrets related to the technology at issue and expressed his opinion, as a lay person, that a product produced using that technology would fall within the master patent's claims. A patent does not necessarily destroy the secrecy of information not publicly disclosed in the patent. *See Henry Hope X-Ray Prods., Inc. v. Marron Carrel, Inc.*, 674 F.2d 1336, 1342 (9th Cir. 1982) (where a patented apparatus contained features that were not disclosed in a patent, the undisclosed features qualified for protection as trade secrets). The defendants have not shown that the patent discloses all the plaintiffs' trade secrets. For example, the defendants do not argue or present evidence to show that a patent or patent application publicly reveals the information in the engineering drawings. Whether the plaintiffs have trade secrets and whether the defendants misappropriated those secrets are matters to be resolved on the merits in this case.

*b. The Oregon Action*

The defendants assert that in the Oregon case between James Wolff (who is not a party in this case) and Tomahawk, Tomahawk argued that information related to the alleged trade secrets in this case was not confidential. Tomahawk responds that the defendants are misrepresenting Tomahawk's argument.

Tomahawk did not argue in the Oregon lawsuit that the alleged trade secrets in this case were not confidential information within the meaning of trade secret law. Rather, it argued that the alleged trade secrets did not count as "Confidential Information" as that term was specifically defined in a 2010 non-disclosure agreement (NDA) between Wolff and Tomahawk. *Wolff v.*

4

*Tomahawk Mfg.*, No. 3:21-cv-880-SI, 2024 WL 3540845, at *4 (D. Or. July 24, 2024). The 2010 NDA required that if Wolff wanted information that he conveyed orally to Tomahawk to be covered by the 2010 NDA, then Wolff had to notify Tomahawk in writing that he considered that information to be "Confidential Information" under the 2010 NDA. *See id.* at *7-8.[2] Tomahawk was thus arguing that the information was not Wolff's confidential information. Tomahawk's position in the Oregon litigation is the same as it is here: that the plaintiffs own the disputed technology under the 2012 FOT (Fiber Orientation Technology) Agreement. *See id.* at *6 ("Tomahawk continues to assert that the Disputed Technology falls under FOT and Wolff is prohibited from claiming any rights arising out of FOT or any product relating to FOT under the FOT Agreement."); ECF No. 309 at 7-8 (the plaintiffs' amended complaint in this case alleging that under the FOT Agreement, Formtec owns and controls the "technology and the intellectual property," with Wolff's company having a minority interest). The defendants have not identified where in the Oregon filings Tomahawk argued that the technology was publicly available or was not confidential information belonging to the plaintiffs. Therefore, there is no basis to dismiss the amended complaint or to sanction the plaintiffs or their counsel based on what Tomahawk argued in Oregon.

### 3. Fraud on the USPTO

The defendants argue that the plaintiffs' attorney, Phillip Weiss, committed fraud on the USPTO. They assert Weiss did so by using non-party Wolff's signature on a patent form and a

---

[2] *See also id.* at 7 ("Tomahawk contends that Wolff can have it one of two ways—either Wolff's claimed technology in his motion falls under FOT and he gave the necessary notice in December 2010 to protect it but it falls within the FOT Agreement, or it does not fall under FOT and then he never gave any written notice as required by the 2010 NDA and the technology is not protected under that document. Either way, Tomahawk argues, Wolff cannot obtain summary judgment in his favor.").

5

power of attorney to apply for U.S. Patent No. US2024/0334957 (the '957 patent) that identifies Wolff as the inventor despite (1) Wolff seeking to disqualify Weiss as acting as his counsel and (2) Wolff never having seen a diagram in the patent even though he is identified as the inventor. The plaintiffs respond that they were required to support a continuation patent application with the originally filed application, including the page with Wolff's signature. They also argue that the defendants do not have standing to raise these arguments because Wolff is not a party to this case, and that Wolff cannot challenge the filing either because Wolff is estopped from attacking patent rights that he assigned to the plaintiffs.

The defendants do not explain how, nor cite authority to support, an alleged fraud against a non-party (Wolff) before a different entity (the USPTO) by an attorney who has not made an appearance before this court (Weiss) should result in dismissing the plaintiffs' amended complaint or sanctioning the plaintiffs and their counsel in this case. I therefore deny this request.

### B. Contempt of Court

In their first motion for contempt, the defendants argue that the plaintiffs violated the order filed at ECF No. 103 by publishing the '957 patent without leave of court.[3] In their second motion for contempt, the defendants argue that the plaintiffs violated the order filed at ECF No. 105 by (1) filing ECF No. 469 in this court and (2) filing a sealed document from this case in the Eastern District of Wisconsin.[4]

---

[3] The defendants also assert that the plaintiffs argued in the Oregon action that the plaintiffs "had a superior patent ownership claim" to the alleged trade secret vis-à-vis Wolff in part "because this technology was not confidential . . . ." ECF No. 383 at 19 (simplified). As I have previously explained, that is incorrect.

