UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., and FORMTEC, LLC,<br><br>Plaintiffs,<br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>Defendants. | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Denying Defendants' Motion for Sanctions**<br><br>**[ECF No. 420]** |

Plaintiffs Tomahawk Manufacturing, Inc. and Formtec, LLC sue defendants Spherical Industries, Inc.; Spherical Industries Holdings LLC; Christopher Duggan; Will Hardy; Entourage International, Inc.; and BlockXchange, Inc. for a variety of claims. The defendants have counterclaimed. In this order, I address the defendants' motion for case-terminating sanctions and attorney's fees.

The defendants argue that the plaintiffs' alleged trade secrets have been in the public domain since 2013 because they are disclosed in a Canadian patent application. The defendants also argue that the plaintiffs have mischaracterized the testimony of non-party James Wolff regarding whether the plaintiffs submitted any patents involving water applications. The defendants contend that Wolff meant only that no patents involving water applications were submitted from 2017 to 2020, when Wolff was a Tomahawk employee. The defendants thus seek sanctions under 28 U.S.C. § 1927, asserting the plaintiffs and their counsel have vexatiously maintained this case even though the plaintiffs have no trade secrets.[1]

---

[1] The defendants also once again misrepresent what Tomahawk argued in the Oregon case regarding confidentiality. I addressed this issue in another order.

The plaintiffs respond that the Canadian patent application does not disclose the trade secrets. They also assert that they did not mischaracterize Wolff's declaration because Wolff has been involved with Formtec since at least 2012.[2]

Under 28 U.S.C. § 1927, I have discretion to award "the excess costs, expenses, and attorneys' fees reasonably incurred" when an attorney "multiplies the proceedings in any case unreasonably and vexatiously."[3] This sanction applies "only to unnecessary filings and tactics once a lawsuit has begun." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). To be sanctioned under § 1927, the attorney must have acted in bad faith. *Id.* at 436. "Bad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Id.* (quotation omitted).

**A. Patent**

The plaintiffs claim to own a trade secret "with respect to the application of Sphere-Into-Cylinder Venturi Technology in shower heads and spray nozzles" and "power washer spray nozzles" as a result of the plaintiffs' research and development of "Sphere-Into-Cylinder Venturi Technology." ECF No. 310 at 16. The defendants argue that the plaintiffs are vexatious litigants because the plaintiffs have no trade secret due to disclosure of the trade secret in Canadian Patent Application 3172877 (filed Sept. 12, 2022) ('877 application). The defendants assert that the '877 application extinguished the plaintiffs' alleged trade secret claims because the '877

---

[2] The plaintiffs once again request fees and costs without identifying the statute, rule, or caselaw to support sanctions, nor do they analyze how the defendants' conduct supports an award of sanctions under the relevant authority. I therefore deny that request.

[3] The defendants cite no authority that I can dismiss the case under § 1927. That request is therefore denied.

application disclosed "fluid applications" of "sphere-into-cylinder Venturi technology." ECF No. 420 at 2 (emphasis omitted).

As an initial matter, Local Rule 7-2(a) requires that all motions "be supported by a memorandum of points and authorities." Here, the only legal citation in the defendants' brief is to 28 U.S.C. § 1927, the federal statute authorizing sanctions for vexatious litigation. The brief contains no citation to intellectual property caselaw. It does not cite any case in which a plaintiff's attorney asserted a colorable trade secrets misappropriation claim and was sanctioned because the trade secret was, in fact, publicly disclosed. And the brief contains no argument, beyond yellow-highlighted portions of lengthy block quotes, explaining why the '877 application extinguishes the plaintiffs' alleged trade secret claims. So I deny the defendants' motion. *See* Local Rule 7-2(d).

Even if I were to reach the merits, I would deny the motion because it rests on a mistake of fact. The defendants assert that the '877 application has been publicly available since March 21, 2013. However, the '877 application was filed on September 12, 2022.[4] I presume the defendants are referring to the date that the application for Canadian patent number 2848389 (the '398 patent) was made publicly available, which was March 21, 2013. The '877 application is a divisional application of patent '389. The defendants have not identified what in the '389 patent application reveals the plaintiffs' trade secrets.

As for the '877 application, the defendants' alleged misappropriation of trade secrets occurred before that application became publicly available. *See* ECF No. 310 at 20-31. The

---

[4] The defendants attach to their motion a copy of the '877 application that indicates the patent claims were received on February 27, 2024. ECF No. 420-3 at 1. I take judicial notice of the fact that claim 9 pertaining to "liquid products" also appeared in the original filing of the application on September 12, 2022.

3

defendants do not explain how a later disclosure would excuse an earlier misappropriation. *See B. Braun Med., Inc. v. Rogers*, 163 F. App'x 500, 505-06 (9th Cir. 2006) ("The state of industrial knowledge after the alleged misappropriation is irrelevant to determining whether a trade secret existed at the time of the alleged misappropriation." (emphasis omitted)).  The defendants thus have not explained why the disclosure of any information in the '877 application is material to any claim in this case, much less why assertion of those claims is vexatious.  I thus deny this portion of the defendants' motion for that reason as well.

### B. Wolff's Testimony

The defendants contend that the plaintiffs have vexatiously based their claims on a declaration Wolff submitted in a case in the Eastern District of Wisconsin.  There, Wolff stated the following:

> Tomahawk employed me between 2017 and 2021 to provide troubleshooting assistance with regard to meat-forming machinery that had been sold to Tomahawk customers.  During this time I also provided consulting services for Formtec regarding the various patent applications submitted by the parties to the U.S. Patent Office.  While I was involved with Formtec no patents were submitted specifically related to water applications of my technology.

ECF No. 420-4 at 4.  The defendants assert that the plaintiffs have mischaracterized Wolff's statement because when Wolff stated that no patents were submitted related to water applications, he meant during the 2017-2021 timeframe when he worked for Tomahawk.  The plaintiffs respond that Wolff was involved with Formtec long before 2017.

The plaintiffs' interpretation of Wolff's declaration is not sanctionable.  It has some basis given Wolff's statement in this same declaration that his company and Formtec entered into the FOT Agreement in 2012. *Id.* at 3.  I make no determination about which side's interpretation of Wolff's declaration is correct as a factual matter.  To resolve the defendants' motion for

sanctions it suffices to conclude that the plaintiffs' interpretation is not so unreasonable as to amount to bad faith. I therefore deny the motion on this basis.

## II. CONCLUSION

I THEREFORE ORDER that the defendants' motion for sanctions **(ECF No. 420) is DENIED**.

DATED THIS 15th day of May, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE