UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>　　　　Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>　　　　Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order (1) Granting in Part Motion to Strike, (2) Sealing Filings, (3) Setting Summary Judgment Briefing Schedule, and (4) to Show Cause Why the Defendants and Their Counsel Should Not Be Sanctioned**<br><br>[ECF No. 512] |

　　The defendants recently moved for leave to file a motion for summary judgment based on issue preclusion. ECF No. 509. The plaintiffs move to strike the motion for summary judgment because the motion and two of its attachments publicly reveal information that has been sealed in this court and in the Oregon litigation. ECF No. 512. Alternatively, the plaintiffs request that I seal the summary judgment motion and exhibits and order the defendants to file redacted versions. Finally, the plaintiffs request sanctions because the defendants have violated court orders regarding sealing.

　　I deny the plaintiffs' motion to strike the motion for summary judgment. But I grant their request to seal the motion, the two exhibits that reveal previously sealed information, and the defendants' response brief that also reveals previously sealed information. ECF Nos. 509; 509-2; 509-3; 514. Additionally, I order the defendants to file publicly available redacted versions. Because I am not striking the summary judgment motion, and because I understand the parties are on the eve of trial in Oregon, I extend the time for the plaintiffs to respond to the summary judgment motion.

I also order the defendants and their counsel to show cause why they should not be held in civil contempt of court, sanctioned under the court's inherent power, or sanctioned under 28 U.S.C. § 1927,[1] for filing on the public docket documents that are currently the subject of protective and sealing orders in this court and in the Oregon court despite repeated admonitions not to engage in this conduct. *See Shell Offshore Inc. v. Greenpeace, Inc.*, 815 F.3d 623, 629 (9th Cir. 2016); *United States v. Bright*, 596 F.3d 683, 694 (9th Cir. 2010); *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1088 (9th Cir. 2021). Sanctions may include significant monetary sanctions against the defendants and their counsel. Because I understand the parties are on the eve of trial in Oregon, I will set the order to show cause briefing out to July.

I THEREFORE ORDER that the plaintiffs' motion to strike **(ECF No. 512) is GRANTED in part.**

I FURTHER ORDER the clerk of court to **seal** ECF Nos. 509, 509-2, 509-3, 514 pending further order of the court.

I FURTHER ORDER the defendants to file redacted versions of these documents that comply with this court's orders and the Oregon court's orders by June 20, 2025.

I FURTHER ORDER that the plaintiffs' response to the defendants' motion for summary judgment (ECF No. 509) is due July 14, 2025.

I FURTHER ORDER that by July 14, 2025, the defendants and their counsel shall show cause why they should not be held in civil contempt of court or sanctioned under the court's inherent power or under 28 U.S.C. § 1927 for revealing sealed information in ECF Nos. 509, 509-2, 509-3, and 514 without leave of this court or the Oregon court.

---

[1] Only counsel may be sanctioned under 28 U.S.C. § 1927. *Kaass L. v. Wells Fargo Bank, N.A.*, 799 F.3d 1290, 1293 (9th Cir. 2015).

I FURTHER ORDER that the plaintiffs may respond to the defendants' order to show cause response by July 28, 2025, and the defendants may file a reply by August 4, 2025.

DATED this 12th day of June, 2025.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3