UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tomahawk Manufacturing, Inc., et al., <br><br>    Plaintiff(s), <br><br> v. <br><br> Spherical Industries, Inc., et al., <br><br>    Defendant(s). | Case No. 2:23-cv-01007-APG-NJK <br><br> **Order** <br><br> [Docket Nos. 520, 532] |

Pending before the Court is Defendants' motion for reconsideration. Docket No. 520. Plaintiffs filed a response in opposition. Docket No. 525. Defendants filed a reply. Docket No. 528. Plaintiffs filed a motion for sur-reply. Docket No. 532.[1] The Court does not require a hearing. *See* Local Rule 78-1. For the reasons discussed below, the Court **DENIES** Defendants' motion for reconsideration.

**I.   BACKGROUND**

This case involves alleged trade secret misappropriation.[2] On May 23, 2024, Plaintiffs served 170 requests for admission on Defendants. *See* Docket No. 323-5. Defendants did not respond to the requests for admission within 30 days. Instead, Defendants responded to the requests for admission on July 18, 2024, Docket No. 323-2; *see also* Docket No. 323-1, which was after scheduled depositions that were compelled in light of earlier default, *see* Docket No. 332-1

---

[1] The motion for sur-reply is predicated on the existence of new issues raised for the first time in reply. Docket No. 532 at 2. The Court will not consider arguments made for the first time in reply. *See, e.g.*, *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007). Accordingly, the motion for sur-reply is denied as moot.

[2] As the parties are familiar with the procedural posture and facts of the case, the Court will not provide an extensive background herein.

1

at ¶ 4.[3]  Plaintiffs rejected the responses to the requests for admission as untimely. Docket No. 323-3. Hence, by operation of the governing rule, the requests are deemed admitted. *See* Fed. R. Civ. P. 36(a)(3).

Defendants moved to withdraw their admissions. Docket No. 323. The Court denied the motion on multiple grounds, including that Defendants failed to meet their initial burden of showing that presentation of the merits of the action would be promoted by withdrawing their admissions. Docket No. 361 at 3-4. The Court also denied the motion because Defendants failed to show that the Court should exercise its discretion to allow withdrawal. *Id.* at 4-5. More specifically, Defendants failed to argue a good reason for delay despite Plaintiffs' contentions (supported by the record) of discovery gamesmanship both as to the timing of the requests for

---

[3] On April 19, 2024, Plaintiffs filed a motion to compel, for an award of expenses, and for sanctions based on the following:

> 1. Defendant Will Steven Hardy has defaulted twice in appearing for depositions under two deposition notices, most recently, on an agreed date with defense counsel, and defense counsel is now unwilling to produce him;
>
> 2. Jordan Parish, the Chief Operating Officer of Defendant Spherical Industries, Inc., has also defaulted twice in appearing for depositions under two deposition notices, and defense counsel is now unwilling to produce him;
>
> 3. Defense counsel refuses to produce David Spencer, an owner and advisor of Spherical Industries, Inc., for deposition;
>
> 4. Defendants are unwilling to agree to comply with Plaintiffs' long-outstanding interrogatories seeking elemental discovery relating to identification of witnesses and documents; and
>
> 5. Defense counsel refuses to consent to Plaintiffs' sharing of discovery with their damages expert, in violation of the Protective Order (ECF No. 105).

Docket No. 265 at 2-3 (emphasis omitted). Defendants did not oppose that motion, leaving these contentions of serious discovery violations unrebutted and resulting in an order compelling discovery and requiring the payment of expenses. Docket No. 304. The Court ordered that the depositions take place by July 12, 2024, *see id.* at 4, and they did take place by that date, *see* Docket No. 332-1 at ¶ 4. Hence, Plaintiffs were deprived of responses to the requests for admissions when the depositions took place because of Defendants' failure to comply with their obligations.

admission, as well as a pattern of discovery abuses in the case more generally. *Id.* at 4-5 & n.5.[4] Defendants also failed to make any argument that they have a strong case on the merits. *Id.* at 4.

Defendants objected to the order denying their motion to withdraw admissions, seeking reconsideration from Chief United States District Judge Andrew P. Gordon. *See* Docket No. 371. Chief Judge Gordon rejected Defendants' arguments in their entirety. Docket No. 496. As to the reason for the delay, Chief Judge Gordon overruled the objection both because Defendants did not properly present such argument to the undersigned in the underlying papers, *id.* at 9, and also based on the facts in the record:

> In the declaration, Stephen Healy stated that about five days after the plaintiffs sent the RFAs, he contracted COVID and during this time he also needed to address urgent family health situations. Healy also stated in this declaration that he wrote to opposing counsel on July 18 (long after the deadline to respond had already passed) to state that the defendants had been "working diligently to respond to your request and it should be completed shortly." Healy also stated that he "delayed discovery in this case on a good faith belief [that the plaintiffs] had not adequately disclosed the nature of the trade secret." And he asserted that after the plaintiffs sent him documents on June 20 that disclosed the trade secret, he "became aware that former counsel [for defendants] had not turned over his file in its [entirety]."
>
> In their response to the motion to withdraw admissions, the plaintiffs pointed out that the defendants had previously obstructed discovery, resulting in Judge Koppe granting the plaintiffs' motion to compel three depositions to take place by July 12, 2024, and denying the defendants' motion to stay discovery. The defendants' reply brief did not address the reasons for the delay nor dispute the plaintiffs' characterization of the defendants' discovery tactics. The defendants had more than one attorney representing them during most of the 30-day period after the plaintiffs served the RFAs. During this period, the defendants were able to draft a motion to stay discovery and filed a redacted version of their motion to dismiss. The defendants do not explain why they had the ability to file these documents but could not respond to the RFAs or, at a minimum, request more time before the deadline to respond passed. The defendants also knew before the deadline expired that Judge Koppe had denied their motion to stay discovery. Rather than respond or request more time, the defendants simply let the 30 days pass, waited

---

[4] The order compelling depositions and other discovery, and awarding attorney's fees, issued on June 12, 2024. *See* Docket No. 304 (notice of electronic filing). Notably, the responses to the requests for admission were due on June 22, 2024 (i.e., ten days after issuance of that order), *see* Docket No. 323-5 at 30; *see also* Fed. R. Civ. P. 36(a)(3), but Defendants did not seek an extension and did not comply with that deadline.

3

> until the compelled depositions took place,[5] and then filed the late answers. Given this record, Judge Koppe did not abuse her discretion by concluding that the defendants had not adequately presented good cause for the delay.

Docket No. 496 at 9-10 (footnote in original, internal citations omitted).

On June 12, 2025, Defendants filed a motion for reconsideration, Docket No. 520, which is the matter before the Court. Trial is set for February 23, 2026. *See* Docket No. 567.

**II.    STANDARDS**

    A.    <u>Withdrawing or Amending Admissions</u>

Pursuant to Rule 36(a) of the Federal Rules of Civil Procedure, a party may serve on another party a written request to admit the truth of any matter within the scope of Rule 26(b)(1). A failure to timely respond results in the automatic admission of the matter. Fed. R. Civ. P. 36(a)(3). As such, "[e]very civil practitioner knows that a set of requests for admissions is a grenade with its pin pulled: the failure to serve timely denials can blow up a case." *Weil v. Walmart Inc.*, 644 F. Supp. 3d 772, 781 (D. Nev. 2022).

Rule 36(b) of the Federal Rules of Civil Procedure provides a reprieve from that danger, however, allowing for the potential to withdraw admissions. "[T]wo requirements must be met before an admission may be withdrawn: (1) presentation of the merits of the action must be subserved, and (2) the party who obtained the admission must not be prejudiced by the withdrawal." *Sonoda v. Cabrera*, 255 F.3d 1035, 1039 (9th Cir. 2001). The party seeking withdrawal of admissions bears the burden of satisfying the first prong of the test. *See, e.g.*, *McNamara v. Hallinan*, Case No. 2:17-cv-02966-GMN-NJK, 2019 WL 6122003, at *3 (D. Nev. Oct. 28, 2019). The party opposing withdrawal of admissions bears the burden of satisfying the second prong of the test. *Conlon v. United States*, 474 F.3d 616, 622 (9th Cir. 2007).

Even where both requirements have been satisfied, Rule 36(b) is "permissive" and does not mandate withdrawal of the admissions. *Id.* at 624-25. Indeed, the Ninth Circuit has urged district courts "to be cautious in exercising their discretion to permit withdrawal or amendment of an admission." *Id.* at 621 (quoting *999 v. C.I.T. Corp.*, 776 F.2d 866, 869 (9th Cir. 1985)). In

---

[5] One of those depositions involved a named defendant who verified the answers to the RFAs after his deposition had taken place.

4

determining whether to exercise its discretion to allow withdrawal, courts may consider the reason for the delay and whether the moving party appears to have a strong case on the merits. *Conlon*, 474 F.3d at 625.

### B. Reconsideration

Filing a motion for reconsideration runs counter to the important interests of finality and conservation of judicial resources. *See Berman v. Freedom Fin'l Network, LLC*, 30 F.4th 849, 858-59 (9th Cir. 2022). "Motions for reconsideration are disfavored." Local Rule 59-1(b). "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted).

The local rules establish the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). It is well-settled that a motion for reconsideration "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enterps., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (emphasis in original). Conversely, it is also well-settled that a motion for reconsideration "is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *Bartell Ranch LLC v. McCullough*, 570 F. Supp. 3d 945, 949 (D. Nev. 2021) (quoting *Brown v. Kinross Gold, U.S.A.*, 378 F. Supp. 2d 1280, 1288 (D. Nev. 2005)); *see also* Local Rule 59-1(b) ("A movant must not repeat arguments already presented"). "[M]otions for reconsideration are not the proper vehicles for rehashing old arguments and are not intended to give an unhappy litigant one additional chance to sway the judge." *Philips v. C.R. Bard, Inc.*, 290 F.R.D. 615, 670 (D. Nev. 2013).

"Whether or not to grant reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

5

### III. ANALYSIS

The instant motion for reconsideration takes a scattershot approach, rehashing some issues that were previously resolved and raising some new issues.

#### A. Presentation of the Merits

In the present motion, Defendants argue that allowing withdrawal of their admissions would promote the presentation of the merits. *See* Docket No. 520 at 8-12. The Court previously held that Defendants failed to show that withdrawal of the admissions would promote presentation on the merits. Docket No. 361 at 3-4. Chief Judge Gordon affirmed. Docket No. 496 at 5-8. Because the argument currently raised could have been made earlier in the initial motion to withdraw admissions, the Court declines to consider it now. *See Kona Enterprises*, 229 F.3d at 890; *see also, e.g.*, *LHF Prods., Inc. v. Kabala*, Case No. 2:16-cv-02028-JAD-NJK, 2018 WL 11409847, at *1-2 (D. Nev. July 27, 2018) (in denying motion for reconsideration, refusing to consider newly developed argument as to presentation on the merits because it could have been made in the underlying motion). Accordingly, the Court declines to reconsider its prior order on this ground.

#### B. Reason for the Delay

With respect to the reason for the delay, the findings as they currently stand are that Defendants purposefully violated the deadline to respond to the requests for admissions as an intentional ploy to deprive Plaintiffs of the answers before Court-ordered depositions took place, and that this strategic misconduct is part of a larger pattern of discovery violations established in the record. *See* Docket No. 361 at 4-5 (noting that the record supported Plaintiffs' contention that "Defendants have consistently thwarted the discovery process" and that "it is effectively uncontested that the delay [in responding to the requests for admission] resulted from an effort to thwart the discovery process"); Docket No. 496 at 8-10 (affirming).

In the motion for reconsideration, Defendants argue that there was good cause for their delay in responding to the requests for admission. Docket No. 520 at 18-19. In support of that argument, Defendants cite to the earlier declaration that was filed in conjunction with the initial motion to withdraw admissions. *See id.* (citing Docket No. 323). Defendants do not explain how

citation to an earlier declaration establishes that (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). In precisely type of maneuvering that is prohibited in a motion for reconsideration, Defendants are just seeking a third bite at the apple. Defendants could have presented argument as to the cause for the delay in the initial motion practice resolved by the undersigned, but they addressed the issue only by reference tucked away in a declaration. Reconsideration is not warranted based on an argument that could have been raised properly in the initial motion. *See Kona Enterprises*, 229 F.3d at 890. Moreover and significantly, Chief Judge Gordon already specifically considered the merits of these factual contentions in denying reconsideration on Defendants' objection. Docket No. 496 at 8-11. Reconsideration is not warranted by repeating an argument that was already considered and rejected in denying reconsideration on Defendants' objection. *See* Local Rule 59-1(b).[6]

Accordingly, the Court declines to grant reconsideration on this ground. The findings remain that Defendants purposefully violated the deadline to respond to the requests for admission as an intentional ploy to deprive Plaintiffs of the answers before Court-ordered depositions took place, and that this strategic misconduct is part of a larger pattern of discovery violations established in the record.

C.   Merits of Defendants' Case

Defendants argue that new evidence has emerged such that they can show that they have a strong defense in this case. *See* Docket No. 520 at 17-18. In particular, Defendants point to the voluntary dismissal of a claim in litigation in Oregon. *See, e.g.*, *id.* at 16; Docket No. 528 at 3-5. Plaintiffs dispute both Defendants' characterization of the claim dismissal, as well as the ability to obtain reconsideration given the circumstances of this case. *See* Docket No. 525 at 5-9.

---

[6] Even were the Court to assess the issue anew, it would still find that good cause for the delay is absent. While the Court is sensitive to personal and family health issues, the reliance on such issues in this case is not borne out by the record. *See, e.g.*, Docket No. 496 at 8-11. Instead, the Court agrees with Plaintiffs that the record supports a finding that Defendants purposefully withheld the responses to the requests for admission until after compelled depositions.

Whether or how the Oregon dismissal impacts the claims in this case is a matter being addressed through separate motion practice. *See* Docket No. 509 (motion for summary judgment). Defendants' arguments on this issue do not appear to the undersigned to be particularly strong. *See, e.g.*, Docket No. 525 at 5-7.[7] Regardless of the determination made as to that issue in the separate motion practice, however, the Court is not persuaded that reconsideration is warranted as to the denial of the motion to withdraw admissions. Most importantly, withdrawal of admissions is not permitted absent a showing that doing so would promote the presentation of the merits. *See, e.g.*, *Sonoda*, 255 F.3d at 1039. This a mandatory showing that must be made to warrant that relief. *See id.* As discussed above, Defendants failed to make that showing in their initial motion and the Court declines to reconsider its prior order on that issue. As such, withdrawal of admissions is not warranted in this case regardless of Defendants' contentions as to the strength of their defense.

Moreover and significantly, as also discussed above, it is established that the reason for the delay in Defendants' failure to respond to the requests for admission was discovery gamesmanship. Given that the reason for delay was to thwart the discovery process, the Court would not exercise its discretion to allow withdrawal of admissions even were the mandatory requirements satisfied and even were a showing to have been made as to the strength of Defendants' defense. *See S.E.C. v. Global Express Capital Real Estate Inv. Fund, I, LLC*, 289 Fed. Appx. 183, 191 (9th Cir. 2008) ("Even if Reese had satisfied both prongs of the 36(b) test, we would affirm the district court's denial of her motion to withdraw. The district court found that Reese did not have good cause for delay, and that her delay was part of her manipulative approach to the litigation and her abuse of the privilege against self-incrimination"); *see also, e.g.*, *Lux EAP, LLC v. Bruner*, 811 Fed. Appx. 405, 407 (9th Cir. 2020) (affirming denial of motion to withdraw admissions solely based on lack of good cause for delay).

Accordingly, the Court declines to grant reconsideration on this ground.

---

[7] Given that this is a live issue pending before the assigned district judge, the Court will not provide herein an elaborated discussion of its evaluation of the issue. *Cf. PlayUp, Inc. v. Mintas*, 635 F. Supp. 3d 1087, 1099-1100 & n.10 (D. Nev. 2022).

### D. Consideration of Lesser Sanctions

Defendants next argue that the Court should impose lesser sanctions[8] in lieu of non-withdrawal of the admissions. Docket No. 520 at 19-20. Plaintiffs argue that Defendants are misusing the reconsideration process and that their litigation misconduct militates against withdrawal of admissions. *See* Docket No. 525 at 5, 9-10. Plaintiffs are correct on both fronts.[9]

Defendants did not seek lesser sanctions either in the initial motion practice to withdraw admissions or in the objection seeking reconsideration from Chief Judge Gordon. *See* Docket Nos. 323, 371. Even if they should be considered as a general matter, the Court did not err previously in not considering lesser sanctions that Defendants did not seek. *See, e.g.*, *Merchant v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) ("if the noncompliant party fails to move for lesser sanctions, the district court is not required to consider one"). Nor is it appropriate to use a motion

---

[8] When a party fails to respond in timely fashion, it is deemed to have admitted requests for admission by operation of the governing rule, *see* Fed. R. Civ. P. 36(a)(3), and the party is relieved of that outcome only by filing a successful motion to withdraw or amend, *see* Fed. R. Civ. P. 36(b). Given the structure of the rule, it is not clear that holding a party to its defaulted admissions amounts to imposing a "sanction."

[9] The Court also notes as a threshold matter that the papers do not address whether there is any binding Ninth Circuit authority mandating the consideration of lesser sanctions before denying a motion to withdraw admissions. Defendants' contention is predicated on discussion in *Hadley v. United States*, 45 F.3d 1345, 1350 (9th Cir. 1995), but the actual holding in that case was focused on the required two-prong test for withdrawing admissions, *see id.* ("Because a presentation on the merits would have been subserved and because the government would not have been prejudiced by the withdrawal, we conclude that the district court abused its discretion in denying the motion to withdraw the deemed admissions under Rule 36(b)"); *see also id.* (conclusion to the panel decision that: "Because the denial of [the defendant's] motion to withdraw the admissions entirely precluded a resolution of the case on its merits, and because the government's case was not prejudiced, we find that Hadley's motion should have been granted").

Moreover, the Ninth Circuit has omitted any such requirement in addressing the analytical framework for denying a motion to withdraw admissions. *Conlon*, 474 F.3d at 621-25. Indeed, the Ninth Circuit has instructed district courts to be exercise caution when <u>allowing</u> withdrawal of admissions, not the other way around. *See, e.g., id.* at 621. The Ninth Circuit has also repeatedly affirmed the denial of a motion to withdraw admissions without reference to considering lesser sanctions. *See id.* at 621-25; *Lux EAP*, 811 Fed. Appx. at 407; *Sheppard v. Cnty. of Los Angeles*, 785 Fed. Appx. 422, 423 (9th Cir. 2019); *Seminiano v. Xyris Enterp., Inc.*, 602 Fed. Appx. 682, 683 (9th Cir. 2015); *Whitsitt v. Club Res. Grp.*, 357 Fed. Appx. 877, 878 (9th Cir. 2009); *Global Express*, 289 Fed. Appx. at 191; *see also Friedman v. Live Nation Merchandise, Inc.*, 833 F.3d 1180, 1185 (9th Cir. 2016) (addressing applicable standards in affirming order granting motion to withdraw admissions); *Sonoda*, 255 F.3d at 1039-40 (same). Hence, the Court is hard-pressed to find that it clearly erred such that reconsideration is warranted when Defendants do not explain in meaningful fashion that considering lesser sanctions is actually mandated by controlling law. Nonetheless, Defendants' position fails at any rate for the reasons stated herein.

9

for reconsideration to ask for those alternative remedies now. The potential for alternative relief was broached by Plaintiffs in opposing the initial motion to withdraw admissions. *See* Docket No. 332 at 5-8 (seeking reopening of depositions, extending case management deadlines, and awarding fees and costs). At that time, Defendants argued in reply that such alternative relief was "not authorized by Rule 36 or any other Federal Rule of Civil Procedure." Docket No. 333 at 2; *see also id.* at 6-7, 8 (specifically arguing against the imposition of lesser sanctions). Hence, Defendants are in the unenviable position of not just failing in either their motion to withdraw admissions or subsequent objection to ask for lesser sanctions, but also in explicitly arguing that lesser sanctions were "not authorized" and were unwarranted in the reply to the motion to withdraw admissions. Decades of Ninth Circuit authority reject the use of a motion for reconsideration to raise new arguments for the first time when they could reasonably have been raised earlier. *See Kona Enterprises*, 229 F.3d at 890; *see also, e.g., Berman*, 30 F.4th at 859; *Wells Fargo Bank, N.A. v. Mahogany Meadows Ave. Tr.*, 979 F.3d 1209, 1218 (9th Cir. 2020); *Henry v. Adventist Health Castle Med. Ctr.*, 970 F.3d 1126, 1133 n.5 (9th Cir. 2020); *Micha v. Sun Life Assurance of Canada, Inc.*, 874 F.3d 1052, 1056 (9th Cir. 2017); *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 881 (9th Cir. 2009); *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).[10] Quite obviously, Defendants could have asked for lesser sanctions previously. Were that not enough, Defendants argued against lesser sanctions when the underlying motion was briefed. "[A] litigant should not be allowed to switch from theory to theory like a bee in search of honey." *Cochran v. Quest Software, Inc.*, 328 F.3d 1, 11 (1st Cir. 2003). Courts summarily reject efforts by parties to contradict their own earlier arguments in seeking reconsideration:

> It would obviously be a bad idea to allow a party to fully litigate a [] motion, see what the court's order is, and then move for reconsideration based on new arguments that were not presented to the court, including arguments that are the opposite of the ones that

---

[10] The Court notes reference in the Rule 37(c)(1) context to seeking reconsideration for lesser sanctions. *See Merchant*, 993 F.3d at 741-42. The Ninth Circuit in that case did not explain how such a process would be consistent with the established law that motions for reconsideration may not be used to raise new arguments that could have been raised earlier. Moreover, nothing in that decision would appear to endorse the counter-productive proposition that a party is entitled to seek reconsideration on an issue that it previously argued against in the underlying motion practice.

10

were presented. If courts permitted that type of behavior, no orders would ever be final.

*Blockchain Innovation, LLC v. Franklin Res., Inc.*, Case No. 21-cv-08787-TSH, 2025 WL 672941, at *5 (N.D. Cal. Mar. 3, 2025); *see also, e.g.*, *LHF Productions*, 2018 WL 11409847, at *1-2 (rejecting renewed motion to withdraw admissions predicated on arguments that were the opposite of those made in the initial motion practice). Given the circumstances, Defendants' gamesmanship in seeking relief that they expressly disclaimed previously is rejected.

While the above is itself sufficient ground to deny this aspect of the motion for reconsideration, the Court also notes alternatively that it would not impose lesser sanctions at any rate. The party seeking lesser sanctions "bears the burden of showing that a [lesser] sanction . . . is better suited to the circumstances." *Merchant*, 993 F.3d at 741. In the motion for reconsideration, Defendants do not identify or propose any particular lesser sanction. *See* Docket No. 520 at 19-20. As best the Court can discern, Defendants are advocating for no adverse repercussion at all. *See, e.g.*, Docket No. 528-2 at 4 (improper letter from counsel asking "that *no* sanctions issue" (emphasis added)). Providing a free pass for discovery abuse is not a "lesser sanction." Moreover, the procedural posture of the case would significantly complicate allowing some sort of lesser sanction. Reopening discovery would presumably be required as part of any lesser sanction to remediate the harm to Plaintiffs in not having the answers to the requests for admissions before depositions were conducted and in relying on the default admissions for many months. Complicating matters, however, discovery closed nearly a year ago and the dispositive motion deadline has expired. *See* Docket No. 305 at 1. In addition, since the motion for reconsideration was filed, the final pretrial order issued and trial is now set. Docket No. 567 at 85.[11] In short, Defendants do not identify what alternative relief would be appropriate and it is not apparent how any alternative relief would be suited to the circumstances of this case.

The merits of Defendants' underlying arguments are also unpersuasive. Defendants contend that lesser sanctions are warranted because they can show good cause for the delay, Docket No. 520 at 20, but the Court has found above that reconsideration on that issue is not warranted,

---

[11] Quite plainly, the potential prejudice to Plaintiffs in withdrawing admissions has only grown over time as the case proceeds closer to trial and they have relied longer on the admissions.

11

*see* Section III.B.  Hence, the finding remains that the delay in failing to timely respond to the requests for admission was an intentional effort to thwart the discovery process.  Moreover, Defendants candidly acknowledge in the motion for reconsideration that there is support in the record that they have engaged in a larger pattern of discovery obstruction.  Docket No. 520 at 19 (acknowledging the "support in the record" as to their pattern of discovery misconduct).  Asking the Court to venture into the absurd, Defendants argue that their other discovery violations somehow militate in favor of leniency now because they were required to pay attorneys' fees for those other transgressions.  *Id.* at 20.[12]  As Plaintiffs correctly note, sanctions are meant to deter future misconduct, not to insulate future misconduct from repercussion.  *See* Docket No. 525 at 9.  When already-imposed sanctions prove insufficient to deter additional misconduct, courts impose more severe sanctions in an effort to obtain the desired effect.  *See, e.g., Garcia v. GEICO Cas. Co.*, Case No. 2:13-cv-00731-JCM-NJK, 2014 WL 7474773, at *3-4 (D. Nev. Jan. 6, 2014).  It bears repeating that the identified fees were awarded on June 12, 2024, based on uncontroverted assertions of discovery misconduct.  *See* Docket No. 304 (notice of electronic filing).  The responses to the requests for admission were due ten days after issuance of that order, *see* Docket No. 323-5 at 30; *see also* Fed. R. Civ. P. 36(a)(3), but Defendants did not seek an extension and did not comply with that deadline.  Obviously, the prior consequence for Defendants' other discovery abuses proved insufficient deterrence.  The fact that Defendants failed to show good cause for their delay, coupled with Defendants' pattern of discovery misconduct, militates strongly against imposing lesser sanctions in this case.  Those circumstances alone warrant denial of the request for lesser sanctions.[13]

---

[12] If Defendants are insinuating that the Court cannot consider prior misconduct that has already been the subject of sanctions, that argument would be meritless. *See, e.g.*, *Halaco Eng'g Co. v. Costle,* 843 F.2d 376, 381 n.2 (9th Cir.1988) ("A court may indeed consider prior conduct that has already been subject to sanction, when it is weighing a subsequent sanction motion"); *see also, e.g.*, *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 947 (9th Cir. 1993); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411-12 (9th Cir. 1990).

[13] Defendants also now reference that they have "cured issues causing delay" and that they can show merit to their defense. *See* Docket No. 520 at 20.  In light of the failure to show good cause for the delay and Defendants' history of discovery misconduct, the Court will not impose lesser sanctions.

Accordingly, the Court declines to grant reconsideration on this ground.

IV. **CONCLUSION**

For the reasons discussed above, the Court **DENIES** Defendants' motion for reconsideration. Docket No. 520. The Court **DENIES** as moot Plaintiffs' motion for sur-reply. Docket No. 532.

IT IS SO ORDERED.

Dated: September 9, 2025

_____
Nancy J. Koppe
United States Magistrate Judge

13