UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>  Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>  Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Denying Defendants' Motion to Transfer Venue**<br><br>[ECF No. 527] |

The defendants move to transfer this case to the District of Oregon under 28 U.S.C. § 1404. ECF No. 527. They assert that the plaintiffs are already litigating related cases in Oregon, so this case should be transferred there. They contend that is where the relevant agreements were negotiated and executed, defendants Christopher Duggan and Will Hardy lived in the nearby State of Washington at all relevant times, and the inventor of the technology at issue (non-party James Wolff) lives in Oregon.

The plaintiffs oppose, arguing that this case is ready to be set for trial,[1] this case could not have been brought initially in the District of Oregon, and the plaintiffs do not consent to the transfer. The plaintiffs also assert that the relevant factors do not favor a transfer.

A court may transfer a civil action to another district "[f]or the convenience of parties and witnesses, in the interest of justice . . . ." 28 U.S.C. § 1404(a). The transferor court may transfer only to a district or division where the action "might have been brought" originally or one "to which all parties have consented." 28 U.S.C. § 1404(a). A suit "might have been brought" in a

---

[1] At the time the plaintiffs filed their response, the case was past summary judgment but had not yet been set for trial. Trial is set for February 23, 2026. *See* ECF No. 567.

district if the "plaintiff has a right to sue in that district, independently of the wishes of defendant." *Hoffman v. Blaski*, 363 U.S. 335, 344 (1960) (quotation omitted). The transferee court thus must be a proper venue and have personal jurisdiction over the defendant "when suit was instituted." *Id.* at 343 (quotation omitted); *see also Wash. Pub. Utils. Grp. v. U.S. Dist. Ct. for W. Dist. of Wash.*, 843 F.2d 319, 328 (9th Cir. 1987) (stating that "a district court must have both personal jurisdiction over the parties and venue to hear a case"). The party seeking the transfer bears the burden of showing transfer is appropriate. *In re Apple, Inc.*, 602 F.3d 909, 913 (8th Cir. 2010). Whether to transfer lies within my discretion. *Ventress v. Japan Airlines*, 486 F.3d 1111, 1118 (9th Cir. 2007).

The plaintiffs do not consent to transfer, so I may transfer under § 1404 only if this lawsuit might have been brought originally in Oregon. The defendants have not met their burden to show that the plaintiffs could have sued them in Oregon because there is no evidence that the defendants were subject to personal jurisdiction in Oregon when the plaintiffs initiated this lawsuit. To the contrary, the defendants state in their motion to transfer that "Duggan and Hardy lived in the State of Washington at the times relevant to the Nevada action." ECF No. 527 at 8.

I THEREFORE ORDER that the defendants' motion to transfer **(ECF No. 527) is DENIED**.

DATED this 5th day of December, 2025.

                                               ANDREW P. GORDON
                                               CHIEF UNITED STATES DISTRICT JUDGE