UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Denying Ex Parte Motions for Temporary Restraining Order and Preliminary Injunction**<br><br>[ECF Nos. 591, 592] |

The plaintiffs move, ex parte and on an emergency basis, for a temporary restraining order and preliminary injunction to preclude non-party James Wolff from filing on the public docket in the District of Oregon documents that are under seal in this case. ECF Nos. 591, 592. The plaintiffs seek emergency relief because Wolff has stated his intent to file the documents in Oregon by noon PST today.  The plaintiffs seek the relief ex parte because they "fear that [Wolff or the defendants in this case] will seek to take unilateral actions to make further unlawful disclosures of Plaintiffs' trade secrets and confidential information." ECF No. 590-3 at 4.

I deny the request to resolve the motion on an ex parte basis because there is no need to do so.  Wolff has communicated with the plaintiffs regarding his intended filings and advised the plaintiffs they could inform him about requested redactions. ECF No. 591-1 at 2.  Wolff and the defendants in this case are well aware of the protective orders in this case and in Oregon.  If they unilaterally choose to violate those orders, they do so at their own peril.

The plaintiffs have not met their burden to show that emergency injunctive relief is necessary. *See Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).  First, the plaintiffs can take Wolff up on his offer and inform him that the documents he seeks to place on

the public docket should be sealed because they are subject to a protective order in this case. Additionally, the plaintiffs can seek emergency sealing relief in Oregon if Wolff files the documents on the record despite the plaintiffs' objection, which I presume they have communicated to him by now. If the plaintiffs had time to prepare this motion, they had time to advise Wolff of their position that filing those documents in Oregon would violate the protective order in this case.

The plaintiffs have indicated they have filed a similar motion in Oregon. I offer no opinion on how that court should rule about whether to enjoin a litigant in that case, who is not a party to this case, from filing documents on that court's docket.

Finally, I advise the plaintiffs that emailing documents to my courtroom administrator is not the proper way to file documents, even on an ex parte, emergency basis. The plaintiffs should consult with local counsel and follow the Local Rules.

I THEREFORE ORDER that the plaintiffs' emergency motions for temporary restraining order and preliminary injunction **(ECF Nos. 591, 592) are DENIED**.

I FURTHER ORDER the clerk of court to remove the ex parte designation from ECF Nos. 591, 592, and attached exhibits, and to make them publicly available.[1]

DATED this 9th day of December, 2025.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The plaintiffs did not file a motion to seal these documents.

2