UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tomahawk Manufacturing, Inc., et al., <br>　　　Plaintiff(s), <br>v. <br>Spherical Industries, Inc., et al., <br>　　　Defendant(s). | Case No. 2:23-cv-01007-APG-NJK <br>**Order** <br>[Docket No. 588] |

Pending before the Court is Plaintiffs' motion for order to show cause why Defendants should not be held in contempt for violating the protective order. Docket No. 588. For the reasons discussed below, the Court **DENIES** without prejudice Plaintiffs' motion.

Plaintiffs allege that Defendants (and/or defense counsel) have improperly provided confidential information from this case to non-parties. The motion suffers from threshold deficiencies, both with respect to the legal authority cited on which relief is sought and the framing of the relief sought.[1] Beginning with the former, sanctions must be imposed under clearly delineated authority upon a finding that the attendant requirements are met. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999); *see also Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996). Rule 37(b)(2) of the Federal Rules of Civil Procedure provides comprehensive authority for enforcement of discovery orders, including protective orders issued pursuant to Rule 26(c). *Westinghouse Elec. Corp. v. Newman & Holtzinger, P.C.*, 992 F.2d 932, 935 (9th Cir. 1993) (quoting Rule 37(b) Advisory Comm. Notes (1970)); *see also, e.g., Falstaff*

---

[1] Although the legal issues herein have not been addressed in the briefing, the Court has its own duty to articulate and apply the law correctly even when the parties have failed to do so. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

1

*Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 784 (9th Cir. 1983). The instant motion does not cite to Rule 37(b)(2), let alone identify the standards applicable to that rule and explain in structured fashion how the standards are met.[2]

The relief sought is also meandering and inconsistent. The motion is framed as seeking civil contempt sanctions, which are meant to coerce compliance. *See, e.g.*, *Gen. Signal Corp. v. Donallco, Inc.*, 787 F.2d 1376, 1380 (9th Cir. 1986). The motion, however, indicates that the damage from the alleged disclosure is irreversible. Docket No. 588 at 9. Hence, it is not clear what exactly Plaintiffs seek to coerce. Moreover, the forms of relief more specifically enumerated in the motion are covered by other legal authority. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A)(iii) (striking pleadings); Fed. R. Civ. P. 37(b)(2)(A)(vi) (default judgment); Fed. R. Civ. P. 37(b)(2)(C) (payment of expenses, including fees); *see also* Fed. R. Civ. P. 37(b)(2)(A) (permitting issuance of "further just orders" upon a finding of a violation of a discovery order).

In short, the pending motion raises troubling allegations. As Plaintiffs' counsel have already been advised in this case, however, motions seeking significant sanctions must be supported by clear argument that is structured pursuant to the governing standards. *See Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, Case No. 2:23-cv-01007-APG-NJK, 2025 WL 342094, at *1 (D. Nev. Jan. 30, 2025) (collecting cases). The pending motion fails to comply with that requirement, so the Court **DENIES** it without prejudice. If Plaintiffs continue to seek relief regarding the specific conduct alleged in this motion, they must file a renewed motion by December 16, 2025. That motion must identify the specific legal authority that governs the request, must identify the standards that apply thereto, and must provide robust discussion as to

---

[2] Although the motion cites in passing different legal authorities, it appears to be predicated on inherent authority. *See, e.g.*, Docket No. 588 at 7-8. Courts do not generally invoke their inherent authority when the rules are up to the task of addressing an issue. *See, e.g.*, *McCart-Pollak v. Saevitzon*, 2025 WL 1706894, at *3 (D. Nev. June 17, 2025). The motion references violations of sealing orders (in addition to the protective order), but the motion does not clearly explain why it is not centrally predicated on the protective order. *See* Docket No. 105. If Plaintiffs believe Rule 37(b)(2) is not sufficiently comprehensive to address the issues raised, then they must explain why that is the case. The motion also references § 1927 sanctions, but fails to explain how the alleged conduct multiplied proceedings.

how the standards are met.  Counsel must ensure that any renewed motion is properly supported, as the Court will not afford additional opportunities to brief the issues.

       IT IS SO ORDERED.

       Dated: December 9, 2025

                                                       Nancy J. Koppe
                                                       United States Magistrate Judge