UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>　　Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>　　Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order** |

　　On December 29, 2025, defendant Christopher Duggan filed a "Notice of Revocation of Authority, Incurable Conflict, and Unauthorized Post-Termination Filings," in which he asserts that he terminated attorney Stephen Healy to act on his behalf or on behalf of "any Spherical-affiliated entity." ECF No. 609 at 1. He also filed a "Notice of Pro Se Appearance," indicating that he would represent himself in this case. ECF No. 613.

　　Healy and his co-counsel have moved to withdraw on an expedited basis and to strike Duggan's pro se filings. ECF Nos. 610; 614. Healy seeks to withdraw as to all defendants except Will Hardy, while co-counsel Sean Healy and Clayton Mullaly move to withdraw as to all defendants. Counsel seek guidance from the court about what to do with Attorneys' Eyes Only materials given that Duggan is pro se and has not identified a successor attorney.

　　The plaintiffs respond by taking no position on whether counsel should be allowed to withdraw, but they do oppose any modification of the trial schedule. They also assert that defense counsel should remain subject to the court's jurisdiction because there are pending motions for sanctions against them. And the plaintiffs note that Duggan cannot represent the

entity defendants pro se.[1]  The plaintiffs contend that because Duggan has not indicated any intent to obtain new counsel for the entity defendants, I should strike the entity defendants' answers and enter a default judgment as to liability against them.  As for the Attorneys' Eyes Only material, the plaintiffs argue that I should follow the lead of the Oregon Court in a related action that denied the request to turn over similar materials to the pro se plaintiff there.  The plaintiffs contend that Duggan has already demonstrated that he cannot be trusted to comply with the protective orders, so he should not gain access to the Attorneys' Eyes Only material.  The plaintiffs thus request that Healy either return all Attorneys' Eyes Only material to the plaintiffs or destroy it, and provide a certification as to what they have done.

Additionally, Hardy filed a notice of bankruptcy. ECF No. 611.  The automatic stay therefore is in place as to Hardy.  However, given the issues related to counsel, I will order Healy to file a document signed by Hardy stating whether he wants Healy to continue representing him in this action.

I THEREFORE ORDER that by January 23, 2026, Stephen Healy must file a document signed by defendant Will Hardy stating whether Hardy wants Healy to continue representing him in this case.

---

[1] I remind Duggan that he cannot represent the entity defendants pro se. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself pro se provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."); *C.E. Pope Equity Tr. v. United States*, 818 F.2d 696, 697 (9th Cir. 1987) (stating that a non-attorney "has no authority to appear as an attorney for others than himself").  The entity defendants must appear in this case through counsel. *See Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 202 (1993) (stating that "a corporation may appear in the federal courts only through licensed counsel"); *In re America W. Airlines*, 40 F.3d 1058, 1059 (9th Cir. 1994) ("Corporations and other unincorporated associations must appear in court through an attorney.").  Additionally, Duggan cannot represent Hardy. *See* ECF No. 616 at 3 (attempting to assert arguments on Hardy's behalf).

2

I FURTHER ORDER that by January 16, 2026, defendant Christopher Duggan must file a response to the motion to withdraw and the plaintiffs' response to the motion to withdraw, if he has any, including whether he objects to Healy continuing to represent Hardy. If Duggan responds, he must also state his position on (1) what should happen regarding the Attorneys' Eyes Only documents and (2) whether allowing the withdrawal will impact the trial date.

I FURTHER ORDER the parties to confer and advise the court by January 23, 2023 their positions on the impact Hardy's bankruptcy proceeding has on the trial, including whether the plaintiffs want to go forward with trial without Hardy given the automatic stay.

DATED this 6th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE