UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Tomahawk Manufacturing, Inc., et al.,<br>  Plaintiff(s),<br>v.<br>Spherical Industries, Inc., et al.,<br>  Defendant(s). | Case No. 2:23-cv-01007-APG-NJK<br><br>**Order**<br><br>[Docket Nos. 597, 615] |

Pending before the Court is Plaintiffs' motion for case-dispositive sanctions and other relief. Docket No. 597. Defendants filed a response in opposition. Docket No. 603. Plaintiffs filed a reply. Docket No. 607. In addition, Defendants filed a motion to strike. Docket No. 615. The motions are properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion for sanctions (Docket No. 597) is **DENIED**, partly without prejudice. The motion to strike (Docket No. 615) is **DENIED** as moot.

**I.    BACKGROUND**

This case involves alleged trade secret misappropriation.[1] The related parties have been engaged in a web of litigation in several jurisdictions across the country, including Oregon, Wisconsin, and California. Also included on that list is a case initiated in the Northern District of Illinois against Attorney Michael Morris and his law firm, who had represented James Wolff as a defendant elsewhere in the litigation web. *See Formtec, LLC v. Morris*, Case No. 1:24-cv-00520 (N.D. Ill.). Discovery in the Illinois case has unearthed materials from this case that Plaintiffs contend should not have been disseminated to Attorney Morris.

---

[1] As the parties are familiar with the procedural posture and facts of the case, the Court will not provide an extensive background herein.

1

On December 8, 2025, Plaintiffs filed a motion for order to show cause why Defendants should not be held in contempt for violating the protective order and sealing orders entered in this case. Docket No. 588. On December 9, 2025, the Court denied that motion without prejudice given deficiencies therein. Docket No. 594. On December 15, 2025, Plaintiffs renewed their motion. Docket No. 597. That is the matter currently before the Court.

Trial is set for February 23, 2026. Docket No. 567.

## II. STANDARDS

Particularly when a party seeks the imposition of significant sanctions, the Court takes very seriously the requirement that the movant provide adequate factual and legal support for its request. *See Taddeo v. Am. Invsco Corp.*, Case No. 2:12-cv-01110-APG-NJK, 2015 WL 751072, at *1 (D. Nev. Feb. 20, 2015); *see also, e.g.*, *Tomahawk Mfg., Inc. v. Spherical Indus., Inc.*, Case No. 2:23-cv-01007-APG-NJK, 2025 WL 342094, at *2 (D. Nev. Jan. 30, 2025). In assessing whether to impose sanctions, the Court hews closely to the standards and requirements applicable to the cited authority. *See, e.g.*, *Borenstein v. Animal Found.*, Case No. 2:19-cv-00985-CDS-NJK, 2024 WL 6069434, at *1-2 (D. Nev. Feb. 14, 2024). The Court does so in accordance with Ninth Circuit law. *See Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1200 (9th Cir. 1999) (a court imposing sanctions "must clearly delineate under which authority it acts to insure that the attendant requirements are met"); *in re: Keegan Mgmt. Co. Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("For a sanction to be validly imposed, the conduct must be sanctionable under the authority relied on") (internal quotation marks omitted). The pertinent question is not whether some sort of wrongdoing has occurred; the inquiry is whether the movant has met the standards that govern its specific request for sanctions.[2]

In appropriate circumstances, case-dispositive sanctions may be authorized and warranted under the law. *See, e.g.*, Fed. R. Civ. P. 37(b)(2)(A); *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). The imposition of case-dispositive sanctions is a severe and extreme remedy. *See, e.g.*, *National Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639,

---

[2] The Court has its own duty to apply legal standards correctly, even when the parties themselves have not done so. *Bateman v. U.S. Postal Serv.*, 231 F.3d 1220, 1224 (9th Cir. 2000).

643 (1976). Imposition of case dispositive sanctions is warranted only in instances of willfulness, bad faith, or fault. *See, e.g.*, *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007).

## III.   ANALYSIS

The motion indicates that a number of materials and filings from this case have been unearthed in discovery in the Illinois case, from which Plaintiffs argue that the protective order or sealing orders issued in this case have been violated by Defendants and/or defense counsel. *See* Docket No. 597 at 3-4. From that factual predicate, Plaintiffs seek case-dispositive sanctions, as well as other relief. *See, e.g.*, *id.* at 18-19. The Court will resolve the request for case-dispositive sanctions first, before turning to the other relief sought.

### A.   Case-Dispositive Sanctions

Plaintiffs seek sanctions in the form of "[s]triking Defendants' Answer and Counterclaims such that the Amended Complaint's allegations are deemed admitted, and finding that Defendants are liable under all causes of action." Docket No. 597 at 18. Because this requested sanction would, if granted, impact the imminent trial, *see* Docket No. 567, the Court will resolve this request on its merits now. As discussed below, Plaintiffs have not met their burden of showing that case-dispositive sanctions are warranted.[3]

For the bulk of the material on which the motion is predicated, Plaintiffs have not shown that either Defendants or defense counsel transmitted the material. *See, e.g.*, Docket No. 589 at ¶ 17 ("Plaintiffs still do not know the source(s) from which the Illinois Defendants obtained all of the Nevada protected and sealed materials – and the Illinois Defendants will not say"). Case-dispositive sanctions will not be imposed with respect to these materials.

---

[3] The parties bicker over whether a meet-and-confer would have been futile, *see, e.g.*, Docket No. 589 at ¶ 4; Docket No. 603 at 6-10, but a prefiling conference is not required for a motion seeking sanctions, *see* *Nationstar Mortg., LLC v. Flamingo Trails No. 7 Landscape Maintenance Assoc.*, 316 F.R.D. 327, 335-36 (D. Nev. 2016) (collecting cases regarding lack of conferral requirement in sanctions context, including specifically in seeking Rule 37(b) sanctions); *see also, e.g.*, *Acosta v. Austin Elec. Servs. LLC*, 325 F.R.D. 322, 325 (D. Ariz. 2018) ("Importantly, unlike Rule 37(a), Rule 37(b) does not require the moving party include a certification that the parties met and conferred prior to involving the court").

3

That leaves two documents to which there is no dispute that defense attorney, Stephen Healy, sent to Attorney Morris. First, Attorney Healy sent Attorney Morris an unredacted version of a motion to dismiss that Healy filed. *See* Docket No. 589 at 9; *see also* Docket No. 590 at 8-31 (sealed). Although the motion explains that this filing was transmitted by Attorney Healy despite himself filing it under seal, the motion does not explain with particularity the violation of any particular order issued in this case by doing so. Second, Attorney Healy sent Attorney Morris an unredacted version of the amended complaint. *See* Docket No. 589 at 15; *see also* Docket No. 590 at 37-84 (sealed). Attorney Healy transmitted that filing on August 13, 2024, despite the Court's order sealing it having been issued on June 12, 2024. Docket No. 303.

It may well be that the circumstances described in the motion may result in adverse repercussions. *See, e.g.*, *Leftenant v. Blackmon*, Case No. 2:18-cv-01948-EJY, 2022 WL 363841, *3 (D. Nev. Feb. 7, 2022).[4] With respect to case-dispositive sanctions specifically, however, such relief is considered very severe and only warranted upon a showing of willfulness, bad faith, or fault. *See, e.g.*, *Connecticut General Life Insurance*, 482 F.3d at 1096. Although the motion cites to—and quotes from—this very case, Docket No. 597 at 14, and although Plaintiffs were provided an additional opportunity to brief the pertinent standards, Docket No. 594, the motion does not identify this required showing and does not provide meaningful argument as to how it is met based on the circumstances of this case.[5] Instead, the motion includes passing reference that "the repetitious nature of Defendants' conduct should easily warrant a finding that Defendants have engaged in bad faith conduct and/or conduct that is willfully disobedient of this Court's Orders and authority." Docket No. 597 at 17. Case law on which Plaintiffs' motion is predicated makes clear that such significant relief is not necessarily warranted even when there have been repeated failures to comply with a protective order. *See Leftenant*, 2022 WL 363841, *2-3 (despite a "repeated failure" to comply the protective order and previous sanctions imposed regarding the same, declining to preclude the violator from relying on a particular agreement in evidence). The

---

[4] The Court leaves that issue for another day. *See* Section III.B.

[5] The reply is also silent as to bad faith, willfulness, or fault. *See* Docket No. 607.

4

Court declines to find that Defendants or their counsel engaged in the kind of bad faith conduct that warrants severe case-dispositive sanctions without more meaningfully elaborated argument. *See Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).[6]

Accordingly, the aspect of Plaintiffs' motion seeking case-dispositive sanctions will be denied.

B.   Other Relief

In addition to seeking case-dispositive sanctions, Plaintiffs ask for an award of expenses and an order requiring additional disclosure as to the dissemination of protected material. Docket No. 597. The bulk of the pending motion is focused on the case-dispositive sanctions. Indeed, the request for expenses is supported by a page and half of "argument," which consists of block quotations and recitation of legal standards devoid of specific argument as to the circumstances of this case. Docket No. 597 at 15-16. The request for an "inquest" into the dissemination of protected material is even more sparse, consisting largely of references sprinkled into the motion. *See, e.g.*, *id.* at 14, 19 n.7. The Court declines to resolve these requests without fulsome discussion and analysis specific to them. *See Kor Media*, 294 F.R.D. at 582 n.3.

The Court reiterates that it is troubled by the accusations that the protective order and sealing orders have been violated, particularly as this is a trade secrets case. Moreover, the requests for expenses and for an order requiring further information from the defense would not necessarily appear to require resolution prior to trial. *See* Docket No. 105 at ¶ 15(a); *see also Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395 (1990). As a result, these aspects of the pending motion will be denied without prejudice to refiling. The Court <u>again</u> cautions counsel that any renewed

---

[6] To be clear, Attorney Healy does not provide easily discernible argument on this issue either. As such, there are a number of holes that remain unfilled by the briefing. For example, the email transmitting the motion to dismiss references a joint litigation privilege. *See* Docket No. 589 at 9. It is not explained whether or how a joint defense agreement (or similar situation) impacts the issues at hand. Moreover, the email chain related to transmitting the amended complaint appears to show that counsel elsewhere may have been attempting to comply with the various protective orders with respect to their exchange of information. *See* Docket No. 589 at 14 (email from Attorney Morris appearing to decline to provide interrogatory responses because they were marked as confidential pursuant to the applicable protective order). The Court herein makes no findings as to these issues, but notes them in finding that Plaintiffs have failed to establish willfulness, bad faith, or fault necessary for case-dispositive sanctions.

motion must be structured to provide clear and fulsome argument as to how the governing standards are met for the particular relief being sought.

## IV. CONCLUSION

Accordingly, the motion for sanctions (Docket No. 597) is **DENIED**, partly without prejudice. The motion to strike (Docket No. 615) is **DENIED** as moot.

IT IS SO ORDERED.

Dated: January 8, 2026

_____
Nancy J. Koppe
United States Magistrate Judge