**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

    Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Denying Defendants' Motion to Seal**

[ECF No. 484]

The defendants move to seal ECF No. 157, which is a January 3, 2024 email that defendant Christopher Duggan sent to my courtroom deputy asking her to forward an attached email to me. The attached email was from the defendants' counsel to Duggan and defendant Will Hardy. The defendants argue that ECF No. 157 should be sealed because it was "an inadvertent disclosure" of attorney-client communications during a time when the relationship between Duggan and his prior counsel had "completely broken down." ECF No. 484 at 3. The plaintiffs take no position on whether this document should be sealed. ECF No. 492 at 1.

Duggan's email to my courtroom deputy is not attorney-client material, so it should not be sealed. But the email that Duggan forwarded to my courtroom deputy is from the defendants' former counsel to Duggan and Hardy, advising them that he intended to withdraw as their counsel and providing some advice for how they should proceed in light of his withdrawal. ECF No. 157 at 2-3. The forwarded email from counsel thus is attorney-client privileged material. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1116-17 (9th Cir. 2020) (stating the privilege "protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice).

Although the forwarded email is subject to the privilege, a client can expressly waive the privilege by "voluntarily disclosing privileged documents to third parties" who are "not bound by the privilege." *Id.* at (quotation omitted).  In determining whether the privilege was waived, I consider "the circumstances surrounding the disclosure." *United States v. de la Jara*, 973 F.2d 746, 749 (9th Cir. 1992).  "Inadvertence does not as a matter of law prevent the occurrence of waiver." *Clady v. Los Angeles Cnty.*, 770 F.2d 1421, 1433 (9th Cir. 1985) (quotation omitted). Rather, it is "only one factor to be considered." *Id.*  The "focal point of privilege waiver analysis should be the holder's disclosure of privileged communications to someone outside the attorney-client relationship, not the holder's intent to waive the privilege." *Tennenbaum v. Deloitte & Touche*, 77 F.3d 337, 341 (9th Cir. 1996).  Other factors to consider include whether the privilege holder pursued "all reasonable means of preserving the confidentiality of the privileged matter." *de la Jara*, 973 F.2d at 750.  The defendants bear the burden of proving that the attorney-client privilege applies, including proving that they have "not waived the privilege." *Weil v. Inv./Indicators, Rsch. & Mgmt., Inc.*, 647 F.2d 18, 25 (9th Cir. 1981).

The defendants failed to meet their burden to show Duggan did not waive the privilege by forwarding counsel's email to my courtroom deputy with the stated intent that she forward it to me.  Duggan purposefully sent the email to someone outside the attorney-client relationship. Nothing compelled him to do so.  He could have simply advised the court that he intended to go pro se and wanted to file emergency motions. *See* ECF No. 157 at 2.  Although he asked my courtroom deputy to consider the email as attorney-client privileged material, telling a third-party recipient that it is privileged but sharing it anyway is insufficient to maintain the privilege. There was no need for Duggan to forward the email, and his voluntary choice to do so waived the privilege.

I therefore deny the defendants' motion to seal ECF No. 157.  But because immediate disclosure would deprive the defendants of the opportunity to seek relief from my order either through an appeal or writ, I will keep ECF No. 157 under seal until March 2, 2026.  If the defendants have not moved for relief from the Ninth Circuit by that date, I will unseal ECF No. 157.  If they have, I will keep ECF No. 157 sealed until the Ninth Circuit rules.

**II.  CONCLUSION**

I THEREFORE ORDER that the defendants' motion to seal ECF No. 157 **(ECF No. 484) is DENIED**.

I FURTHER ORDER that ECF No. 157 shall remain under seal until March 2, 206.  If the defendants have not moved for some form of relief from the Ninth Circuit by that date, I will unseal ECF No. 157.  If they have, I will keep ECF No. 157 sealed until the Ninth Circuit rules.

DATED this 25th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE