**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., | Case No.: 2:23-cv-01007-APG-NJK |
| Plaintiffs | **Order Denying Defendants' Motion for Relief from Order Denying Reconsideration** |
| v. | [ECF Nos. 595/596] |
| SPHERICAL INDUSTRIES, INC., et al., | |
| Defendants | |

The defendants move under Federal Rule of Civil Procedure 60(b)(1) for reconsideration of Magistrate Judge Koppe's order (ECF No. 570) denying the defendants' motion for reconsideration of prior orders that disallowed the defendants from withdrawing admissions after the defendants failed to timely respond to the plaintiffs' requests for admissions (RFAs).[1]  I deny the motion.

**I.  ANALYSIS**

Magistrate judges are authorized to resolve pretrial matters subject to district court review under a "clearly erroneous or contrary to law" standard. 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a); LR IB 3-1(a) ("A district judge may reconsider any pretrial matter referred to a magistrate judge in a civil or criminal case pursuant to LR IB 1-3, when it has been shown the magistrate judge's order is clearly erroneous or contrary to law.").  A magistrate judge's order is "clearly erroneous" if the reviewing court has a "definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).  "An order is

---

[1] The defendants filed two motions. ECF No. 595 appears to be a duplicate of ECF No. 596 without the tables of contents and authorities.

contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Jadwin v. Cnty. of Kern*, 767 F. Supp. 2d 1069, 1110-11 (E.D. Cal. 2011) (quotation omitted). When reviewing discovery decisions, I afford the magistrate judge "broad discretion, which will be overruled only if abused." *Columbia Pictures, Inc. v. Bunnell*, 245 F.R.D. 443, 446 (C.D. Cal. 2007) (quotation omitted). I "may not simply substitute [my] judgment" for that of the magistrate judge. *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991).

Additionally, the defendants' reconsideration motion is directed at Judge Koppe's order denying reconsideration of her earlier decision not to allow the defendants to withdraw their admissions, so this is an objection to her refusal to reconsider. A district court "possesses the inherent procedural power to reconsider, rescind, or modify an interlocutory order for cause seen by it to be sufficient," so long as it has jurisdiction. *City of L.A., Harbor Div. v. Santa Monica Baykeeper*, 254 F.3d 882, 885 (9th Cir. 2001) (simplified); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 12 (1983) (citing Fed. R. Civ. P. 54(b)). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). A district court also may reconsider its decision if "other, highly unusual, circumstances" warrant it. *Id.* "A motion for reconsideration is not an avenue to re-litigate the same issues and arguments upon which the court already has ruled." *In re AgriBioTech, Inc.*, 319 B.R. 207, 209 (D. Nev. 2004). A motion for reconsideration may not be based on arguments or evidence that could have been raised previously. *See Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

2

**A.  I deny the objection as untimely.**

The plaintiffs argue that the defendants' motion is untimely because it is brought more than three months after Judge Koppe issued the challenged order and more than two months after the plaintiffs moved for summary judgment based on the admissions.  In reply,[2] the defendants argue that the motion is timely because it is a Rule 60(b) motion that must be brought within a reasonable time.  The defendants assert they brought their motion within a reasonable time after Judge Koppe issued her order at ECF No. 570.

Under Local Rule IB 3-1, objections to a magistrate judge's order are due 14 days after service of the order.  The defendants moved for reconsideration approximately three months after Judge Koppe's order. ECF Nos. 570; 595.  It is thus untimely as an objection.  Even if I considered the motion as one under Rule 60(b), the defendants did not file it within a reasonable time.  "What qualifies as a reasonable time depends on the facts of each case," including "the length and circumstances of the delay and the possibility of prejudice to the opposing party." *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 945 (9th Cir. 2007) (quotation omitted).  "Thus, relief under Rule 60(b) should only be granted where the moving party is able to demonstrate that circumstances beyond its control prevented timely action to protect its interests." *Id.* (quotation omitted).  The defendants do not explain why they waited to move for reconsideration until three

---

[2] Defendant Christopher Duggan filed a "notice of revocation of authority" and asserted that he terminated attorney Stephen Healy on December 19, 2025. ECF No. 609.  Duggan states that he does not authorize or adopt any filing Healy made after December 19, which would include the reply brief. *Id.* at 2.  I consider the reply because Healy had not been permitted to withdraw from this case at the time he filed the reply, Healy will still be representing defendant Will Hardy, and the defendants have not filed any other response to the plaintiffs' argument that the motion is untimely.  Although replies are not normally allowed for objections to magistrate judge orders without leave of the court under Local Rule IB 3-1, I consider the reply because the plaintiffs raised the untimeliness argument in their response.  Additionally, to the extent this motion is properly one for reconsideration under Rule 60(b), a reply would be allowed.

months after Judge Koppe's order and two months after the plaintiffs moved for leave to late-file a summary judgment motion[3] based on the admissions.  I therefore deny the objection as untimely.  But as discussed below, even if I considered the defendants' motion as timely, I would deny it.

**B.  Judge Koppe did not refuse to consider a new fact, and the new fact has no relation to the admissions.**

The defendants argue that Magistrate Koppe erred by refusing to consider a new fact that would demonstrate the defendants have a strong defense on the merits, specifically plaintiff Tomahawk Manufacturing, Inc.'s voluntary dismissal with prejudice of a claim in separate litigation in Oregon, which the defendants contend issue precludes the plaintiffs' claims in this case.  The defendants argue Judge Koppe set up an impossible standard for them on reconsideration by asserting the defendants could have presented their arguments sooner even though the relevant fact (the voluntary dismissal) did not exist earlier.  The defendants also assert that in deciding reconsideration, Judge Koppe should have reapplied Rule 36(b)'s two-pronged test because the voluntary dismissal goes to the first prong of the test regarding whether withdrawing the admissions would promote presentation of the case's merits.

The plaintiffs respond that Judge Koppe did not refuse to consider the defendants' arguments based on the voluntary dismissal; rather, she considered them and found them to be not "particularly strong." ECF No. 598 at 5 (quoting ECF No. 570 at 8).  The plaintiffs contend that Judge Koppe did not suggest that the defendants could have raised arguments about the voluntary dismissal earlier because her statement was directed at other arguments the defendants raised.

---

[3] ECF No. 572.

Judge Koppe did not refuse to consider the new fact of Tomahawk's dismissal in Oregon. She specifically addressed it. ECF No. 570 at 7-8 & n.7. The defendants are correct that Judge Koppe stated in her order that the defendants could have previously argued that allowing them to withdraw their admissions would promote presentation of the case on the merits but that the defendants had not done so. *Id.* at 6, 8. I understand this language to refer to the defendants' arguments related to their admissions, not to Tomahawk's voluntary dismissal. *See id.* at 8 ("Most importantly, withdrawal of admissions is not permitted absent a showing that doing so would promote the presentation of the merits."). The defendants' issue preclusion defense has nothing to do with the admissions. Rather, that defense is based on Tomahawk's voluntary dismissal of a claim against a different party in Oregon. *See* ECF No. 509. If the issue preclusion defense was successful, it would make no difference whether the defendants' admissions were withdrawn or deemed admitted because the plaintiffs would be precluded from proceeding. *See id.* at 2-4, 9-10, 12-13 (arguing that issue preclusion would result in dismissal of all the plaintiffs' claims in this case). So the new fact of Tomahawk's voluntary dismissal has no bearing on the "presentation of the merits" prong of a Rule 36(b) analysis with respect to withdrawing the admissions. And Judge Koppe did not err by stating that the defendants could and should have addressed how withdrawing the admissions would serve the presentation on the merits when they first moved to withdraw the admissions. *See* ECF Nos. 361 at 3-4; 496 at 5-8. Consequently, I deny the defendants' objections on this ground.

**C. Judge Koppe did not err by refusing to impose lesser sanctions.**

The defendants assert that Judge Koppe did not acknowledge that the deemed admissions may effectively dispose of all claims in the case, and thus not allowing the defendants to withdraw the admissions essentially imposes case-dispositive sanctions. The defendants argue

that because the admissions may be case dispositive, Judge Koppe erred as a matter of law by incorrectly concluding that she was not required to consider lesser sanctions before denying their motion to withdraw the admissions.

The plaintiffs respond that the defendants previously argued against lesser sanctions and do not propose any lesser sanction now, so they should not be heard to complain. And the plaintiffs assert that Judge Koppe did not misunderstand the case law, as the Ninth Circuit permits case-dispositive deemed admissions to stand under the Rule 36(b) test and deemed admissions may support a summary judgment motion.

The defendants did not request a lesser sanction in their motion to withdraw the admissions. *See* ECF No. 323. In their response, the plaintiffs suggested alternative sanctions if the court was inclined to grant the defendants' motion to withdraw the admissions.[4] ECF No. 332 at 5-8. The defendants argued against the plaintiffs' proposed lesser sanctions in their reply and offered no alternative. *See* ECF No. 333 at 7. They also did not request a lesser sanction in their objection to Judge Koppe's order. *See* ECF No. 371.

In their motion to reconsider before Judge Koppe, the defendants argued that she should consider a lesser sanction. But they did not propose one, essentially advocating that because the defendants had already been sanctioned for a different discovery violation, no further sanction should issue. ECF No. 520 at 19-20; *see also* ECF No. 528 at 7-8 (the defendants' reply brief arguing the defendants "should not have the worst sanction available to the Court imposed against them" but not proposing a lesser sanction). In her order denying reconsideration, Judge

---

[4] In addition to proposing alternative sanctions in their response to the defendants' motion to withdraw the admissions, the plaintiffs offered the alternatives to the defendants to resolve the motion without court intervention, but the defendants rejected the plaintiffs' proposal and made no counteroffer. ECF Nos. 332 at 7; 332-3.

6

Koppe noted that the defendants did "not identify or propose any particular lesser sanction," and it appeared to her that the defendants were "advocating for no adverse repercussion at all." ECF No. 570 at 11. Judge Koppe stated that "[p]roviding a free pass for discovery abuse is not a 'lesser sanction.'" *Id.* In the present reconsideration motion, the defendants still do not propose a lesser sanction or explain why any would be appropriate under the circumstances. *See* ECF No. 596.

In the context of Rule 37(c)(1)'s "automatic sanction that prohibits the use of improperly disclosed evidence," the Ninth Circuit held that "a noncompliant party must avail himself of the opportunity to seek a lesser sanction by formally requesting one from the district court." *Merch. v. Corizon Health, Inc.*, 993 F.3d 733, 741 (9th Cir. 2021) (simplified). Thus, if "a party does not move for a lesser sanction," then "a district court does not abuse its discretion in excluding evidence under the plain meaning of Rule 37(c)(1)." *Id.* Rule 36(b) is likewise self-executing in that if a party does not timely respond to RFAs, the admissions are deemed admitted "unless the court, on motion, permits the admissions to be withdrawn or amended." Even assuming a court must consider lesser sanctions in this context, the defendants did not request a lesser sanction, so Judge Koppe did not abuse her discretion by not considering one.

Moreover, Judge Koppe ruled that even if she considered lesser sanctions, she would not impose one. First, she rejected the defendants' apparent position that there should be "no adverse repercussion at all." ECF No. 570 at 11. Second, she noted that any lesser sanction would presumably require reopening discovery to "remediate the harm to Plaintiffs in not having the answers to the requests for admissions before depositions were conducted and in relying on the default admissions for many months." *Id.* At the time Judge Koppe ruled, discovery had closed nearly a year prior, the dispositive motion deadline had expired, the final pretrial order

had issued, and trial had been set. *Id.* at 11.  Judge Koppe reasoned that the defendants had not identified "what alternative relief would be appropriate" under those circumstances, and it was "not apparent how any alternative relief would be suited to the circumstances of this case." *Id.* She also rejected the defendants' argument that there was good cause for their delay in responding to the RFAs, both because she denied reconsideration on that issue and because her prior sanction for other discovery misconduct did not deter the defendants from failing to comply with their discovery obligations with respect to the admissions. *Id.* at 11-12.

The defendants have not shown this was clear error, contrary to law, or an abuse of discretion.  Judge Koppe had previously sanctioned the defendants "based on uncontroverted assertions of discovery misconduct" just ten days before the defendants' responses to the RFAs were due. *Id.* at 12 (citing ECF No. 304; 323-5 at 30; Fed. R. Civ. P. 36(a)(3)).  Yet the defendants again engaged in discovery misconduct by not timely responding to the admissions and not timely seeking an extension to do so.[5]  They waited until after the court-ordered depositions to provide the answers to the RFAs, and then argued against lesser sanctions such as allowing additional depositions. *See* ECF Nos. 333 at 7; 496 at 5, 9-10.  Having made these decisions, the defendants cannot blame the consequences on court error.

Even if the defendants are correct that Judge Koppe's order amounts to a dispositive ruling, which would trigger de novo review of the magistrate judge's order, I would reach the same result.  The defendants have not shown good cause for their delay in responding to the RFAs, as I articulated in a prior order. *See* ECF No. 496 at 8-10.  The defendants have never

---

[5] The defendants attempt to relitigate the good cause issue, but they have not addressed points raised in prior orders, such as why the defendants could not timely request an extension when they had three lawyers representing them and were able to draft and file other documents during the relevant time. *See* ECF No. 496 at 10.

asked for a lesser sanction (even now on reconsideration), have not identified what a lesser sanction should be (other than apparently no sanction at all), and have not explained why a lesser sanction would be appropriate under the circumstances given the defendants' prior discovery abuses. *See* ECF Nos. 265; 304.  To the extent the defendants believe no consequence is an appropriate sanction, I disagree for the reasons articulated in my and Judge Koppe's various orders on this topic.  I therefore deny the defendants' motion.

**D.  Judge Koppe may have misinterpreted the defendants' brief but that would not change the outcome.**

The defendants argue that Judge Koppe erred by stating in her order that the defendants admitted to discovery misconduct.  The defendants assert they were summarizing one of Judge Koppe's prior orders where she suggested there was support in the record for a finding of discovery misconduct, but they were not admitting to such misconduct.  The plaintiffs respond that the defendants acknowledged a prior discovery sanction, so Judge Koppe did not misread their brief.

Judge Koppe stated in her order that the defendants "candidly acknowledge in the motion for reconsideration that there is support in the record that they have engaged in a larger pattern of discovery obstruction. ECF No. 520 at 19 (acknowledging the 'support in the record' as to their pattern of discovery misconduct)." ECF No. 570 at 12.  It appears the defendants are correct that Judge Koppe misinterpreted the defendants' brief.  At page 19 of the defendants' objection, they stated that Judge Koppe "relied on Plaintiff's [sic] argument that Defendants have consistently thwarted the discovery process; and there is support in the record for Plaintiffs['] arguments." ECF No. 520 at 19.  After this sentence, the defendants cited ECF No. 361 at 4. *Id.*  ECF No. 361 is Judge Koppe's initial order denying the defendants' motion to withdraw the admissions.  At

page 4 of that order, Judge Koppe wrote that the plaintiffs argued that the defendants "have consistently thwarted the discovery process," and "[t]here is support in the record for Plaintiffs' argument." ECF No. 361 at 4. Thus, rather than an admission of discovery misconduct, the defendants were referring to the language in Judge Koppe's prior order.

But the defendants have not shown that this misunderstanding was material to Judge Koppe's decision. Judge Koppe gave several reasons for rejecting the defendants' arguments about considering lesser sanctions, including that the defendants did not previously seek lesser sanctions and that the defendants had previously argued against lesser sanctions. ECF No. 570 at 9-10. She also ruled that she would not impose lesser sanctions because the defendants did not identify an appropriate lesser sanction, no lesser sanction was available under the circumstances, and previously imposed lesser sanctions did not deter the defendants. *Id.* at 11-13. The defendants do not show how these conclusions were clearly erroneous, contrary to law, or an abuse of discretion. I therefore deny this portion of the defendants' motion.

**II. CONCLUSION**

I THEREFORE ORDER that the defendants' **(ECF No. 595/596) is DENIED**.

DATED this 25th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

10