**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

    Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Denying Defendants' Second Motion for Summary Judgment**

[ECF No. 509]

The defendants filed a second summary judgment motion after the dispositive motion deadline. ECF No. 509.  They contend that I should consider their motion because it is based on the new development that Tomahawk Manufacturing, Inc. voluntarily dismissed with prejudice its counterclaim against non-party James Wolff in separate litigation in Oregon.  The defendants argue that Tomahawk and Formtec, LLC are issue precluded from continuing to pursue their claims in this case.  They contend that Tomahawk's dismissed claim in Oregon depended on the same allegations underpinning Tomahawk and Formtec's claims in this case: that Tomahawk and Formtec own the trade secrets, and that Wolff gave the defendants confidential or trade secret information.  The defendants assert that because the claim in Oregon was adjudicated on the merits against Tomahawk based on its voluntary dismissal with prejudice, Tomahawk and Formtec are issue precluded from relitigating in this case who owns the technology at issue and whether Wolff gave confidential or trade secret information to the defendants.  The defendants also challenge on the merits the allegations in this case about a deal with a certain fast-food franchise.  Finally, the defendants appear to assert that a ruling by the judge in the Oregon action has preclusive effect here regarding the conduct of non-party Samuel Gannon.

Tomahawk and Formtec respond that issue preclusion does not apply to a voluntarily dismissed claim.[1]  The plaintiffs further contend that the defendants should be judicially estopped from asserting preclusion because they have consistently denied in this case that they are in privity with Wolff, or at least there are issues of fact on privity.  They also argue the defendants' other arguments are untimely and otherwise do not support summary judgment.

I deny the defendants' second motion for summary judgment.  I retroactively allow the defendants to file the second summary judgment motion as to issue preclusion after the deadline, but Tomahawk and Formtec are not issue precluded because no issue was actually and necessarily litigated through Tomahawk's voluntary dismissal in Oregon.  I do not allow the defendants to file a second summary judgment attacking the allegations related to the fast-food franchise on the merits because the defendants could have raised those arguments by the dispositive motion deadline.  I do not allow the defendants to file a second summary judgment motion based on Judge Simon's ruling regarding Samuel Gannon because the defendants were not reasonably diligent in moving for summary judgment regarding that issue.  Further, I would reject the defendants' argument even if I considered it.

/ / / /

/ / / /

/ / / /

---

[1] The plaintiffs also assert that claim preclusion does not apply because the parties, claims, and issues are different in Oregon.  But the defendants did not raise claim preclusion in their motion. The defendants appear to argue claim preclusion in their reply based on their citation to *Media Rights Technologies, Inc. v. Microsoft Corporation*, 922 F.3d 1014, 1017 (9th Cir. 2019). ECF No. 555 at 4-5.  Even if I considered this argument raised for the first time in a reply brief, the defendants were not parties to the Oregon case and they do not argue, and make no showing, that they are in privity with Wolff such that claim preclusion should apply. *See Media Rts. Techs., Inc.*, 922 F.3d at 1021 (stating that an element of claim preclusion is that the prior action "involved identical parties or privies" (quotation omitted)).

## I. ANALYSIS

**A.  I deny the defendants' motion for summary judgment based on issue preclusion.**

I will consider the defendants' summary judgment motion as to issue preclusion even though the scheduling order's dispositive motion deadline has passed because the defendants have shown good cause to extend the deadline.  Tomahawk voluntarily dismissed its counterclaim in Oregon after the dispositive motion deadline in this case expired. *See* ECF No. 370 at 4-5 (order extending the deadline to file dispositive motions in this case to November 20, 2024); *Wolff v. Tomahawk Mfg.*, 3:21-cv-00880-SI, ECF No. 506 (D. Or. June 6, 2025) (court order accepting Tomahawk's voluntary dismissal with prejudice).  The defendants thus could not have previously moved for summary judgment on issue preclusion grounds.  The defendants diligently filed this motion within days of Tomahawk's voluntary dismissal becoming final in Oregon. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (stating the "good cause standard primarily considers the diligence of the party seeking" to amend the scheduling order (quotation omitted)).

The doctrine of issue preclusion "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008) (quotation omitted).  The preclusive effect of a federal court judgment is determined by federal common law. *Id.* at 891.  However, "[f]or judgments in diversity cases, federal law incorporates the rules of preclusion applied by the State in which the rendering court sits." *Id.* at 891 n.4.  The Oregon complaint was removed to federal court based on diversity. *Wolff v. Tomahawk Mfg.*, 3:21-cv-00880-SI, ECF No. 1 (D. Or. June 10, 2021).  I therefore look to Oregon preclusion law.

The defendants' motion fails because issue preclusion requires that the relevant issue "actually was litigated and was essential to a final decision on the merits in the prior proceeding." *Barackman v. Anderson*, 109 P.3d 370, 372 (Or. 2005) (quotation omitted).[2] But Tomahawk's voluntary dismissal, even though with prejudice, did not actually litigate any issue; nor was any particular issue necessary to the final decision. There was no ruling about who owns the technology at issue in this case or whether Wolff disclosed confidential or trade secret information to the defendants. Those issues were not actually litigated by the voluntary dismissal nor was a ruling on those issues essential to the voluntary dismissal. *See Wall v. Ash*, 536 P.3d 1101, 1104-05 (Or. Ct. App. 2023) ("To satisfy the 'actually litigated' and 'essential to a final decision' requirement, a prior court's resolution of an issue must either be apparent from the face of a judgment or order or, if not apparent from the face of a judgment or order, must have been necessary to the resolution of the prior adjudication." (quotation omitted)); *Amadeo v. Principal Mut. Life Ins. Co.*, 290 F.3d 1152, 1159 (9th Cir. 2002) ("A voluntary dismissal of a claim prior to any adjudication and without any stipulated findings of fact does not actually litigate any issue."). To the contrary, the presiding judge in Oregon explicitly "decline[d] to condition dismissal of [Tomahawk's] counterclaim on the entry of any preclusive findings (other than dismissal being with prejudice, as discussed below)" as to Wolff. *Wolff v. Tomahawk Mfg.*, 3:21-cv-00880-SI, ECF No. 504 at 3 (D. Or. June 5, 2025). So the defendants have not met their

---

[2] The defendants cite to Nevada and federal law. *See* ECF No. 509 at 3-4. The plaintiffs cite to federal law. *See* ECF No. 533 at 11-12. Regardless, federal, Nevada, and Oregon law all require that the relevant issue be actually litigated and essential to the judgment for issue preclusion to apply. *See Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) (listing as element of issue preclusion that "the issue was actually litigated and decided in the prior proceedings," and "the issue was necessary to decide the merits" (quotation omitted)); *Alcantara ex rel. Alcantara v. Wal-Mart Stores, Inc.*, 321 P.3d 912, 916 (Nev. 2014) (listing as one element of issue preclusion that "the issue was actually and necessarily litigated").

burden to show that issue preclusion applies and I deny this portion of their motion. *See Zybach v. Perryman*, 383 P.3d 314, 318 (Or. Ct. App. 2016) (stating that the party asserting issue preclusion bears the burden of proving the relevant issue was actually litigated and essential to the judgment).

**B.  I deny the motion as to the fast-food franchise allegations.**

The defendants contend that the plaintiffs' allegations about confidential information regarding a deal with a certain fast-food franchise are issue precluded because Tomahawk should have brought a compulsory counterclaim against Wolff in Oregon based on these allegations but did not, and then voluntarily dismissed its breach of duty of loyalty counterclaim against Wolff with prejudice.  The defendants also argue the claim on the merits, asserting that the deal with the fast-food franchise failed for reasons unrelated to Wolff's or the defendants' actions.

The plaintiffs respond that the defendants could have raised these arguments before, so there is no basis to raise them in a late-filed summary judgment motion.  The plaintiffs also argue that genuine disputes remain regarding why the deal with the fast-food franchise failed.

The defendants' issue preclusion argument fails for the same reasons already discussed.  The defendants have not pointed to anything in the Oregon case showing the issue was actually litigated and necessary to the judgment.  I do not permit the defendants to file a second summary judgment motion attacking this claim on the merits because they could and should have done that by the dispositive motion deadline in this case.  So I deny this portion of their motion.

**C.  I do not allow the defendants to move for summary judgment based on Judge Simon's ruling regarding Samuel Gannon, but I would deny the motion if I allowed it.**

The defendants appear to contend, without actually arguing it, that Tomahawk and Formtec are precluded from relitigating the issue of whether non-party Samuel Gannon

5

misappropriated Tomahawk and Formtec's confidential or trade secret information or was Wolff's co-conspirator. They rely on Judge Simon's ruling in the Oregon case on one of Tomahawk's motions in limine to exclude Gannon as an expert witness. The plaintiffs respond that Judge Simon's ruling on whether to exclude Gannon as an expert in Oregon has no bearing on the issues in this case.

Judge Simon's ruling was issued in February 2025. The defendants do not explain why they waited until June 2025 to file a motion concerning this ruling. I therefore do not find good cause to extend the dispositive motion deadline with respect to this issue. Further, I would deny the motion even if I considered it. Judge Simon ruled only that he was not persuaded by Tomahawk's argument that Gannon should be excluded as an expert for Wolff due to an arbitration panel's findings. See *Wolff v. Tomahawk Mfg.*, 3:21-cv-00880-SI, ECF No. 415 at 6 (D. Or. Feb 21, 2025) (stating that the court "rejects Tomahawk's characterization that the arbitration panel concluded that Gannon misappropriated Tomahawk's trade secrets or was a 'co-conspirator' with Wolff"). The defendants have not shown that the issue of whether Gannon in fact shuttled confidential or trade secret information to the defendants was actually litigated and necessary to any judgment in the Oregon action. I therefore deny this portion of the defendants' motion.

**II.  CONCLUSION**

I THEREFORE ORDER that the defendants' second motion for summary judgment **(ECF No. 509) is DENIED**.

DATED this 25th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

6