**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al., <br><br> Plaintiffs <br><br> v. <br><br> SPHERICAL INDUSTRIES, INC., et al., <br><br> Defendants | Case No.: 2:23-cv-01007-APG-NJK <br><br> **Order (1) Denying as Moot Plaintiffs' Motion for Leave to File Surreply and (2) Denying Defendants' Second Motion to Increase Bond** <br><br> [ECF Nos. 502, 522] |

The defendants move to increase the bond amount supporting the preliminary injunction in this case. ECF No. 502.  I set the bond at $1,000. ECF No. 51 at 3.  The defendants request the bond be increased to $9,464,573, reflecting $464,573 in attorney's fees, $5.4 million in potential patent value for a pressure washer nozzle, and $3.6 million in potential patent value for a showerhead faceplate. ECF No. 502 at 7.

The plaintiffs oppose, arguing that no circumstances have changed to support increasing the bond amount.  The plaintiffs also argue that the defendants have testified that they have no trade secrets or other intellectual property, and that their pre-startup business had no orders or sales, so their calculations regarding royalties for their potential products cannot support a bond increase.  And they assert that because the defendants in this case have argued that the relevant information is in the public domain, the defendants have not explained how they could get patents for their own alleged inventions, so no royalty calculation is appropriate.  Further, the plaintiffs assert that the bond increase request is based on defendant Will Hardy's previously undisclosed damages report expressing opinions that Hardy is unqualified to make.  Finally, the

plaintiffs contend that there are no remaining counterclaims for which the defendants could claim damages.

In reply, the defendants argue that Tomahawk's voluntary dismissal with prejudice of its counterclaim against non-party James Wolff in a separate lawsuit in Oregon has changed the calculus. The defendants assert that the plaintiffs are issue-precluded from continuing to assert their claims in this case based on Tomahawk's voluntary dismissal with prejudice in Oregon. They also contend that Hardy's calculations stand unrebutted.

The plaintiffs move for leave to file a surreply to address the defendants' new arguments concerning the voluntary dismissal in Oregon. I deny the motion for leave to file a surreply because it is unnecessary. As I ruled in another order, the plaintiffs are not issue-precluded in this case based on the voluntary dismissal in Oregon. The plaintiffs thus need not respond to those arguments in relation to the bond increase motion.

Under Federal Rule of Civil Procedure 65(c), a preliminary injunction bond should be "in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." The defendants have not explained how all their litigation costs in this case result from the injunction as opposed to being incurred while defending the claims asserted against them and pursuing their counterclaims. Consequently, I deny a bond increase based on the total amount of attorney's fees the defendants have incurred in this case. *See Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1038 (9th Cir. 1994) (stating a wrongfully enjoined party can be compensated through the bond for injuries suffered "because of the injunction"); *Blumenthal v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 910 F.2d 1049, 1056 (2d Cir. 1990) (stating damages from being wrongfully enjoined must have been "proximately caused by the injunction").

I also deny a bond increase based on Hardy's calculations regarding the asserted value of the defendants' two provisional patent applications that they were enjoined from filing. The defendants do not show that Hardy is qualified to opine on the value of provisional patents or the potential damages to a startup business with no product ready for market and no sales or pre-sales. Additionally, the defendants do not explain why Hardy's "valuation of two provisional patents that the defense has been enjoined from exploiting economically" is an appropriate measure given the defendants' arguments in this case that the relevant technology has been in the public domain for over a decade. ECF No. 502-4 at 1; *see also Medtronic, Inc. v. Cardiac Pacemakers, Inc.*, 721 F.2d 1563, 1567 (Fed. Cir. 1983) ("It is of course true that to be patentable an invention must be useful, novel, and nonobvious.").

I THEREFORE ORDER that the defendants' second motion to increase bond **(ECF No. 502) is DENIED**.

DATED this 25th day of January, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

3