**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>    Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>    Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Denying Plaintiffs' Motion for Leave to File Second Summary Judgment Motion**<br><br>[ECF Nos. 572, 573] |

The plaintiffs move for leave to file a second motion for partial summary judgment after the dispositive motion deadline.  The plaintiffs contend they should be allowed to late-file the motion because the plaintiffs' requests for admissions (RFAs) have been deemed admitted by the defendants and the defendants' objection and reconsideration motion related to the admissions were recently decided.  The plaintiffs assert that "[g]iven the pendency of those applications by Defendants, the admissions were not previously submitted in connection with Plaintiffs' prior motion for summary judgment." ECF No. 572 at 2.

I deny the motion for leave to file a second summary judgment motion because the plaintiffs have not shown good cause and excusable neglect to extend the dispositive motion deadline. LR 26-3.  The plaintiffs could, and should, have filed a summary judgment motion based on the admissions at the time of the dispositive motion deadline.  The dispositive motion deadline was November 20, 2024. ECF No. 370 at 4-5.  Before that deadline, Magistrate Judge Koppe had denied the defendants' motion to withdraw their admissions. ECF No. 361.  The defendants objected to Judge Koppe's order, and I had not yet ruled on the objection. ECF No. 371.  But the status quo at the dispositive motion deadline was that the RFAs were admitted.

Nothing prevented the plaintiffs from moving for summary judgment based on the admissions. To the extent the plaintiffs were concerned Judge Koppe's order might be overturned, they could have argued they were entitled to summary judgment with the admissions, and alternatively, were entitled to summary judgment even without the admissions. Because I deny the motion for leave to file the motion, I also deny the second motion for summary judgment.

**II.  CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motion for leave to file **(ECF No. 572) is DENIED**.

I FURTHER ORDER that the plaintiffs' second motion for summary judgment **(ECF No. 573) is DENIED**.

DATED this 25th day of January, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

2