# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TOMAHAWK MANUFACTURING, INC., et al.,

    Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

    Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Granting in Part Plaintiffs' Motion to Seal**

[ECF No. 485]

Many documents in this case have been sealed in whole or in part. On August 13, 2024, I ordered the plaintiffs "to show cause why each document that has been sealed up to this point (including [that] order, which I enter[ed] under seal at [that] point) should not be unsealed." ECF No. 329 at 6. I further ordered that "[i]f the plaintiffs believe that some portions of documents should still be sealed, they must identify those portions and explain why they should be sealed, including a discussion regarding whether that information has already been made public elsewhere." *Id.* at 6-7. My order was partly based on the fact that many of the words and phrases that have been sealed in this case were revealed in public documents in a case in the Eastern District of Wisconsin, *Tomahawk Manufacturing, et al. v. Gannon*, 1:22-cv-00557-WCG (E.D. Wis.).

After the plaintiffs responded, I issued a second order concluding that the plaintiffs had "not met their burden to show that certain words and phrases that the plaintiffs have revealed in other publicly filed documents should be sealed in this case. Specifically, references to sphere-into-cylinder, venturi, water or fluid applications, showerheads or spray nozzles, and increased velocity and decreased pressure and flow rates should no longer be sealed." ECF No. 467 at 5. I

also noted that for materials other than the alleged trade secrets, the parties had not justified sealing them under the compelling reasons standard, instead simply stating that the parties had agreed to keep certain documents confidential. *Id.* at 5-6.  And I also stated that it was "unclear if other material, like the plaintiffs' attempt to reach a deal with a certain fast food chain, is material that needs to be sealed under the compelling reasons standard." *Id.* at 6.  I gave the parties another chance to identify each document or parts of documents that should remain sealed and the justification for that sealing. *Id.*  But I noted that, by giving leave to again move to seal, I was "not entertaining further argument from the plaintiffs regarding the descriptors of the alleged trade secrets.  Thus, the plaintiffs are not given leave to move to seal words like spray nozzles, showerheads, and the like . . . ." *Id.* at 7 n.2.

The plaintiffs moved to seal numerous documents or portions of documents.  The defendants did not specifically oppose the motion.[1]  Instead, they filed a motion to expedite a ruling on my order to show cause regarding sealing. ECF No. 490.  In that motion, the defendants argued that the plaintiffs had again failed to do what I ordered.  Specifically, the defendants asserted that the plaintiffs had not addressed whether information had already been publicly revealed elsewhere, like the FOT Agreement, which the defendants asserted has been revealed in litigation in other states and in this case at ECF No. 458-3.[2]  In response, the plaintiffs asserted that only boilerplate portions of the FOT Agreement have been revealed in other cases and they moved to seal ECF No. 458-3 in this case.

////

---

[1] In response to my order at ECF No. 467, the defendants filed a motion to seal only one document. *See* ECF No. 484.  I denied that motion. ECF No. 629.

[2] The defendants also argued that everything should be unsealed because no trade secret exists.  I have already rejected that position in this case because genuine issues of fact remain. *See, e.g.,* ECF No. 499 at 15-20.

**A.   I grant the plaintiffs' motion seal as to trade secret and arbitration information.**

I grant the plaintiffs' motion to seal in part.  First, documents that were withdrawn, stricken, or not permitted to be filed will remain inaccessible to the public. *See* ECF Nos. 59, 64, 158, 285, 318.  Second, documents that reveal the plaintiffs' alleged trade secrets (drawings, specifications, research, etc., plus the list of potentially infringing showerheads) or disclose matters from a confidential arbitration proceeding may remain sealed. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).  Although I generally grant the motion to seal in relation to the alleged trade secrets, I note the plaintiffs sometimes seek to seal the words "spray nozzle" and other terms I already stated could not be sealed.  But the instances of this are sporadic and not worth the parties' or the court's time and resources to go through another round of redactions; nor would it appreciably benefit the public's right of access to the courts to do so.  **The plaintiffs are again advised that the words I identified in ECF No. 467 can no longer be sealed in this case going forward.**  I give the plaintiffs this admonition because, unfortunately, another round of briefing will be necessary, as discussed below.

**B.   I deny the motion to seal the FOT Agreement and references to it.**

I deny the plaintiffs' motion to seal the FOT Agreement, although I will not require anyone (the court included) to go back through all the filings and unseal the FOT Agreement or references to it.  The FOT Agreement was publicly revealed when it was attached to a motion for leave to file an amicus brief filed by nonparties James Wolff and Elizabeth Wolff. ECF Nos. 458; 458-3.  The plaintiffs moved to seal ECF No. 458 shortly after the nonparties filed it. ECF No. 459.  But I denied the plaintiffs' motion to seal without prejudice on February 21, 2025 because "a cursory review of the motion for leave to file amicus brief and attachments does not support sealing the documents entirely." ECF No. 461.  The denial was "without prejudice to

3

[the plaintiffs] filing a fully supported motion to seal that identifies particular parts of the motion and attachments that should be sealed and the reasons for sealing." *Id.* The plaintiffs did not move to seal this filing again until they filed their omnibus motion to seal over two months later. *See* ECF No. 485. Having let the document remain on the public docket after I denied the motion to seal without timely moving to seal it again, I deny the portion of the plaintiffs' motion to seal that is directed at ECF No. 458 and all of its subparts, including the FOT Agreement. The parties may not seal the FOT Agreement or references to it in future filings.

**C. I grant the motion as to the provisional patent applications' substance but deny it without prejudice with respect to information about when they were filed or who the inventor is.**

The plaintiffs seek to seal references to the defendants' provisional patent applications. I have no qualms with sealing the substance of those applications, such as drawings, measurements, and specifications, as the plaintiffs contend those reveal the plaintiffs' allegedly misappropriated trade secrets. But the plaintiffs move to seal references to the defendants filing provisional applications, the filing dates, the inventor, and some of the words I have already indicated should not be sealed.[3] The provisional applications themselves are not publicly available from the U.S. Patent and Trademark Office. So it is unclear why information about filing dates or the inventor should remain sealed. The plaintiffs have not adequately justified sealing that information. But again, it is not worth the parties' or the court's time to go through another round of redactions, nor would it appreciably benefit the public's right of access. The plaintiffs are advised that if they seek to seal this information going forward, they must provide a

---

[3] That the defendants filed provisional applications and a general time frame is public. *See, e.g.,* ECF No. 43 at 9, 18-19.

4

more robust explanation as to why mere descriptions of when the patent applications were filed, who filed them, or who is identified as the inventor should be sealed. **For clarity, the substance of the defendants' provisional patent applications, including any drawings or specifications, REMAINS SEALED.**

### D. I require additional briefing regarding Fast Food Chain 1.

The plaintiffs have not adequately explained why the information related to Fast Food Chain 1[4] should remain sealed given that this business opportunity was over ten years ago. But before ordering anything unsealed with respect to the business opportunity with Fast Food Chain 1, I will give the plaintiffs one final opportunity to explain in detail and with evidence, not merely attorney argument, that the name of Fast Food Chain 1, the mutual nondisclosure agreement, the related information regarding this business opportunity (including prices that are now more than ten years old), and the defendants' alleged interference with it should remain confidential. If the plaintiffs want to keep this information sealed, they must file a properly supported motion to seal by **March 6, 2026**. **For clarity, this information REMAINS SEALED until further order of the court**.

### E. I will require additional support for future filings regarding the names of third-party recipients.

The plaintiffs seek to seal the names of individuals who allegedly received their trade secret or confidential information from the defendants. The plaintiffs have not adequately explained why those names should be redacted. Additionally, at least one of those names has

---

[4] I previously designated the relevant entities related to the plaintiffs' claimed confidential business opportunity as Fast Food Chain 1 to avoid having to seal my prior order. ECF No. 500 at 7 & n.4. The parties are directed to continue using this moniker until the issue of confidentiality is finally settled with respect to this business opportunity.

been revealed in a public filing. As with other categories of information, it is not worth the effort to go through another round of redactions. But going forward, the plaintiffs will have to justify sealing that information.

**F. Deposition Testimony Under Protective Order, Without More, Should Not Be Sealed.**

The plaintiffs have identified some sealed information as deposition testimony under the protective order. That is insufficient to explain why this material should be sealed. Again, it is not worth the parties' or the court's time to go through another round of redactions, nor would it appreciably benefit the public's right of access to the courts to do so. However, the parties are advised this material cannot be sealed going forward based merely on marking the testimony as confidential under the protective order.

**G. Defendants' Designated Documents should not be sealed.**

The plaintiffs identified some material as designated confidential by the defendants. The defendants have not filed a motion to seal this material. Consequently, going forward, this information should not be sealed. But as with the other categories of information, the time and expense involved in another round of redactions is not worth the negligible benefit to public access.

**H. "Confidential Information" is not always clear about why it should be sealed.**

The plaintiffs have identified some information as "confidential," but it is not clear why. For example, the plaintiffs' propose redacting several lines at ECF No. 130-1 at page 5 that do not seem to be confidential or, if confidential, then confidential to the defendants, who have not requested this be sealed. Similarly, it is not apparent why the letter at ECF No. 135 page 41 should remain sealed. Sometimes the plaintiffs seek to redact generic descriptions of conduct

that contain no confidential facts. *See* ECF No. 486 at 58 (proposed redaction of ECF No. 310 at pages 2-3); *id.* at 62 (proposed redaction of ECF No. 319-4 at pages 2-3, 9).  As with the other categories of information, another round of redactions is not beneficial, but if either party seeks to seal this type of information in the future, they must better explain why it should be sealed.

**I.  No reason is given to seal ECF No. 131-6 (identified on the plaintiffs' spreadsheet as ECF No. 130, Exhibit E, RogueFlo email).**

The plaintiffs do not identify a reason to keep this email sealed.  Looking at the document, it is marked "attorneys eyes only." ECF No. 131-6 at 2.  But that designation alone is insufficient.  Any party wanting to keep this document sealed must file a properly supported motion to seal by **March 6, 2026**.

**J.  The plaintiffs did not address all sealed documents.**

The plaintiffs' motion to seal at ECF No. 485 missed some sealed filings.  For example, the plaintiffs address ECF No. 12 but not its subparts at ECF Nos. 12-1 through 12-7.  The following ECF Nos. remain unaddressed:  ECF Nos. 12-1 through 12-7, 114-1, 114-2, 131-1 through 131-7, 147-1, 147-2, 148-1, 231-1, 238-1, 241-1, 245-1, 246-1, 249-1, 255-1, 275-1, 335-1, 335-2, 345-1 through 345-10, 372-1, 383-1 through 383-19, 396-1 through 396-6, 421-1 through 421-10, 440-1 through 440-13.  Additionally, the plaintiffs incorrectly identified ECF No. 234 as sealed.  I presume they meant ECF No. 235 and its subparts.  Accordingly, if any party wants to seal these documents or portions of these documents, they must file a properly supported motion to seal that comports with *Kamakana* and the parameters of this order by **March 6, 2026**.

////

////

7

**K. There are more sealed documents after the plaintiffs' motion that need to be addressed.**

The plaintiffs' motion to seal at ECF No. 485 addressed sealed documents through ECF No. 464.  There are several documents that were filed under seal after ECF No. 464.  Specifically, ECF Nos. 471, 472, 502 and all its subparts, 509, 509-2, 509-3, 514, 517, 526 and all its subparts, 527 and all its subparts, 528 and all its subparts, 540, 549, 550 and all its subparts, 551, 552 and all its subparts, 555 and all its subparts, 575, 576, 578 and all its subparts, 581, 590, 600 and all its subparts, and 606.[5]  The parties have already filed redacted versions for some of these documents.  If those redactions comply with the parameters of this order, the parties need not address those filings.  But if those filings include sealed matters that I have indicated in this order can no longer be sealed, they must be unsealed.  Consequently, any party who wants to keep any portion of the above identified documents sealed must file a motion to seal by **March 6, 2026.**  The motion must identify the particular document, whether they request it be sealed in whole or in part, and if in part, specific portions to be redacted.  Additionally, the party must explain why the information should be sealed.

**CONCLUSION**

I THEREFORE ORDER that the plaintiffs' motion to seal **(ECF No. 485) is GRANTED in part** as set forth in this order.

I FURTHER ORDER that by **March 6, 2026** any party wishing to seal any document or portion of a document that I have identified in this order as needing additional briefing must file

---

[5] The parties need not address ECF No. 486.  That is the sealed schedule of documents the plaintiffs filed in connection with their motion to seal at ECF No. 485.  **ECF No. 486 REMAINS SEALED.**

8

a properly supported motion to seal.  The motion must identify the document or portions of the document that should be sealed and the reason for sealing it under the proper standard for the type of motion at issue.

I FURTHER ORDER the clerk of court to unseal the following documents:

ECF Nos. 39   51   63   83   122-3   130-3   148   198   235-1

238   241   245   246   247   258   259 and all its subparts   262-1

262-2   263   319-1   319-3   319-6 through 319-9   328   329   338-2

361   365-1 through 365-6   365-8 through 365-16   371   371-1   372

392-1 through 392-4   400   405-1 through 405-5   420 and all its subparts

422 and all its subparts   436-1 through 436-3   437   437-1   437-2   442

452   452-1.

DATED this 4th day of February, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE