# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

TOMAHAWK MANUFACTURING, INC., et al.,

      Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

      Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Sanctioning Defendants' Counsel**

I address in this order two orders to show cause that I issued to the defendants and their counsel regarding their conduct of filing confidential and/or trade secret information on the public docket contrary to my preliminary injunction order and the protective and sealing orders in this case. *See* ECF Nos. 521; 539.  I do not sanction the defendants, but I sanction their attorney Stephen Healy.

## I.  BACKGROUND

I entered a temporary restraining order and preliminary injunction in this case enjoining the defendants from disclosing or publicizing the plaintiffs' trade secrets, which I defined as "sphere-into-cylinder Venturi technology in fluid applications." ECF Nos. 39 at 1; 51 at 1.  After I entered my order, defendant Christopher Duggan, then appearing pro se in this case, filed a publicly accessible document that referred to sphere-into-cylinder Venturi technology as applied to fluids. *See* ECF No. 56-3 at 12-19.  That prompted the plaintiffs to file an emergency motion to seal. ECF No. 58.  Duggan filed a declaration in opposition to the motion to seal in which he explained why he believed the information in his filing was not a trade secret. ECF No. 59.

I temporarily sealed Duggan's filings at ECF Nos. 56-3 and 59. ECF No. 61. In doing so, I reminded Duggan that "I have ordered him to refrain from . . . disclosing . . . the Plaintiffs' Trade Secrets . . . until further order from the court." *Id.* at 1 (quotation omitted). In that order, I noted that I had previously explained to Duggan at the July 18, 2023 hearing that "he is not to publicly disclose the Plaintiffs' Trade Secrets as I have defined that term even if he does not agree that they constitute trade secrets. That includes filing unsealed documents on the public court docket." *Id.* I advised Duggan that if he "need[ed] to file something with the court that discloses the trade secrets, then he must file it under seal and comply with Local Rule IA 10-5." *Id.* Duggan and the other defendants later retained counsel, and the parties stipulated to seal ECF Nos. 56-3, 59, and 64. ECF No. 78.

In September 2023, Magistrate Judge Koppe entered a protective order governing "[a]ll disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, or disclosed in the course of this action, which may be subject to restrictions on disclosure under this Order, and information derived directly therefrom." ECF No. 105 at 1. Under the protective order, a party may designate documents as "confidential" or "attorneys eyes only." *Id.* at 2-3 (simplified). The protective order provides that the "parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity," with limited exceptions. *Id.* at 3-4. It likewise prohibits the parties and counsel from disclosing or permitting disclosure of any "attorneys eyes only" documents, with limited exceptions. *Id.* at 4-5 (simplified); *see also* ECF No. 144 (stipulated modification to protective order).

2

The protective order addresses how to file designated documents on the court's docket. *Id.* at 9. The protective order requires that the filing be made "under seal without disclosing the contents of any confidential information." *Id.* The parties may agree to file a document without sealing it, but "[w]here agreement is not possible or adequate, an exhibit designated for protection under this Order shall be filed . . . under seal." *Id.* Additionally, the protective order provides a means for one party to challenge the other's designations. *Id.* at 10. The protective order states that it is "binding upon all counsel and their law firms, the parties, and persons made subject to [the protective order] by its terms." *Id.* at 13.

As I stated in a prior order, "January 2024 marked a rather chaotic period in this case." ECF No. 329 at 3. Although Duggan was technically still represented by counsel, he acted as if he were pro se and filed several documents on the public docket that revealed the plaintiffs' alleged trade secret or confidential information. *See* ECF Nos. 165-168. I sealed those documents, warned Duggan not to publicly file information that is covered by court orders, and advised him that if he disagreed with those orders, the proper response was to move to vacate them. ECF No. 177 at 1. I subsequently granted defense counsels' motions to withdraw, and all defendants were pro se for a time. ECF Nos. 176; 203.

During the time the defendants were unrepresented, Duggan again filed material on the public docket that was subject to the preliminary injunction. ECF No. 198. I granted the plaintiffs' motion to seal that document. ECF No. 206. Duggan explained in another filing that he did not intend to violate court orders and that he believed that he could publicly file information because it was publicly available elsewhere. ECF No. 210.

The defendants subsequently obtained new counsel, Stephen Healy. ECF No. 213. Shortly after entering his appearance in this case, Healy disclosed information related to the

3

plaintiffs' alleged trade secrets on the public docket. ECF No. 238.  I sealed the filing and advised Healy to become familiar with the court orders in this case. ECF No. 239.  I warned Healy and the defendants that "continued failure to comply with my orders may result in sanctions against the parties and their counsel, including monetary sanctions and the dismissal of claims and defenses." *Id.*

In July 2024, the defendants moved to withdraw their defaulted admissions. ECF Nos. 318; 319.  The plaintiffs moved to seal the defendants' motion on the grounds that it revealed the alleged trade secrets. ECF No. 320.  Magistrate Judge Koppe granted the motion to seal and did not allow the defendants to refile their motion to withdraw admissions without conferring with the plaintiffs regarding redactions. ECF No. 322.

In August 2024, I issued an order to show cause why documents that had been filed under seal in this case should not be unsealed. ECF No. 329.  In my order to show cause, I stated that having reviewed the public docket in a case in Wisconsin, I "question[ed] whether certain words and phrases that have been sealed in this case should be unsealed." *Id.* at 5-6.  I gave some examples of words and phrases that were sealed in this case that were not sealed elsewhere. *Id.* at 6.  So I ordered the plaintiffs "to show cause why each document that has been sealed up to this point (including [that] order, which I enter[ed] under seal at [that] point) should not be unsealed." *Id.* at 6.

Although I was ordering the plaintiffs to show cause why I should not unseal previously sealed material, I specifically noted that this would not excuse Duggan's conduct of revealing sealed matter on the public docket.  I stated that although the "public availability of that information may have led Duggan to believe he could file matters on the public record, I repeatedly advised him not to do what he was doing, yet he persisted.  Rather than risk contempt,

Duggan should have done what I ordered: file the matters under seal and move to vacate the sealing and protective orders." *Id.* at 329.  The plaintiffs responded to my order to show cause by disputing that they had publicly revealed the trade secret in its totality elsewhere, so I should not unseal that information here. ECF No. 338.

In March 2025, I issued an order addressing my order to show case regarding the sealed filings in this case. ECF No. 467.  I noted that "the plaintiffs did not comply with my order" because "I ordered them to show cause why each document or any particular parts of each document, should not be unsealed," but the plaintiffs "offer[ed] general arguments about sealing certain types of information." *Id.* at 2.  The plaintiffs also did not address whether information had already been made public elsewhere. *Id.*  With respect to the alleged trade secrets, I ruled that "the plaintiffs have not met their burden to show that certain words and phrases that the plaintiffs have revealed in other publicly filed documents should be sealed in this case." *Id.* at 5. "Specifically, references to sphere-into-cylinder, venturi, water or fluid applications, showerheads or spray nozzles, and increased velocity and decreased pressure and flow rates should no longer be sealed." *Id.*  I also stated that it was "unclear if other material, like the plaintiffs' attempt to reach a deal with a certain fast food chain, is material that needs to be sealed under the compelling reasons standard." *Id.* at 6.  I temporarily sealed my order and gave the parties the opportunity to file motions to justify sealing each document in the case. *Id.* at 6-7. I subsequently unsealed that order in early April 2025. ECF No. 473.

In compliance with my order, a little less than a month later, the plaintiffs moved to seal various documents and portions of documents. ECF No. 485.  Among the material the plaintiffs sought to seal was reference to a certain fast-food franchise with which the plaintiffs had sought

5

a business relationship. *See, e.g.*, ECF No. 486 at 22.  The plaintiffs justified sealing this information as a "Confidential Business Opportunity." *See, e.g.*, *id.*

On May 15, 2025, I entered orders on the parties' summary judgment motions. ECF Nos. 499; 500.  In one of those orders, I stated that I was denying the defendants' motion for summary judgment against Tomahawk on all claims in part because "it appears that Tomahawk had confidential information related to the business opportunity with a fast-food chain." ECF No. 499 at 12.  In another order, I addressed the plaintiffs' motion for summary judgment related to the information about the fast-food chain. ECF No. 500 at 7.  There, I referred to the fast-food chain as Fast Food Chain 1 and, in a footnote, I stated: "[t]o avoid having to seal this order, I will refer to the relevant fast food chains as Fast Food Chain 1, 2, and 3." *Id.* at 7 n.4.

Less than a month later, the defendants filed a second motion for summary judgment. ECF No. 509.  In that motion, the defendants identified Fast Food Chain 1 by name without sealing the document. ECF No. 509 at 4, 9-13.  They also attached as exhibits to that motion plaintiff Tomahawk Manufacturing, Inc.'s answer in the Oregon case, which was filed under seal in Oregon, as well as the unredacted version of the plaintiffs' amended complaint in this case. ECF Nos. 509-2; 509-3.  The amended complaint in this case included, among other information that the plaintiffs sought to keep sealed, the name of Fast Food Chain 1. ECF Nos. 509-3 at 4, 8-13, 40, 42-43; 250 (motion to seal amended complaint); 310 (amended complaint filed under seal).  The court had previously granted the plaintiffs' motion to seal the amended complaint. *See* ECF No. 303.

The defendants' public filing prompted the plaintiffs to file a motion to strike or, alternatively, to seal portions of the second summary judgment motion and two exhibits (the answer in Oregon and the amended complaint in this case). ECF No. 512.  The defendants

responded by again filing a publicly accessible document that revealed Fast Food Chain 1's name. ECF No. 514 at 3.  I denied the plaintiffs' motion to strike the defendants' second summary judgment motion, but I granted their motion to seal it, the two exhibits, and the defendants' response brief to the motion to strike. ECF No. 521 at 1.  I ordered the defendants to file publicly accessible redacted versions of those documents. *Id.*  Finally, I ordered "the defendants and their counsel to show cause why they should not be held in civil contempt of court, sanctioned under the court's inherent power, or sanctioned under 28 U.S.C. § 1927, for filing on the public docket documents that are currently the subject of protective and sealing orders in this court and in the Oregon court despite repeated admonitions not to engage in this conduct." *Id.* at 2 (footnote omitted).  I advised the defendants that sanctions "may include significant monetary sanctions against the defendants and their counsel." *Id.*

The defendants responded to my order to show cause by arguing that they did not violate a specific and definite order because my order at ECF No. 467 stated that references to words like Venturi or fluid applications should no longer be sealed. ECF No. 535 at 3.  The defendants argued that they, in good faith, reasonably interpreted my order to allow them to refer to the various words I identified in ECF No. 467 without sealing their filing. *Id.* at 5-6.  The defendants also argued that even if I found their behavior was reckless, sanctions were inappropriate because their filing was not frivolous or intended to harass. *Id.* at 7.  Finally, the defendants asserted that I do not have jurisdiction to sanction them for filing documents in this case that are under seal in the Oregon litigation. *Id.* at 8.

The day after the defendants responded to my order to show cause, I issued an order stating that the defendants' response did "not address the defendants' conduct of (1) filing an unsealed version of the plaintiffs' complaint even though that document has not been unsealed in

its entirety in this case and (2) publicly revealing information about a deal with a fast-food franchise even though that information has not been unsealed in this case." ECF No. 539 at 1.  I "direct[ed] the defendants to supplement their response to the order to show cause to address these issues." *Id.*

The very next day, the defendants filed a publicly accessible proposed joint pretrial order that once again revealed the name of Fast Food Chain 1. ECF No. 540 at 5.  The plaintiffs moved to seal it, and I granted that motion. ECF Nos. 543; 544.  And I again ordered the defendants and their counsel to show cause why they should not be sanctioned for this "latest incident." ECF No. 544.

The defendants responded by admitting they "could and should" have filed the amended complaint under seal or obtained the court's leave before publicly filing it. ECF No. 549 at 2.  But they contend that given the context of the parallel Oregon case, the error was harmless, so no sanction is warranted.  As to the information about Fast Food Chain 1, the defendants argued that because I stated in my order at ECF No. 467 that it was "unclear" if the information about Fast Food Chain 1 should remain sealed under the compelling reasons standard, the defendants did not violate a clear and definite court order.  The defendants also contended that because reference to various fast-food chains was discussed in the Oregon trial, they believed they could also name Fast Food Chain 1 here.  The defendants further argued that they did not act in bad faith and there is no evidence the plaintiffs were harmed.  And they noted that the plaintiffs had previously filed sealed documents from this case in a Wisconsin court and I did not sanction the plaintiffs, so the defendants should also not be sanctioned for filing ECF No. 509-3.

The plaintiffs responded by arguing that given the defendants' repeated attempted to publicize the plaintiffs' trade secret and confidential information, their latest conduct is in bad

faith and not accidental or inadvertent.  They noted that my summary judgment orders recognized the plaintiffs' claim of confidentiality related to Fast Food Chain 1 and provided a means for the parties to discuss the issues without revealing the name of the fast-food chain by calling it Fast Food Chain 1.  Yet, the plaintiffs note, the defendants just weeks later filed their second summary judgment motion and publicly revealed the name of Fast Food Chain 1.  And the plaintiffs note that just one day after I told the defendants to show cause why they should not be sanctioned for revealing the name of Fast Food Chain 1, they did it again.  The plaintiffs assert that my orders did not create any ambiguity because I invited the parties to file a motion to seal and I kept the various documents, including the amended complaint, under seal in the meantime.  And they argue that to the extent fast food franchises were mentioned during the Oregon trial, it was either generically referring to multiple chains, or the lawyers and witnesses were admonished to refer to a company as, for example, company X.

## II.  ANALYSIS

### A.  I do not sanction any of the defendants because I have no evidence that they directed their attorney to file the documents publicly without redactions.

The defendants' second summary judgment motion is signed by attorney Stephen Healy.  ECF No. 509 at 13.  The defendants' proposed pretrial order is also signed by Stephen Healy.  ECF No. 540 at 24.  I have no evidence that any defendant directed Stephen Healy to file these documents without redacting them first.  So I do not sanction any defendant.

### B.  Stephen Healy's conduct is sanctionable under 28 U.S.C. § 1927.

I have discretion to award "the excess costs, expenses, and attorneys' fees reasonably incurred" when an attorney "multiplies the proceedings in any case unreasonably and vexatiously." 28 U.S.C. § 1927.  To be sanctioned under § 1927, the attorney must have acted in

bad faith. *Pac. Harbor Cap., Inc. v. Carnival Air Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000). I "assess an attorney's bad faith under a subjective standard." *Id.*

"[R]ecklessness plus knowledge [is] sufficient to justify the imposition of § 1927 sanctions." *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002), *as amended* (Feb. 20, 2002), *abrogated on other grounds by Fort Bend County, Texas v. Davis*, 587 U.S. 541 (2019). For example, the Ninth Circuit found an attorney's "knowing and intentional violation of [Federal Rule of Evidence] 412" was sanctionable where the attorney introduced testimony in violation of that rule despite two pretrial rulings on the matter, and the attorney made a "highly misleading" statement to the district court just before offering the offending testimony. *Id.* at 1107. The Ninth Circuit found that "the district court's finding of recklessness plus knowledge was sufficient to justify the imposition of § 1927 sanctions." *Id.*

Here, the defendants and counsel have been warned numerous times not to violate the preliminary injunction, protective order, and sealing orders in this case. Thus, like the attorney in *B.K.B.*, Stephen Healy knew he should take care not to file the plaintiffs' trade secret or confidential information on the public docket. Nowhere on this case's docket have I or Magistrate Judge Koppe unsealed or otherwise ruled that the amended complaint and Fast Food Chain 1 could be revealed publicly.[1] Indeed, just a few weeks before the defendants filed their second summary judgment motion, I issued an order where I utilized the pseudonym Fast Food Chain 1 and stated that I did so to avoid having to seal the order. And although I questioned whether that name and related information should remain sealed, I did not unseal it, I gave the

---

[1] There have been numerous sealing orders in this case. As just one example, ECF No. 303 granted the plaintiffs' motion to seal the amended complaint. That order approved the redactions in the amended complaint, which include the references to the plaintiffs' business opportunity related to Fast Food Chain 1.

plaintiffs time to file a motion to seal (which they did), and I ruled that all prior sealed filings (including the amended complaint) would remain sealed pending further court order.[2]

To make matters worse, just one day before the defendants filed their proposed joint pretrial order, which again revealed Fast Food Chain 1's name publicly, I had ordered the defendants to supplement their response to the order to show cause to address their conduct of "publicly revealing information about a deal with a fast-food franchise even though that information has not been unsealed in this case." ECF No. 539 at 1.  My prior orders were not ambiguous, as Stephen Healy asserts, but to the extent in his mind some ambiguity existed, there could be no ambiguity at that point that I did not consider Fast Food Chain 1's name to be unsealed.  Yet he inexplicably filed a proposed joint pretrial order revealing the exact information I had just stated the day before had not been unsealed.  This conduct is, at a minimum, knowledge plus recklessness, which supports a sanction under § 1927.

**B. Stephen Healy's conduct is also sanctionable under my inherent power.**

I have inherent power to sanction "(1) a willful violation of a court order; or (2) bad faith" conduct. *Am. Unites for Kids v. Rousseau*, 985 F.3d 1075, 1090 (9th Cir. 2021); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991) (stating that a court's "inherent power extends to a full range of litigation abuses").  "A determination that a party was willfully disobedient is different from a finding that a party acted in bad faith," and "[e]ither supports the imposition of sanctions." *Evon v. L. Offs. of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012).  A "willful

---

[2] Stephen Healy argues that there was reference to hamburger restaurants in the Oregon trial, so he believed this information was already publicly revealed.  But Judge Simon suggested a naming convention like I did in my order and advised the parties that if they wanted to "talk about a company . . . whose name . . . otherwise still should be considered confidential, refer to it as company x." ECF Nos. 562-1 at 4; 552-1 at 78-79.  Stephen Healy stated in response "Understood, Your Honor." ECF No. 562-1 at 4.  At trial, the plaintiffs objected when testimony named specific restaurant chains. ECF Nos. 552-3 at 37-38; 552-4 at 18-19.

violation of a court order does not require proof of mental intent such as bad faith or an improper motive, but rather, it is enough that a party acted deliberately." *Id.* (quotation omitted).  Even an "inadvertent" violation of a court order may suffice under the right circumstances. *See id.*  For example, in *Evon*, the Ninth Circuit upheld the imposition of sanctions under the court's inherent power where the attorney "knew that the protective order was in place and that filing without redacting the confidential information constituted a violation." *Id.* at 1034-35.

Like the attorney in *Evon*, Stephen Healy knew of the protective and sealing orders in this case, and he knew the defendants were repeatedly warned not to publicly file the plaintiffs' alleged trade secret and confidential information.  Nevertheless, he twice filed documents revealing information that had been under seal without redacting them.  He therefore willfully disobeyed a court order, and sanctions are appropriate.

**C.  I sanction Stephen Healy by ordering him to pay reasonable attorney's fees for the plaintiffs' motions to strike and seal at ECF Nos. 512 and 543.**

When I impose a sanction "pursuant to civil procedures, [it] must be compensatory rather than punitive in nature." *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107-08 (2017). "In other words, the fee award may go no further than to redress the wronged party for losses sustained; it may not impose an additional amount as punishment for the sanctioned party's misbehavior." *Id.* (simplified).  When ordering compensatory monetary relief, I "apply a but-for causation standard, tracing the compensation back to the sanctionable conduct of the party or attorney." *Caputo v. Tungsten Heavy Powder, Inc.*, 96 F.4th 1111, 1148 (9th Cir. 2024) (simplified).  One permissible sanction is to assess attorney's fees to reimburse legal fees incurred by the other side because of the misconduct. *Lu v. United States*, 921 F.3d 850, 859 (9th Cir. 2019).

Here, the plaintiffs would not have had to file the motion to strike or the motion to seal but for Stephen Healy filing the offending documents. I therefore sanction Stephen Healy to pay the amount of reasonable attorney's fees the plaintiffs incurred in filing these two motions, except the plaintiffs may recover only one-third of the fees they incurred preparing the motion to strike at ECF No. 512, as the motion raises other issues that are not strictly tied to whether Healy should have filed the second summary judgment motion under seal. The parties shall confer on a reasonable fee award. If they can agree, then they may stipulate to that amount. If they cannot agree, then the plaintiffs must file a fee motion supporting a reasonable fee amount, which Healy may oppose.

## III. CONCLUSION

I THEREFORE ORDER that attorney Stephen Healy is sanctioned under 28 U.S.C. § 1927 and my inherent power, as set forth in this order.

I FURTHER ORDER that by March 13, 2026, the parties must confer on a reasonable fee award consistent with the parameters of this order. If the parties agree on an amount, they must file a stipulation stating that they have reached an agreement by March 20, 2026. If the parties cannot agree, then the plaintiffs must file a properly supported fee motion by March 20, 2026. Briefing on that motion will proceed in the ordinary course under the Local Rules.

DATED this 17th day of February, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE