**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

|  |  |
|---|---|
| TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company, <br><br> Plaintiffs, <br><br> vs. <br><br> SPHERICAL INDUSTRIES, INC. d/b/a ROGUEFLO, a Nevada Corporation, as successor to SPHERICAL INDUSTRIES, LLC, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, ENTOURAGE INTERNATIONAL, INC. a Nevada corporation, BLOCKXCHANGE, INC., CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY, <br><br> Defendants. | **CASE NO.: 2:23-cv-01007-APG-NJK** <br><br> **ORDER TO SEAL AND REDACT** |

PURSUANT TO STIPULATION OF COUNSEL FOR DEFENDANT WILL STEVEN HARDY AND NOW FORMER COUNSEL FOR CO-DEFENDANTS, STEPHEN HEALY, AND PLAINTIFFS above-named by and through their counsel of record, the Court finds and Orders as follows:

ECF 637, Footnote 6, at page 5, contains the name of a potentially infringing showerhead

-1-
ORDER

contained on the "list of potentially infringing showerheads", which is an alleged trade secret in this matter. See ECF 635, p. 3; *See also Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172 (9th Cir. 2006).

In the interests of compromise and the efficient administration of justice, the Court hereby Orders that the Clerk of the Court seal ECF 637 "POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER" and substitute the publicly filed version with the redacted version of same, annexed as Exhibit "A" to said Stipulation as part of the public record of these proceedings.

**IT IS SO ORDERED.**

Dated: February 26, 2026 _____   _____

Hon. Andrew P. Gordon
United States District Court Judge

# Exhibit A




# Exhibit A

STEPHEN HEALY (NSB #3510)
LAW OFFICE OF STEPHEN HEALY
400 S 4th St Ste 500
Las Vegas, NV 89101
(707) 772-5496
sjh@stephenhealy.com
(Former) Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC. and FORMTEC, LLC, <br><br> Plaintiffs <br><br> v. <br><br> SPHERICAL INDUSTRIES, INC., et al., <br><br> Defendants. | Case No.: 2:23-cv-01007-APG-NJK <br><br> **POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER** |

## I.  BACKGROUND

At the January 22, 2026, hearing in this matter, the Court ordered that the parties provide the Court with a stipulation or *competing orders* as it concerned

Mr. Duggan's thumb drive[1]. The difference between the parties is whether or not this is a matter for Judge Simon in Oregon or Your Honor, here in Nevada. Counsel for plaintiffs advised this Court that Judge Simon has no control over Mr. Duggan in Oregon "since he's not a party" to the Oregon proceedings.

With this brief, the undersigned submits a Request for Judicial Notice that includes (1) the Oregon Docket, and (2) OR ECF 349 showing Mr. Duggan appearing in that action on August 5, 2024. Further it shows *no effort* on behalf of Tomahawk to bring to the attention of Judge Simon any claimed impropriety in the handling of Attorneys' Eyes Only documents. We observe Your Honor quoted Mr. Duggan's filing, where he wrote:

> "Duggan has possessed AEO designated materials in related Federal litigation in the District of Oregon for an extended period and *has fully complied with all protective order obligations in that case without any allegation or finding of misuse*." [1-22-2026 Transcript, at 21:4-22:16]. (Emphasis supplied).

As seen at the January 22, 2026, hearing, the documents on Mr. Duggan's thumb drive relate to an Oregon matter, *Wolff v Tomahawk*, United States District

---

[1] See NV ECF 627 (no document attached), that reads in relevant part: "Regarding 'attorneys' eyes only materials, Court declines in camera review. Mr. Duggan shall preserve the thumb drive referenced in the hearing without alteration or dissemination. Parties shall confer regarding proposed procedure for handling the thumb drive. *Stipulation or competing proposed orders due by February 12, 2026*." (emphasis supplied).

POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER – 2

Court, District of Oregon, Case No. 3:21-cv-00880-SI.  (See, e.g., 1-22-2026 Transcript at 2017-19 "So, Mr. Duggan in his submittal to the Court mentions that he has had access to Attorneys' Eyes Only documents *from the other matter* …"  (Emphasis supplied).

As stated in the January 22, 2026, hearing:

MR. HEALY:  Your Honor, I think to the extent if the plaintiffs want to make hay out of this, it would be in front of Judge Simon.

THE COURT: I agree.  At this stage it sounds like it's an issue for the Oregon litigation not me.  (1-22-2026 Transcript, at 25:8-12).

At the last hearing, Mr. Duggan expanded on what he wrote in his Court filing, NV ECF 625, stating that he was helping the undersigned with trial preparation "in the Oregon case" and given a drive to look in preparation for an in-trial court filing, OR ECF 524, in the Oregon case.

As the material on Mr. Duggan's thumb drive pertains to (a) *attorney-client privileged documents* found in two different attorneys' client files of a non-lawyer who is not a party to this Nevada litigation, *James B. Wolff*, and (b) these documents relate and pertain to June, 2025, trial exhibits used in Oregon federal litigation, i.e., in *Wolff v Tomahawk*, United States District Court, District of Oregon, Case No. 3:21-cv-00880-SI, then the undersigned urges this Court sign the competing [Proposed] Order submitted this date to the effect that

POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER –
3

(c) any further proceedings concerning the Duggan thumb drive should take place before the Hon. Michael I. Simon, United States District Court, District of Oregon, ***in order to protect Mr. Wolff's rights*** and because no part of the Nevada protective order [NV ECF 105] is implicated.

## **NEVADA ECF 105 – THE PROTECTIVE ORDER**

The relevant James Wolff's attorney's documents on Mr. Duggan's thumb drive are (d) not covered by this Nevada Court's Protective Order [NV ECF 105] as the Duggan thumb drive consist of (1) Tomahawk Oregon Trial Exhibits from the June, 2025, Oregon federal jury trial[2] in *Wolff v Tomahawk*, (2) Tomahawk Oregon Trial Exhibits either authored by Chris Duggan or sent to him at or near the time the document was generated; and (3) meat industry machinery and parts sales records came from a Wisconsin arbitration[3] that were not produced in this Nevada action, and became part of an in-trial filing [OR ECF 524[4]] in the June, 2025, Oregon trial of *Wolff v Tomahawk*.

---

[2] The relevant attorney file here is that of Stephen Healy, who was trial counsel for Mr. Wolff.

[3] The relevant attorney file here is that of Michael Morris, who was Wisconsin arbitration counsel for Spherical, IP, LLC, an Oregon Limited Liability company in which Mr. Wolff was a part owner, and is an entity that is not a party in the Nevada litigation.

[4] 06/20/2025 [OR ECF] 524 - Trial Brief Re: Damages, Accounting and Injunctive Relief. Filed by All Plaintiffs. (DOCUMENT SEALED ACCORDING TO [OREGON] PROTECTIVE ORDER) (Attachments: # 1 Attachment Declaration of Stephen Healy, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6, # 8 Exhibit 7, # 9 Exhibit 8, # 10 Exhibit 9, # 11 Exhibit 10, # 12 Exhibit 11, # 13 Exhibit 12, # 14 Exhibit 13)

POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER – 4

I further observe that Tomahawk and Formtec have known of this since ***July of 2025***.

Specifically, Christopher Duggan, when represented by me in this Nevada action, disclosed to Plaintiffs' counsel and this Court on July 31, 2025, in defense filing [NV ECF 551 - Declaration of Duggan], at Pars. 31-38, Pages 10-14, that Mr. Duggan learned in June of 2025, that Tomahawk listed Sixteen (16) trial exhibits in *Wolff v Tomahawk*, United States District Court, District of Oregon, Case No. 3:21-cv-00880-SI[5], that came from discovery conducted in the within Nevada case, and in that declaration specifically identifies these Sixteen (16) documents by Nevada bates stamp number and their corresponding Oregon Trial Exhibit Numbers[6].

---

(Healy, Stephen) (Entered: 06/20/2025).  NOTE: Judge Simon rejected the arguments in OR ECF 524 in Order OR EFC 618, finding that the matters raised in OR ECF 524 were adjudicated in the Wisconsin arbitration to conclusion and could not be raised in the matter before Judge Simon in *Wolff v Tomahawk*.

[5] The case of *Wolff v Tomahawk* was tried to a jury from June 16, 2025, to June 25, 2025.

[6] Specifically: *Wolff v Tomahawk*, United States District Court, District of Oregon, Case No. 3:21-cv-00880-SI, Trial Exhibits 241, 242, 245, 298, 304, 305, 312, 315, 316, 389, 324, 325, 331, 333, 350.  Further, a review of NV ECF 551 at Pars. 31-38, Pages 10-14, shows that these Oregon Trial Exhibits, that originated in Nevada discovery, were outside the reach of NV ECF 105 for an entirely different reason than the fact that they were trial exhibits, i.e., these documents were either authored by Mr. Duggan or sent to Mr. Duggan by others, and thus beyond the reach of NV ECF 105 (See NV ECF 105, at page 4, Par. 7 (a)(v) "Any person who authored or recorded the designated document and any person who has previously seen or was aware of the designated document.")  As but a few examples; Tomahawk Trial Exhibit 245 was marked as "Attorneys Eyes Only" and are in fact meeting minutes of Mr. Duggan's entity, Spherical Industries, dated 7/2/2014.  Tomahawk Trial Exhibit 304 is an email from Elisabeth Wolff to Chris Duggan sending a publicly available internet link to a product called "▇▇▇ ▇▇ ▇▇ Pressurized And Water Saving product, a basin sink nozzle, marked "Attorneys Eyes" only – and

The plain language of NV ECF 103 show all of the above-referenced documents are beyond the reach of the Nevada Protective Order, NV ECF 105.

Specifically, the September 23, 2023, Protective Order, NV ECF 105, provides in relevant part, that it applies to documents "***produced, provided, or disclosed in the course of***" the __Nevada__ litigation and specifically *exempts* trial documents[7] from its reach:

Par. 1 "Scope.  All disclosures, affidavits, and declarations and exhibits thereto, deposition testimony and exhibits, discovery responses, documents, electronically stored information, tangible objects, information, and other things produced, provided, ***or disclosed in the course of __this__ action***, which may be

_____

is actually evidence that this sphere-into-cylinder water Venturi water faucet nozzle product was in the public domain at least as of February 1, 2021, as the defense has been saying all along.  Tomahawk Trial Exhibit 324 was marked "Attorneys Eyes Only" and is a contract between James Wolff and Christopher Duggan's entity Spherical Industries.  Trial Exhibit 335 was signed by Chris Duggan and is marked "Attorneys Eyes Only" all pointing to the bad faith nature of marking these documents as "Attorneys Eyes Only" and should be kept from Mr. Duggan's view.

[7] Judge Simon ruled as much during the examination of Mr. Wolff, i.e., rough Trial Transcript - *Wolff v Tomahawk*, United States District Court, District of Oregon, Case No. 3:21-cv-00880-SI, Page 104:

> THE WITNESS: May I have a moment with my attorney to
> ask him a question.
> THE COURT: No. If you have a question you can ask
> me in front of everybody.
> THE WITNESS: Throughout the proceedings I have been
> told that I have not attorneys eyes documents.
> THE COURT: I authorize you to look at any document
> that either side shows you. You are fully protected with that.
> I have some authority around here.
> THE WITNESS: Thank you.
> THE COURT: You're welcome.

POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER -
6

subject to restrictions on disclosure under this Order, and information derived directly therefrom (hereinafter referred to collectively as "documents"), **shall be subject to this Order** as set forth below. ***As there is a presumption in favor of open and public judicial proceedings in the federal courts, this Order shall be strictly construed in favor of public disclosure and open proceedings wherever possible***."  (Emphasis supplied).

Par. 2 "Form and Timing of Designation. A party may designate documents as confidential and restricted in disclosure **under this Order** by placing or affixing the words 'CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER' (hereinafter referred to as "CONFIDENTIAL"), 'ATTORNEYS EYES ONLY - SUBJECT TO PROTECTIVE ORDER' …" (emphasis supplied).

Par. 7 (a)(v) "a.     Protection of Documents Designated CONFIDENTIAL. Documents designated CONFIDENTIAL under this Order shall not be used for any purpose whatsoever other than the prosecution or defense of ***this action*** and of any appeal thereof. The parties and counsel for the parties shall not disclose or permit the disclosure of any documents designated CONFIDENTIAL to any third person or entity, ***except as set forth*** in subparagraphs (i)-(vii).  …. (v) ***Any*** person who ***authored*** or recorded the

designated document and *any* person *who has previously seen or was aware of the designated document*.")

Par. 14 "Use of Confidential Documents or Information at Trial. Absent order of the Court, all trials are open to the public, and ***there will be no restrictions on the <u>use at trial</u> of any document designated for protection under this Order***."  (Emphasis supplied).

## CONCLUSION

In sum, this is a matter if it is to be brought up at all should be brought before Judge Simon.  Mr. Wolff's attorney-client privileged file materials need to be protected, Tomahawk and Formtec have known of Mr. Duggan's involvement in Oregon trial preparation since July 31, 2025, and have not raised the issue with this Nevada Court until now, and never with Judge Simon, all lending credence to Mr. Duggan's statement quoted by Your Honor at the January 22, 2026, hearing, that Mr. Duggan "has fully complied with all protective order obligations in that case without any allegation or finding of misuse."

Respectfully submitted,

Dated: <u>February 12, 2026</u>                    **Law Office of Stephen Healy**

                                        */s/ Stephen Healy*
                                        _____
                                        Stephen Healy
                                        (Former) Attorney for Defendants

POINTS & AUTHORITIES IN SUPPORT OF COMPETING [PROPOSED] THUMB DRIVE ORDER –
8