**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>    Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>    Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order (1) Denying Request for Judicial Notice and (2) Denying Motion to Strike as Moot**<br><br>[ECF Nos. 674, 677] |

Defendant Christopher Duggan filed a 49-page request for judicial notice.  I deny the motion because it is unclear what purpose the filing serves.  In response to the plaintiffs' motion to strike, Duggan asserts that his filing supports his pending motion to dismiss for lack of subject matter jurisdiction, but there is no such pending motion.

Duggan's request for judicial notice also exceeds the page limit for any type of motion, and Duggan did not request leave to exceed the page limit nor explain why excess pages were necessary. *See* LR 7-3.  Additionally, Duggan requests that I take judicial notice of things that are not proper subjects for judicial notice because they are not "generally known within the trial court's territorial jurisdiction," or cannot "be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201.  For example, Duggan requests that I take judicial notice of what occurred during a phone call between non-parties James Wolff and Philip Weiss, what notices Wolff provided under a certain confidentiality agreement, and what metadata for a computer file would reveal. ECF No. 674 at 14, 27, 29.  Because I deny Duggan's request for judicial notice, I deny as moot the plaintiffs' motion to strike it.

I THEREFORE ORDER that defendant Christopher Duggan's request for judicial notice **(ECF No. 674) is DENIED**.

I FURTHER ORDER that the plaintiffs' motion to strike **(ECF No. 677) is DENIED as moot**.

DATED this 12th day of May, 2026.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE