STEPHEN HEALY, Attorney (NSB #3510)
LAW OFFICE OF STEPHEN HEALY
400 S 4th St Ste 500
Las Vegas, NV 89101
(707) 772-5496 Office
(707) 676-8648 Fax
sjh@stephenhealy.com

Attorneys for Defendant WILL HARDY, only

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al,<br><br>             Plaintiffs,<br><br>vs.<br><br>SPHERICAL INDUSTRIES, INC., et al,<br><br>             Defendants. | Case No.: 2:23-cv-01007-APG-NJK<br><br><br>**MOTION FOR ORDER TO WITHDRAW AS COUNSEL OF RECORD FOR DEFENDANT WILL S. HARDY** |

Pursuant to Local Rule IA 11-6(b) of the United States District Court for the District of Nevada, and Rule 1.16 of the Nevada Rules of Professional Conduct, the undersigned counsel of record, Stephen Healy, respectfully moves this Court for an order permitting him to withdraw as counsel of record for Defendant Will S. Hardy in the above-captioned matter. This Motion is based on the points and authorities set forth below, the concurrently filed Declaration of Stephen Healy, the exhibits attached thereto, and the complete files and records of this case.

MOTION TO WITHDRAW
1

## I.  INTRODUCTION

Counsel moves to withdraw because material changes in circumstance since the parties executed the April 9, 2025, Consent to Continued Representation and Waiver of Conflicts (the "2025 Consent") have rendered that consent insufficient to authorize his continued representation of Mr. Hardy under Nevada Rules of Professional Conduct 1.0(e), 1.7, and 1.9. Counsel has, in good faith, sought renewed informed consent from each affected current and former client. As of the filing of this Motion, only Mr. Hardy has executed the proposed Renewed Consent to Continued Representation and Waiver of Conflicts (the "Renewed Consent"). Without the renewed informed written consent of the remaining former clients, counsel cannot ethically continue his representation of Mr. Hardy in this matter.

This Motion is brought now, several months in advance of the trial currently set in the Fall of 2026, to afford Mr. Hardy a reasonable opportunity to retain substitute counsel and to minimize any prejudice or disruption to the orderly progress of this litigation.

## II.  RELEVANT BACKGROUND

1. **Counsel's Multiple Representations.**  The undersigned has represented Defendant Will S. Hardy and a number of other individuals and entities in multiple federal lawsuits factually related to the allegations in this action, including: *Formtec, LLC v. Spherical IP, LLC*, U.S. District Court for the Eastern District of Wisconsin, Case No. 23-CV-516-WCG; *Formtec, LLC v. Spherical IP, LLC*, United States Court of Appeals for the Seventh Circuit, Case No. 25-3104; *Wolff v. Tomahawk*, U.S. District Court for the District of Oregon, Case No. 3:21-cv-00880-SI; and *Formtec v. Wolff*, U.S. District Court for the District of Oregon,

Case No. 3:25-cv-00704-SI. The factual background of these related representations is set forth more fully in the concurrently filed Declaration of Stephen Healy ("Healy Decl.") at paragraph 5.

2. **The 2025 Consent.** In April 2025, counsel obtained signed conflict waivers from his then-current and former clients to permit his continued multiple representations in matters relating to or pertaining to the allegations in this action. At the time of the 2025 Consent, counsel gave each signatory a verbal advisement to the effect that, in substance, "if any of the signers sue each other, counsel can represent no one" (the "Verbal Advisement"). Healy Decl. ¶¶ 3, 6 & Exs. 1–4.

3. **Triggering Event – PTAB Proceeding Between Former Co-Clients.** The condition of the Verbal Advisement has been triggered. Former clients Christopher Duggan and James B. Wolff are now directly adverse to each other in a proceeding before the United States Patent Trial and Appeal Board. Healy Decl. ¶ 3 & Ex. 6 § 2.1.

4. **Additional Material Changes in Circumstance.** In addition to the PTAB matter, three further material developments have occurred since the 2025 Consent: (a) counsel is personally named as a co-party with one or more former clients in *Formtec, LLC v. Spherical IP, LLC*, Seventh Circuit Case No. 25-3104, in which Formtec, LLC – an adverse party in this action – is also adverse to counsel personally; (b) former client James B. Wolff has filed an active disciplinary complaint against counsel with the Oregon State Bar; and (c) related proceedings in the District of Oregon involve overlapping parties, facts, and subject matter. See Ex. 5 (May 19, 2026 Email); Ex. 6 §§ 2.2–2.4.

5. **Termination of Representation of Other Defendants.**  In the Fall of 2025, all defendants other than Mr. Hardy publicly terminated counsel's representation in this action.  Counsel previously moved to withdraw as to the other defendants, and that motion was granted in early 2026.  Counsel has continued to represent Mr. Hardy alone in this action since that time.  Healy Decl. ¶ 5(c).

6. **Counsel's Good-Faith Effort to Obtain Renewed Informed Consent.**  On May 19, 2026, counsel transmitted to each affected current and former client (i) a detailed plain-English letter (Ex. 5) and (ii) a proposed Renewed Consent to Continued Representation and Waiver of Conflicts (Ex. 6).  These documents set forth the material changes in circumstance, the specific risks to each signatory, the alternatives reasonably available, the right to consult independent counsel, and the consequence of declining to sign – namely, that counsel would move to withdraw from representing Mr. Hardy.  Counsel established a response deadline of close of business on May 27, 2026, and offered to consider any reasonable request for an extension.  Healy Decl. ¶¶ 6–7 & Exs. 5–6.

7. **Only Mr. Hardy Has Signed the Renewed Consent.**  As of the date of this filing, only Mr. Hardy has executed the Renewed Consent.  Healy Decl. ¶ 7.  The former clients whose informed written consent is required under Nevada Rule of Professional Conduct 1.9(a) – specifically, Christopher Duggan, James B. Wolff, Elisabeth Wolff, Spherical Industries, Inc., Spherical Holdings LLC, and Spherical IP LLC – have neither signed nor declined in writing.

///

### III.  LEGAL STANDARD

Local Rule IA 11-6(b) provides that "[i]f an attorney seeks to withdraw after appearing in a case, the attorney must file a motion or stipulation and serve it on the affected client and opposing counsel."  The decision to grant or deny a motion to withdraw is committed to the sound discretion of the Court.  See *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998).

Substantively, Nevada Rule of Professional Conduct 1.16(a)(1) provides that, except as otherwise stated in subsection (c), "a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if … [t]he representation will result in violation of the Rules of Professional Conduct or other law."  Continued representation of a current client in a matter substantially related to the matter in which counsel previously represented adverse former clients, without those former clients' informed written consent, would violate Nevada Rule of Professional Conduct 1.9(a).  Continued representation in the face of personal-interest conflicts of the lawyer himself, without the current client's informed consent confirmed in writing and – where required – the affected former clients' consent, would violate Nevada Rule of Professional Conduct 1.7(a)(2) and (b).

Where, as here, mandatory withdrawal is required by the Rules of Professional Conduct, withdrawal should be permitted.  See, e.g., *Robson v. Eighth Judicial Dist. Court*, 132 Nev. 939 (2016) (unpublished disposition) (recognizing that mandatory withdrawal under RPC 1.16(a) is required when continued representation would violate the Rules).

///

## IV.  ARGUMENT

**A.  Continued Representation of Mr. Hardy Would Violate Rule 1.9(a) Absent the Renewed Informed Written Consent of the Former Clients.**

Nevada Rule of Professional Conduct 1.9(a) prohibits a lawyer who has formerly represented a client in a matter from thereafter representing another person "in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing."  This action is the same matter, or is substantially related to the matter, in which counsel formerly represented Christopher Duggan, Spherical Industries, Inc., Spherical Holdings LLC, Spherical IP LLC, James B. Wolff, and Elisabeth Wolff.  Mr. Hardy's interests in this litigation are or may be materially adverse to those former clients' interests, particularly given that Mr. Duggan and the Spherical entities remain co-defendants and that the related Oregon and Seventh Circuit proceedings involve overlapping facts and parties.  Healy Decl. ¶ 5 & Ex. 6 §§ 1.1–1.2, 4.2.

Counsel sought, in good faith and on detailed disclosures, the informed written consent of each former client.  See Exs. 5–6.  None has provided it.  Without that consent, counsel's continued representation of Mr. Hardy in this matter is prohibited by Rule 1.9(a).

**B.  Counsel's Personal-Interest Conflicts Independently Require Withdrawal Under Rule 1.7(a)(2).**

Nevada Rule of Professional Conduct 1.7(a)(2) provides that a concurrent conflict of interest exists if "there is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer."  Counsel's status as a named co-party in the Seventh

Circuit Appeal in which Formtec, LLC – a Plaintiff in this action – is the adverse party, and counsel's active interest in defending against the Oregon Bar Complaint filed by former client James B. Wolff, each constitute a personal interest creating a significant risk of material limitation on the representation of Mr. Hardy.  Ex. 6 §§ 2.2–2.3, 3.1–3.2.

Although Mr. Hardy has executed the Renewed Consent as to the Rule 1.7 issues, Rule 1.7(b) permits representation notwithstanding a concurrent conflict only if, among other things, "each affected client gives informed consent, confirmed in writing."  The conflicts created by the prior joint representations are not severable from the personal-interest conflicts; the former clients' separate consents under Rule 1.9(a) remain necessary, and they have not been given.

**C.  The Verbal Advisement of April 9, 2025 Has Been Triggered by the PTAB Proceeding.**

Independent of the Rules, counsel's own express undertaking to his then-clients in April 2025 – that if any of the signers of the 2025 Consent sued each other, counsel could represent no one – has been satisfied by its own terms.  Two of the signers, Mr. Duggan and Mr. Wolff, are now directly adverse to each other in the PTAB Proceeding.  Healy Decl. ¶ 3; Ex. 6 § 2.1.  Absent the former clients' renewed informed written consent modifying the Verbal Advisement as to themselves, the Verbal Advisement, on its own terms, precludes counsel's continued representation of Mr. Hardy.

**D.  Withdrawal at This Stage Will Not Prejudice Mr. Hardy or the Orderly Progress of This Litigation.**

Trial in this action is set for the Fall of 2026.  By moving to withdraw now, counsel affords Mr. Hardy a reasonable opportunity to retain substitute counsel well in advance of trial and minimizes the risk of disruption to the Court's and the parties' schedules.  Pursuant to Nevada

Rule of Professional Conduct 1.16(d), counsel will take, and will continue to take, all reasonable steps to protect Mr. Hardy's interests, including providing reasonable notice, allowing time to obtain replacement counsel, surrendering papers and property, and refunding any unearned fees.

Mr. Hardy has been notified of, and has consented in writing to, this Motion through his execution of the Renewed Consent, in which he acknowledges and accepts the consequence that, if other signatories do not consent, counsel will move to withdraw. Ex. 6 § 11; Healy Decl. ¶ 7.

## V. CONCLUSION

For the foregoing reasons, counsel respectfully requests that the Court enter an order: (1) permitting Stephen Healy to withdraw as counsel of record for Defendant Will S. Hardy in this action; (2) directing the Clerk to remove Stephen Healy from the docket as counsel of record for Defendant Hardy and from any electronic-notification lists associated with this case; and (3) granting such further relief as the Court deems just and proper. Counsel further requests that any deadlines applicable to Defendant Hardy be stayed or extended for a reasonable period to permit Mr. Hardy to retain substitute counsel.

Dated: May 28, 2026

Respectfully submitted,

/s/ Stephen Healy
**Stephen Healy**
Attorney and Counselor at Law
sjh@stephenhealy.com
www.stephenhealy.com

Attorney for Defendant
WILL S. HARDY

MOTION TO WITHDRAW
8