**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., et al.,

Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Granting Motion to Withdraw**

[ECF No. 703]

Attorney Stephen Healy moves to withdraw as counsel for defendant Will Hardy, arguing that under Nevada Rules of Professional Conduct 1.0(e), 1.7, and 1.9, he can no longer represent Hardy because of concurrent conflicts of interest with other former clients who did not waive the conflict. ECF No. 703. The plaintiffs filed a non-opposition. ECF No. 706. Hardy, however, opposes allowing Healy to withdraw. ECF No. 707. Hardy notes that Healy has represented him for years in this complex litigation, reaffirms his consent to Healy's representation despite any conflicts, and states that hiring new counsel will be difficult given his recent bankruptcy. Alternatively, Hardy requests a 60-day extension of all case-related deadlines to allow him time to find new counsel if I grant Healy's motion.

Under Nevada Rule of Professional Conduct 1.7(a)(2), "a lawyer shall not represent a client if the representation involves a concurrent conflict of interest. A concurrent conflict of interest exists if . . . [t]here is a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client, a former client or a third person or by a personal interest of the lawyer." Under Rule 1.7(b)(4), the lawyer can

nevertheless represent the client if, among other things, "[e]ach affected client gives informed consent."

Healy previously represented multiple clients in various cases, including Hardy, Duggan, and their entities in this case, as well as James Wolff in the related Oregon case. Those parties waived the potential conflicts when they were jointly represented. *See* ECF Nos. 703-1 through 703-5. Within the past year, Healy no longer represented Wolff in Oregon, and he no longer represents Duggan and the entity defendants in this case. In May 2026, Healy requested all former jointly represented clients to sign a renewed waiver of conflicts, but only Hardy signed the waiver. ECF Nos. 703-1 at 4; 703-6.

Although Duggan and Hardy are not directly adverse in this case as co-defendants, there is a significant risk that Healy's representation of Hardy will be materially limited by Healy's responsibilities to another client, such as Duggan. As just one example, Healy may know something Duggan told him in confidence when Healy represented Duggan that Healy could not examine Duggan about at trial due to his duty to Duggan to maintain attorney-client privilege. Duggan has not waived the conflict, so the exception in Rule 1.7(b)(4) does not apply because each affected client must consent.

Similarly, Nevada Rule of Professional Conduct 1.9(a) states that a "lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client gives informed consent, confirmed in writing." This case is the same matter in which Healy represented Duggan and the defendant entities, and Healy's representation of Hardy could be materially adverse to Duggan if, for example, Hardy's trial strategy would be to blame Duggan for conduct that gives rise to the

plaintiffs' claims. Duggan is Healy's former client in this case, and he has not consented to Healy continuing the representation.

Because Healy cannot ethically represent Hardy without his former clients' informed written consent, I grant his motion to withdraw. I am sympathetic to the hardship this may cause Hardy, but Hardy agreed to the joint representation and thus he was aware that at some point, that could create a situation where Healy could no longer represent him. To ameliorate the prejudice to Hardy, I grant Hardy's request to extend all case-related deadlines 60 days to give him an opportunity to hire new counsel. That requires me to vacate the September 28, 2026 trial date, as no lawyer could be hired and get up to speed in time to conduct a trial within two months in this complex case that has been heavily litigated for years.

I THEREFORE ORDER that attorney Stephen Healy's motion to withdraw as attorney **(ECF No. 703) is GRANTED**. Stephen Healy is withdrawn as counsel for defendant Will Hardy.

I FURTHER ORDER that defendant Will Hardy has until Friday, October 2, 2026 to file a notice that he has retained replacement counsel or will represent himself.

I FURTHER ORDER that the September 28, 2026 trial date is vacated. A new trial date will be set after Hardy's October 2 notice is filed.

DATED this 31st day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE