**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., et al.,

Plaintiffs

v.

SPHERICAL INDUSTRIES, INC., et al.,

Defendants

Case No.: 2:23-cv-01007-APG-NJK

**Order Denying Motion to Stay and Granting in Part Motion to Extend Deadline to Obtain Counsel**

[ECF Nos. 723, 724]

Defendant Christopher Duggan moves to stay this case pending the Seventh Circuit's resolution of an appeal in *Formtec, LLC v Spherical IP LLC*, No. 25-3104. I have the inherent power to stay cases to control my docket and promote the efficient use of judicial resources. *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936); *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). When determining whether to stay a case pending the resolution of another case, I must consider (1) the possible damage that may result from a stay, (2) any "hardship or inequity" that a party may suffer if required to go forward, and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law" that a stay will engender. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quotation omitted).

This is an old case that has been pending for many years. Extending the case further until some unknown time when the Seventh Circuit issues its decision does not weigh in favor of staying the case. Duggan has not identified any hardship or inequity he may suffer other than having to comply with my deadline to obtain counsel. But the sooner Duggan obtains counsel for himself and the entity defendants, the better. Staying this case until the Seventh Circuit rules

and only then requiring the entity defendants to obtain counsel, who would then need additional time to get up to speed on the case, invites only unjustifiable delay.

Duggan claims the Seventh Circuit appeal may result in inconsistent judgments with this court, but I disagree. The issues before the Seventh Circuit relate to whether the Eastern District of Wisconsin erred by declining to enforce as an injunction part of a judgment confirming an arbitration award and abused its discretion in finding that certain parties, including some of the defendants and their former counsel in this case, should not be held in contempt under that provision. Brief of Appellant at 2-3, *Formtec, LLC v Spherical IP LLC*, No. 25-3104, (7th Cir. Mar. 16, 2026). Whether any of the defendants violated the asserted injunction as alleged in the Wisconsin proceeding has no bearing on the claims in this case. To the extent some issue is fully and fairly decided between the parties through the Seventh Circuit appeal, then there may be preclusion issues to address. But there is no reason to further delay this case while that appeal is pending. Additionally, Duggan has known about the appeal and the need for him to obtain counsel for months but has only recently filed the motion to stay. His delay in seeking relief weighs against granting a stay. I therefore deny his motion to stay.

Duggan requests in the alternative that I "stay the operation and enforcement as to Duggan of the injunctive provisions of the confirmed and domesticated Judgment" until the Seventh Circuit rules. ECF No. 723 at 9. That judgment was issued by another court. I decline to stay another court's judgment, nor do I see a need to do so at this time.

Duggan also requests that if I deny the stay, then I should certify my order for interlocutory appeal under 28 U.S.C. § 1292(b). Under § 1292(b), a district court may certify a nonfinal order for interlocutory appeal when the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from

the order may materially advance the ultimate termination of the litigation." The party seeking the interlocutory appeal bears the burden of demonstrating that (1) there is "a controlling question of law," (2) there is "substantial grounds for difference of opinion," and (3) "an immediate appeal may materially advance the ultimate termination of the litigation." *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981); *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). Certification is limited to "extraordinary cases where decision of an interlocutory appeal might avoid protracted and expensive litigation." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966); *see also United States v. Woodbury*, 263 F.2d 784, 788 n.11 (9th Cir. 1959) (stating that § 1292(b) is "to be applied sparingly and only in exceptional cases"). I deny Duggan's request because this is not an exceptional case warranting a departure from the normal rule that appeals are taken only from a final order. An immediate appeal of this order denying a stay will not materially advance the case's ultimate termination.

Relatedly, Duggan moves for me to extend the July 17, 2026 deadline for the entity defendants to obtain counsel. His only basis for extending this deadline is because he has moved to stay the case. But I am denying the motion for stay and, as I already stated, the sooner counsel gets on board in this case, the better for the efficient resolution of the case going forward regardless of what happens in the Seventh Circuit. Nevertheless, because I am giving defendant Hardy time to find new counsel, I will extend the deadline for the entity defendants to retain counsel until October 2, 2026. I thus deny without prejudice the pending motion for entry of default judgment against those entities. ECF No. 729.

I THEREFORE ORDER that defendant Christopher Duggan's motions to stay **(ECF Nos. 723) is denied.**

I FURTHER ORDER that Duggan's motion to hold the deadline to obtain counsel in abeyance **(ECF No. 724) is granted in part**. The entity defendants have until Friday, October 2, 2026 to file a notice whether they have retained replacement counsel.

I FURTHER ORDER that the motion for entry of default judgment against the entity defendants **(ECF No. 729) is denied without prejudice.**

DATED this 31st day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE