**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TOMAHAWK MANUFACTURING, INC., et al.,<br><br>Plaintiffs<br><br>v.<br><br>SPHERICAL INDUSTRIES, INC., et al.,<br><br>Defendants | Case No.: 2:23-cv-01007-APG-NJK<br><br>**Order Granting (1) Motion to Reconsider and (2) Motion to Extend Time**<br><br>[ECF Nos. 709, 710, 713] |

Attorney Stephen Healy moves for reconsideration of my prior order directing him to prepare and turn over to the plaintiffs a privilege log of the contents of a certain thumb drive. ECF Nos. 692; 709; 710. The parties are familiar with the disputes over this thumb drive, its supposed contents, who should have access to it, and which court should decide these questions. I initially ruled that this was a matter for the Oregon court based on the representations about what was on the thumb drive. I subsequently changed my mind and ruled that I would address it because the issues surrounding the thumb drive were languishing, as it was unclear whether it contained documents from this Nevada litigation, the Oregon litigation, or both. I thus ordered defendant Christopher Duggan to give the drive back to Healy, who would review it and produce a privilege log. ECF No. 692.

Healy now represents that, having obtained and reviewed the drive, all of the documents on the thumb drive "originated in the Oregon Action," were produced by non-party James Wolff's original counsel of record in Oregon, and were transferred to Healy as Wolff's successor counsel in Oregon. *See* ECF No. 709-1 at 3. Healy thus argues that the proper forum to conduct the inquiry into the thumb drive is the Oregon court, where Wolff is a party and can assert any

privileges he may have. Alternatively, Healy requests leave to file the privilege log *in camera* with the court rather than turning it over to the plaintiffs, who are Wolff's litigation adversaries in Oregon and other forums.

The plaintiffs oppose, arguing that Healy has taken conflicting positions on what is on the drive and whether its contents are privileged. The plaintiffs also contend that Healy previously agreed to provide a privilege log to the plaintiffs. Finally, they assert there is no basis to withhold the privilege log because the very purpose of a privilege log is to enable the opposing party to contest privilege claims while protecting the privileged material in the meantime.

Now that Healy has reviewed the drive's contents, he represents that all documents were produced in relation to the Oregon case as the litigation file of Wolff's former counsel. I thus grant reconsideration and return to my original position that what should happen with this drive is a matter for the Oregon court to resolve. The documents were produced in relation to that litigation, are part of Wolff's file in the Oregon litigation, and privilege issues that Wolff may raise are best litigated in Oregon where Wolff is a party. Healy has recently filed a motion in Oregon for clarification of the protective orders in that case and for instructions regarding what he should do in relation to the thumb drive, so the issues are now before the Oregon court. *Wolff v. Tomahawk Mfg.*, 3:21-cv-00880-SI, ECF No. 646 (D. Or. July 22, 2026). I defer to that court on how to resolve the remaining issues surrounding the drive. Stephen Healy need not turn over the privilege log unless ordered to do so by the District of Oregon.

I THEREFORE ORDER that attorney Stephen Healy's motion for reconsideration **(ECF Nos. 709, 710) is GRANTED** as set forth above.

/ / / /

/ / / /

I FURTHER ORDER the motion to extend time **(ECF No. 713) is GRANTED**.

DATED this 31st day of July, 2026.

ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE