**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

Tomahawk Manufacturing, Inc., et al.,

Plaintiff(s),

v.

Spherical Industries, Inc., et al.,

Defendant(s).

Case No. 2:23-cv-01007-APG-NJK

**Order**

[Docket Nos. 722, 756]

Pending before the Court is Defendant Christopher Duggan's motion to reconsider the prior order and affirmance regarding deemed admissions. Docket No. 722.[1] Plaintiffs filed a response in opposition. Docket No. 731. Duggan filed a request for a late reply, which has also been fully briefed. Docket Nos. 756, 757, 762.[2]

Filing a motion for reconsideration runs counter to the important interests of finality and conservation of judicial resources. *See Berman v. Freedom Fin'l Network, LLC*, 30 F.4th 849, 858-59 (9th Cir. 2022). "Motions for reconsideration are disfavored." Local Rule 59-1(b). "Reconsideration is an extraordinary remedy, to be used sparingly." *Koninklijke Philips Elecs. N.V. v. KXD Tech., Inc.*, 245 F.R.D. 470, 472 (D. Nev. 2007) (citation and internal quotations omitted). The local rules establish the applicable standards in addressing whether the Court should reconsider an interlocutory order, indicating that reconsideration may be appropriate if (1) there is newly discovered evidence that was not available when the original motion or response was filed, (2) the Court committed clear error or the initial decision was manifestly unjust, or (3) there is an intervening change in controlling law. Local Rule 59-1(a). "Whether or not to grant

[1] The Court liberally construes the filings of *pro se* litigants. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[2] The Court has considered the arguments presented in the reply brief, but they do not change the outcome here. As such, the Court will grant the request for the late reply brief. **Duggan is cautioned that he must comply with all deadlines moving forward.**

reconsideration is committed to the sound discretion of the court." *Navajo Nation v. Confederated Tribes & Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

The gist of Duggan's motion is that the admissions were admitted due to his prior counsel's fault, rather than Duggan's own fault. *See* Docket No. 722 at 2.[3] The predicate of this argument is faulty because established law provides that courts properly hold clients accountable for the acts and omissions of their attorneys, even in the context of severe repercussions:

> There is certainly no merit to the contention that dismissal of petitioner's claim because of his counsel's unexcused conduct imposes an unjust penalty on the client. Petitioner voluntarily chose this attorney as his representative in the action, and he cannot now avoid the consequence of the acts or omissions of this freely selected agent.

*Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1387 (9th Cir. 1988) (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 633-34 (1962)); *see also, e.g.*, *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 396-96 (1993) ("clients must be held accountable for the acts and omissions of their attorneys"). Hence, even were the basis of Duggan's motion accurate as a factual matter, it fails as a matter of law and does not provide grounds for reconsideration.

Accordingly, the Court **DENIES** Duggan's motion for reconsideration. Docket No. 722. The Court **GRANTS** the request to file a late reply. Docket No. 756.

IT IS SO ORDERED.

Dated: September 15, 2026

Nancy J. Koppe
United States Magistrate Judge

[3] Duggan proffers that he had provided his prior counsel information to timely deny the requests for admission. *See, e.g.*, *id.* Plaintiffs dispute the factual predicate of this argument. Docket No. 731 at 5-6. Because Duggan's reasoning fails as a matter of law, however, the Court need not resolve this factual dispute.