**FENNEMORE CRAIG, P.C.**
Christopher H. Byrd, Esq., NV Bar No. 1633
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: cbyrd@fennemorelaw.com
*Attorney for Plaintiffs*
*Tomahawk Manufacturing, Inc. and Formtec, LLC*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

TOMAHAWK MANUFACTURING, INC., a Wisconsin corporation, and FORMTEC, LLC, a Wisconsin limited liability company,

Plaintiffs,

vs.

SPHERICAL INDUSTRIES, INC. d/b/a ROGUEFLO, a Nevada Corporation, as successor to SPHERICAL INDUSTRIES, LLC, SPHERICAL INDUSTRIES HOLDINGS LLC, a Nevada Limited Liability Company, ENTOURAGE INTERNATIONAL, INC. a Nevada corporation, BLOCKXCHANGE, INC., CHRISTOPHER MICHAEL DUGGAN, and WILL STEVEN HARDY,

Defendants.

**CASE NO.: 2:23-cv-01007-APG-NJK**

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO "DEFENDANT CHRISTOPHER M. DUGGAN'S MOTION UNDER LR IA 10-5 FOR LEAVE TO FILE UNDER SEAL EXHIBIT 26 PAGES 2-9, EXHIBIT 25 PAGE 27 AND EXHIBIT A PAGE 108 (SEALED SUPPLEMENT S-19 THROUGH S-21) (LR IA 10-5; LR IC 2-2(b))" (ECF NOS. 828)**

Plaintiffs Tomahawk Manufacturing, Inc. ("Tomahawk") and Formtec, LLC ("Formtec") (collectively, "Plaintiffs"), by and through their undersigned counsel, respond to Defendant Christopher Duggan's motion to file certain documents under seal (ECF No. 828) (the "Motion").

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiffs join in the sealing request. However, Plaintiffs are compelled to oppose Duggan's demand that this Court issue an Order directing *Plaintiffs* to justify that sealing, failing which, the material will be unsealed. This relief is not well taken, because there is no basis in this Court's Orders for it. It should be denied.

## I. There is no basis for Plaintiffs to have to justify sealing this material

Duggan asks the Court to "an order requiring any party who contends that S-19 through S-21 should remain sealed to file, within seven days, a motion that identifies the portions at issue and explains why they should be sealed, including whether that information has been made public elsewhere, ECF No. 635 at 1:12.15, and providing that if no such motion is filed the Court will unseal S-19 through S-21."

This Court has issued an Order (ECF No. 428) conditionally granting motions to seal, providing in part that the parties "need not file motions to seal in relation to filings in this case in the future if the basis for the motion to seal would be the same as has already been granted in this case." But even assuming Plaintiffs were required to justify sealing, it would easily satisfy the Ninth Circuit's *Kamakana* standard.[1]

The Court will also recall that Duggan recently moved to dissolve the Protective Order in

---

[1] Plaintiffs note that the record already establishes why the ExBuild email is protectible. The nozzle drawings were transmitted to EXBuild under a signed NDA – executed on March 8, 2021, *four days before* the March 12, 2021 transmittal (ECF No. 769-2). As mentioned above, this Court has held that the jury could find that Plaintiffs hold protectible trade secrets, including in their drawings (ECF Nos. 467, 500), and has further held that none of the markings on these very materials – neither the "patent pending" label nor the proprietary legend – precludes trade secret status (ECF No. 497 at 2). Duggan has heard all of this before: Plaintiffs brought the Formtec NDA with ExBuild to Duggan's attention in opposing his motion to dissolve the Protective Order when he last tried to introduce the March 12, 2021 email and drawings. Plaintiffs, in any event, satisfy the Ninth Circuit's "compelling reasons" standard for sealing. *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006) (material qualifies for sealing under *Kamakana* precisely where, as here, it would "release . . . trade secrets" and other confidential information that are the subject of multiple sealing orders of this Court).



FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

its entirety (ECF No. 759, *opposed at* ECF No. 768), and, now, even more brazenly, seeks to exercise self-help and rewrite this Court's Orders to shift the burden to Plaintiffs to justify the sealing of their protectible trade secrets every time Duggan decides to publish them on the CM/ECF docket. This latest tack by Duggan to try to extricate himself from trade secret misappropriation claims by attempting to destroy the trade secrets should be stopped in its tracks.

## II. In an abundance of caution, sealing should be granted

Exhibit S-19 is an eight-page email chain culminating in a March 12, 2021 transmittal of nozzle drawings with dimensions, and page 21 of Duggan's opposition recites three of those dimension values (ECF No. 808, at 21, *redacted version at* ECF No. 809). ECF No. 810, Paras. 1-2. Those drawings are precisely the kind of "specific research, designs, specifications, measurements, testing methods and results, models, [and] prototypes" that this Court has repeatedly recognized may constitute Plaintiffs' trade secrets. ECF No. 467, at 4-5; *see also* ECF No. 500, at 16-17. The drawings are marked Formtec's proprietary information and "not to be used by anyone without [Formtec's] written permission". As this Court has already held, neither that restrictive legend nor a "patent pending" label strips the material of trade secret protection. ECF No. 497 at 2. See also ECF No. 635 granting motion to seal trade secrets.

Exhibit S-20 contains references to certain fast-food chains which the court has previously permitted to be sealed, and which is further supported by the Declaration of Robert Tournour at ECF No. 657. ECF No. 635.

Exhibit S-21 contains portions of provisional patents which this Court has also already permitted to be sealed. ECF No. 635 ("I grant the motion [to seal] as to the provisional patent applications' substance").

## Conclusion

For the foregoing reasons, the Court should respectfully (1) grant the sealing relief, and (2) deny Duggan's request for an order requiring Plaintiffs to state the basis for that sealing to

FENNEMORE CRAIG
ATTORNEYS
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
702.692.8000

deter Duggan from making future such requests, together with such other and further relief as this Court deems just and proper.

Dated: November 25, 2026

Respectfully submitted,

TOMAHAWK MANUFACTURING, INC. and FORMTEC, LLC

*By their Co-Counsel:*

*/s/Trevor M. Gomberg*

Christopher H. Byrd, Esq. (#1633)
9275 W. Russell Road, Suite 240
Las Vegas, NV 89148
Telephone: (702) 692-8000
Facsimile: (702) 692-8099
E-mail: cbyrd@fennemorelaw.com

Aaron T. Olejniczak (*admitted, pro hac vice*)
Andrus Intellectual Property Law, LLP
790 North Water Street, Suite 2200
Milwaukee, Wisconsin 53202
Telephone: (414) 271-7590
Facsimile: (414) 271-5770
E-mail:

Steven L. Levitt (*admitted, pro hac vice*)
Trevor M. Gomberg (*admitted, pro hac vice*)
Levitt LLP
129 Front Street
Mineola, New York 11501
Telephone: (516) 248-9700
Facsimile: (516) 741-9224
E-mail: slevitt@levittlawllp.com
tgomberg@levittlawllp.com

*Co-Counsel for Plaintiffs*
*Tomahawk Manufacturing, Inc. and*
*Formtec, LLC*

**CERTIFICATE OF SERVICE**

1. On November 25, 2026, I served the following document(s):

**PLAINTIFFS' RESPONSE IN PARTIAL OPPOSITION TO "DEFENDANT CHRISTOPHER M. DUGGAN'S MOTION UNDER LR IA 10-5 FOR LEAVE TO FILE UNDER SEAL EXHIBIT 26 PAGES 2-9, EXHIBIT 25 PAGE 27 AND EXHIBIT A PAGE 108 (SEALED SUPPLEMENT S-19 THROUGH S-21) (LR IA 10-5; LR IC 2-2(b))" (ECF NOS. 828)**

2. I served the above-named document(s) by the following means to the persons as listed below:

[**X**] a. **ECF System** (*attach the "Notice of Electronic Filing" or list all persons and addresses*):

Christopher H. Byrd cbyrd@fennemorelaw.com
Aaron T. Olejniczak aarono@andruslaw.com, litigation@andruslaw.com
Steven L. Levitt slevitt@levittlawllp.com
Trevor M. Gomberg tgomberg@levittlawllp.com
Christopher Duggan chris@sphericalindustries.com
Dan M. Winder and Arnold Weinstock winderdandocket@aol.com; casemanager@attorneydanwinder.com

[ ] b. **United States mail, postage fully prepaid** (*list persons and addresses*):

[ ] c. **Personal Service** (*List persons and addresses*):
[ ] For a party represented by an attorney, delivery was made by handing the document(s) to the attorney or by leaving the document(s) at the attorney's office with a clerk or other person in charge, or if no one is in charge by leaving the document(s) in a conspicuous place in the office.
[ ] For a party, delivery was made by handing the document(s) to the party or by leaving the document(s) at the person's dwelling house or usual place of abode with someone of suitable age and discretion residing there.

[ ] d. **By direct email (as opposed to through the ECF system)** (*list persons and email addresses*):
Based upon the written agreement of the parties to accept service by email or a court order, I caused the document(s) to be sent to the persons at the email addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful. **A copy of which is attached hereto.**

[ ] e. **By fax transmission** (*list persons and fax numbers*):
Based upon the written agreement of the parties to accept service by fax transmission or a court order, I faxed the document(s) to the persons at the fax numbers listed below. No error was reported by the fax machine that I used. A copy of the record of the fax transmission is attached.

[ ] f. **By messenger:**

I served the document(s) by placing them in an envelope or package addressed to the persons at the addresses listed below and providing them to a messenger for service. (A declaration by the messenger must be attached to this Certificate of Service).

I declare under penalty of perjury that the foregoing is true and correct.

DATED: November 25, 2026

*/s/ Trevor M. Gomberg*____________________
By: Trevor M. Gomberg
Co-Counsel for Plaintiffs