[4] The defendants also request to vacate the protective order in this case because they contend there are no trade secrets in this case. I have addressed this contention in other orders, so I do not address it further in this order. *See, e.g.*, ECF No. 467.

The plaintiffs respond that the '957 patent does not disclose the trade secrets at issue in this case because the patent refers to creating a cavitation effect, which is not the subject of the trade secrets. As for ECF No. 469 and the filing in Wisconsin, the plaintiffs assert that these are not documents that were exchanged in discovery, so they do not fall within the protective order's coverage. Additionally, the plaintiffs assert that ECF No. 469 reveals information that I had already determined should be unsealed. They also contend that the filing in the Eastern District of Wisconsin was done under seal in response to the defendants' argument that the plaintiffs' motion for contempt in that court should fail because the plaintiffs gave the Eastern District of Wisconsin court only redacted versions of certain documents.

"Civil contempt consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *Inst. of Cetacean Rsch. v. Sea Shepherd Conservation Soc'y*, 774 F.3d 935, 945 (9th Cir. 2014) (simplified). "The party alleging civil contempt must demonstrate that the alleged contemnor violated the court's order by clear and convincing evidence, not merely a preponderance of the evidence." *Id.* (simplified).

### 1. First Motion for Order to Show Cause

The order at ECF No. 103 addressed the plaintiffs' motion to prevent the defendants from sharing the plaintiffs' trade secret information with certain consultants, Wolff, and another former Tomahawk employee, Samuel Gannon. *See* ECF No. 103 at 6. The protective order itself is ECF No. 105.

The defendants do not cite to any particular provision of either order that the plaintiffs violated by filing the '957 patent. More generally, the defendants do not explain how the plaintiffs would violate the protective order by revealing some of the plaintiffs' own alleged

trade secret material through a public filing with the USPTO (or through any other means). Thus, even assuming that is what the '957 patent does, the defendants have not shown the plaintiffs are in contempt of the protective order. Consequently, I deny the defendants' first motion for contempt, dismissal, or revoking pro hac vice applications.[5]

### 2.  Second Motion for Order to Show Cause

In their second motion for an order to show cause, the defendants assert that the plaintiffs violated the provisions of the protective order that limit the categories of who may review documents that have been designated as confidential in this case because those categories do not include a court. So, they assert that the plaintiffs violated the protective order by (1) filing ECF No. 469 in this court and (2) filing under seal in the Eastern District of Wisconsin an unredacted version of a sealed filing in this case.

ECF No. 469 is a "status report" that the plaintiffs filed in response to my order at ECF No. 467 that unless the plaintiffs obtained relief from the Ninth Circuit by April 3, 2025, I would unseal my order. On April 2, the plaintiffs filed ECF No. 469 which informed the court that they would not be seeking relief from the Ninth Circuit but would be filing a motion to seal various other documents on the docket. ECF No. 469 at 2. The plaintiffs also included commentary about whether they have trade secrets. In doing so, they used some words and phrases that previously had been sealed in this case. *Id.*

I find no basis to hold the plaintiffs in contempt for filing the status report. I had already ordered the same information would be unsealed the next day if the plaintiffs did not obtain

---

[5] The plaintiffs request sanctions for having to respond to this motion, but they do not identify any rule, case, or statute in support nor analyze how the defendants' conduct supports sanctions under the applicable law. Consequently, I deny the request. Additionally, if the plaintiffs wanted to move for sanctions, they should have complied with Local Rule IC 2-2 and filed a separate document event for a motion for sanctions.

8

appellate relief.  Although the plaintiffs could have waited until I unsealed my order, said less than they did in their status report, or simply filed nothing, I do not find their conduct worthy of a contempt finding or sanctions.

I similarly decline to issue an order to show cause regarding the sealed filing in the Eastern District of Wisconsin.  The plaintiffs filed the document under seal in that court as well.  And the defendants can hardly be heard to complain.  The defendants argued to the judge in Wisconsin that he should not grant Formtec's pending motion without viewing unredacted versions of the documents Formtec filed in that court. *See Formtec LLC v. Spherical IP LLC*, 1:23-cv-00516-WCG, ECF No. 51 at 4, 18-19 (E.D. Wis. Mar. 23, 2025).  Additionally, it appears based on the subject matter of that suit and the restricted filings on the docket that the judge in that case already knows the alleged trade secret material that is revealed in the sealed filing.  I therefore deny the defendants' motion.

**C. Conclusion**

I THEREFORE ORDER that the defendants' motions for orders to show cause **(ECF No. 383, 470) are DENIED**.

I FURTHER ORDER that the defendants' unopposed request for judicial notice **(ECF No. 472) is GRANTED**.

DATED this 15th day of May, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE